FILED
2017 Nov-03  PM 03:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

7:17-cv-01857-LSC

# United States District Court
## for the
## Northern District of Alabama
Western Division

FILED

2017 NOV -3  P 1: 28

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| Reshawn Armstrong, *Plaintiff* (Pro Se)<br><br>v.<br><br>Jeff Sessions, Attorney General Department of Justice, Federal Bureau of Prisons, *Defendant* | Case No. _____<br><br>Jury Trial ____ Yes  ✗ No |

## COMPLIANT FOR EMPLOYMENT DISCRIMNATION

## I.  The Parties to This Compliant

**A.   The Plaintiff**

| | |
|---|---|
| Name | Reshawn Armstrong |
| Street Address | 1130 University Blvd, B9-620 |
| City and County | Tuscaloosa, Tuscaloosa County |
| State and Zip Code | Alabama, 35401 |
| Telephone Number | (205) 861-5979 |
| E-Mail Address | ra1111@ymail.com |

**Check here to receive electronic notice through the e-mail listed above. By checking this box, the undersigned consents to electronic service and waives the right to personal service by first class mail pursuant to Federal Rule of Civil Procedure 5(b)(2), except with regard to service of a summons and complaint. The Notice of Electronic Filing will allow one free look at the document, and any attached PDF may be printed and saved.**

Date:  November 03, 2017     Participant Signature:

1

**B.  The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

Name:                     Jeff Sessions, U.S. Attorney General
Street Address          950 Pennsylvania Avenue, NW
                        Washington, D.C. 20530-0001
Telephone Number (202) 514-2000


Defendant No. 2

Name:                    Department of Justice
Street Address          950 Pennsylvania Avenue, NW
                        Washington, D.C. 20530-0001
Telephone Number (202) 514-2000


Defendant No. 3

Name:                    Federal Bureau of Prisons
Street Address           320 First Street, NW
                        Washington, D.C. 20534
Telephone Number (202) 307-3198


**C.  Place of Employment**

The address at which I sought employment or was employed by the defendant is:

Name              FCI Aliceville, Alabama, Federal Bureau of Prisons
Street Address    11070 Highway 14
City and County   Aliceville and Pickens County
State and Zip Code Alabama and 35442
Telephone Number (205) 373-5000

## II.     Basis for Discrimination

This action is brought for discrimination in employment pursuant to:

☒   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin)

☒   Other federal law (specify the federal law):  42 U.S.C.  1981(a)
                                             The Civil Reform Act 1991

## III.    Statement of Claim

Write a short and plain statement of claim. Do not make legal arguments. State as briefly as possible the facts showing that plaintiff is entitled to the damages or other relief sought. State how defendant was involved and what each defendant that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes:

1. Failure to promote me
2. Unequal terms and conditions of my employment
3. Retaliation/Reprisal against me
4. other: a) Harassed Me
          b) Created an Hostile Work Environment
          c) Ignored my repeated reports of hostile work environment
          d) Refused to pay me for attendance at work
          e) Refused to pay me for all overtime performed
          f) Intentionally took unauthorized leave from me
          g) Intentionally violation of Master Agreement
          h) Intentionally violated of procedures and polices which jeopardized my safety
          i) Intentional Infliction of Emotional Distress

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s):  March of 2015 – May of 2017

3

**C.** I believe that defendant(s): <u>is still committing these acts against me.</u>

**D.** Defendant(s) discriminated against me based on my:

Race:         <u>Black</u>
Gender/Sex:  <u>Female; Sexual Harassment; Sexual Orientation</u>

**E.** The facts of my case are as follows.  <u>Please See Attachment.</u>

## IV.   **Exhaustion of Federal Administrative Remedies**

**A.** It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on (date):

<u>September 11, 2015.</u>

**B.** The Equal Employment Opportunity Commission:

<u>Please See Attachment.</u>

## V. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

WHEREFORE, the Plaintiff respectfully requests that the court award her:

(a) Cease and desist the ongoing discriminations, retaliation/reprisal, hostile and abusive work environment, and violations of FLSA..

(b) A retroactive promotion to GS-11 level with all the back pay, benefits and other emoluments of employment.

(c)  To be paid for all unpaid overtime worked with interest and all overtime not afforded to plaintiff.

(d)  Reimbursement of unauthorized leave taken; and leave used due to claims in this Compliant

(e)  A sum of 1,500,000.00 (300,000.00 for each count) in damages suffered because of the discriminations (sex, race, sexually harassment, retaliation/reprisal, and hostile abusive working environment) intentionally inflicted upon the plaintiff.

(f)  Reimbursement of attorney fees, all court fees, and other cost associated with this compliant; and

(g)  Other damages and relief as deemed just.

## VI.  Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, by signing below, I certify to   the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.  For Parties without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing:        *November 03, 2017*

Signature of Plaintiff:        *Reshawn Armstrong*

Printed Name of Plaintiff:   *Reshawn Armstrong*

# United States District Court
# for the
# Northern District of Alabama

|  |  |
|---|---|
| Reshawn Armstrong,<br>*Plaintiff* (Pro Se)<br><br>v.<br><br>Jeff Sessions<br>Department of Justice, Federal Bureau of<br>Prisons,<br>*Defendant* | Case No. _____<br><br>Jury Trial ____ Yes X No |

## **Statement of Claims**

III.

E. The facts of my case are as follows:

1. The Plaintiff, Reshawn Armstrong (pro se) is a black female employed with the Department of Justice Federal Bureau of Prisons. She has been employed with the Department since 2007. She transferred to FCI Aliceville located in Pickens County, Alabama in August of 2012. FCI Aliceville is a federal prison that houses female inmates. Her current position is a GS-8 Senior Officer Specialist.

2. Plaintiff contends Management discriminated against her by intentionally giving her numerous false and derogatory reference checks to interfere with her applications of promotion for GS-9 and GS-9/11 positions in order to keep her at FCI Aliceville due to lack of female staffs.

3. Plaintiff asserts that Management then retaliated/reprisal against her for filing her compliant and began to intentionally harassed, sexual harassed, and create a hostile work environment.

4. Plaintiff further asserts due to Department of Justice; Federal Bureau of Prisons intentional infliction of emotional distress she suffered anxiety in applying for positions and stopped applying in fear of what would be said and/or written about her, her medical condition (Crohn's Disease) which was in remission flared back up, she suffered depression, chronic fatigue syndrome, weight gain, mental aguish,

1

headaches, sleepless nights, and overall loss of enjoyment of life due to pain and suffering.

5. Starting around February of 2015 Ms. Armstrong began applying for various positions of promotion within the Federal Bureau of Prisons.

6. In or around March of 2015 Ms. Armstrong requested a meeting with her Supervisor Sekou Ma'at (male) who was the Associate Warden at FCI Aliceville. Ms. Armstrong informed AW Ma'at she had started applying for positions of promotion and asked if there was anything she could do to make herself even more qualified for positions.

7. AW Ma'at told Ms. Armstrong no that she was an excellent worker. AW Ma'at then made the following statements regarding Ms. Armstrong race and sex; "Armstrong you're a valuable female employee". "You're a female, a black female at that and also you're BPT certified". AW Ma'at then asked Ms. Armstrong had she applied for a Lieutenant position at FCI Aliceville which Ms. Armstrong stated she was not interested in being a Lieutenant at FCI Aliceville. AW Ma'at then stated "We need more female staffs with this being a female institution", and also due to 'PREA" which stands for Prison Rape Elimination Act.

8. Due to PREA, male staffs at FCI Aliceville were not allowed to pat search and/or to have any physical contact with female inmates except during emergency situations when a female staff was not available.

9. In or around June of 2015 Ms. Armstrong than requested a meeting with Arcola Washington-Adduci who was the Warden at FCI Aliceville from 2012 through 2017. In this meeting Ms. Armstrong informed Warden Washington-Adduci of her inertest in being promoted in which Warden Washington –Adduci told Ms. Armstrong it was not her time yet. She also told Ms. Armstrong she had two calls regarding her applications of promotion but could not remember which two institutions called or what she had told them.

10. In August of 2015 Ms. Armstrong decided to request her reference checks due to her numerous referred as best qualified for positions yet still not being selected.

11. On August 21, 2015 Ms. Armstrong received some but not all reference checks requested from Grand Prairie. Two reference checks conducted by Associate Warden Sekou Ma'at dated April 3 2015 and July 7 2015, stated "yes" to question "Disciplinary action within the last two years" also he rated Ms. Armstrong job skills/abilities as "not observed" and "average". Ms. Armstrong has not had disciplinary action and her evaluations are excellent and outstanding.

12. Ms. Armstrong first contact with the Agency EEO Counselor Zelford Thomas was on August 21, 2015 in regards to starting an EEO Compliant.

13. On September 11, 2015 Ms. Armstrong filed her informal EEO Compliant through her attorney at the time and requested compliant be process through Alternate Dispute Resolution (ADR) which was accepted by Agency.

14. After Ms. Armstrong initiated her informal EEO Compliant she immediately started experiencing reprisal/retaliation for her protected activities.

14. On September 18, 2015 Ms. Armstrong filed a formal grievance for being denied lieu of holiday she was entitled to for September 8, 2015. Once Management became aware grievance would be filed they intentionally logged into the roster program that same day and changed her daily assignment for September 8 from "Rear Gate DW" to "Day Off/Rear Gate OT" so it would appear as if Ms. Armstrong was originally off and volunteered to work overtime. This is also falsification of government official records.

15. On September 30, 2015 Ms. Armstrong informed Ms. Kyle Freeman formerly known as Ms. Kyle Tisdale who is the Human Resource Manager at FCI Aliceville that she did not say September 18, 2015 grievance was resolved as stated by William Johnson (male) who was the Captain at FCI Aliceville. Yet Ms. Freeman intentionally dismissed the grievance process anyway.

16. In and around October of 2015 Ms. Armstrong received some but not all reference checks requested from FOIA (Freedom of Information Act). Again reference checks completed by Sekou Ma'at dated April 01, 2015 and July 30, 2015 stated "yes" to disciplinary action and low to average rating. Also one reference check conducted by Warden Arcola Washington-Adduci dated March 30, 2015 stated Ms. Armstrong had "open case" which is not a question asked on Confidential Reference Check Form.

17. On October 5, 2015 Warden Washington-Adduci admitted Agency's fault in an email in regards to concerning reference checks conducted on Ms. Armstrong and intentionally refused to resolve issue.

18. On October 8, 2015 Demetrius Heatrice (male) who is a warehouse foreman at FCI Aliceville intimidated and harassed Ms. Armstrong at the rear gate for doing her job. He then blocked her office's doorway when she tried to leave. Ms. Armstrong repeatedly told Mr. Heatrice to move out her way which he refused which created a hostile work environment. Ms. Armstrong submitted a memo to Warden Washington-Adduci through Captain Johnson which memo was intentionally ignored.

19. On October 14, 2015 Jason Hudson (male) who is the tool room officer at FCI Aliceville harassed Ms Armstrong for over 20 minutes in order to gain access inside the institution through the rear gate area which is against procedures. Ms. Armstrong informed Ronnie Galloway (male) who was Acting Lieutenant for that she was being harassed by Mr. Hudson. Acting Lt. Galloway refused to tell Mr. Hudson to cease harassment and to leave the rear gate area. Ms. Armstrong submitted memo to Warden Washington-Adduci which was intentionally ignored.

3

20. On October 30, 2015 Management intentionally took 10 hours of unauthorized annual leave from Ms. Armstrong balance knowing she was at work for training that day.

21. On November 12, 2015 Ms. Armstrong was notified by her attorney he received an email that Alternate Dispute Resolution had been scheduled for November 23, 2015. ADR was intentionally scheduled for that day to interfere with Ms. Armstrong scheduled vacation.

22. On November 23, 2015 Management intentionally violated the EEO Timeline in which it states "aggrieved person must be given a Notice of Right to file a Formal Complaint no later than 90 calendar days after the first contact with the counselor if aggrieved person agrees to use the agency's alternate dispute resolution procedures". Ms. Armstrong first contact with EEO counselor was on August 21, 2015.

23. On November 23, 2015 ADR was conducted concerning Ms. Armstrong informal EEO Compliant which Management refused to pay Ms. Armstrong for her attendance at ADR. Also this is a violation of labor laws (FLSA).

24. On December 1, 2015 Ms. Armstrong filed her formal EEO Compliant with Agency EEO Officer Mina Raskin.

25. Again soon after Ms. Armstrong filed her formal EEO Compliant she immediately started experiencing reprisal/retaliation for her protected activities.

26. On December 9, 2015 Rusty Adams (male) who is the HVAC Foreman at FCI Aliceville entered the rear gate area with a large sealed box. Due to this box not having a signed x-rayed sticker label from a warehouse staff as required Ms. Armstrong could not let box inside institution. Mr. Adams refused to open box so Ms. Armstrong could search inside therefore she would not let box enter institution. Mr. Adam than made the following statements towards Ms. Armstrong "Come on Armstrong do your job"! "You trying to promote out right?" You ain't never going to promote with an attitude like that!" Ms. Armstrong submitted a memo to Warden Washington-Adduci through Troy Gentry (male) who was the Acting Captain at the FCI Aliceville which was intentionally ignored.

27. On December 10, 2015 Ms. Armstrong again submitted a memo to Warden Arcola Washington-Adduci through Acting Captain Troy Gentry concerning intimidation and harassment she was repeatedly being subject to at the rear gate which again was intentionally ignored.

28. On December 11, 2015 Ms. Armstrong sent Warden Washington-Adduci, Human Resource Manager Ms. Freeman , Captain Johnson, and Facilities Manager Mr. Cook

(male) an email titled "Management Awareness" to make them aware of harassment by HVAC Rusty Adams and Facilities department which again was intentionally ignored.

29. On December 16, 2015 Ms. Armstrong sent an email to Captain Johnson and Facilities Manager Cook tilted "This is to inform you..." in which she explained Mr. Noah is purposely letting the trash compactor sit inside the rear gate area for days as retaliation for not letting him take the trash compactor directly out from the institution as explained in memo December 8, 2015. Memo again was intentionally ignored.

30. In or Around January 2016 Ms. Armstrong received some but not all reference checks requested from FOIA. Ms. Armstrong received nine (9) reference checks dated April 8 2015, April 17 2015, April 23 2015, May 08 2015, May 07 2015, May 11 2015, June 9 2015 and two (2) reference without dates. All reference checks did not have the name of persons who conducted checks with exception of June 9 which was completed by Margaret Reherman who was the Associate Warden at FCI Aliceville. All the above mentioned reference checks were not filled out properly and written in a manner to confuse selecting officials.

31. On January 5, 2016 when Ms. Armstrong returned back to work from vacation she was confronted by SIS Lt. Lonnie Branch (male) in the front lobby. Lt. Branch stated he needed an affidavit from Ms. Armstrong to close an "open case" concerning a 2013 incident. Ms. Armstrong informed Lt Branch she gave a sworn affidavit back in September of 2013. Ms. Armstrong believed case to be closed due to her not hearing anything else concerning this matter and reasonable amount of time allotted to conduct investigations. Lt. Branch stated Warden Washington-Adduci told him to conduct an investigation on Ms. Armstrong. Investigation aroused after Ms. Armstrong filed her formal EEO compliant in which Ms. Armstrong complained Warden Washington-Adduci intentionally stated "open case" on her reference check form.

32. On January 8, 2016 Ms. Armstrong again sent Warden Washington-Adduci, Associate Warden Donald Zielenski (male), Human Resource Manager Freeman, and Captain Johnson an email, memorandum, and BP-A1062 form requesting ten hours of official time to prepare for EEO Investigator which was intentionally ignored.

33. On January 19, 2016 Ms. Armstrong contacted Charles Davis (male) who is the Facilities Administrator over the Southeast Region concerning harassment/hostile work environment by Rusty Adams. She informed Mr. Davis that Mr. Adams was intentionally lower the temperature in her work area and that she had informed Management and Management ignored of report of harassment. Again nothing was done to cease harassment/hostile work environment Ms. Armstrong was being subject

to at the rear gate and had to endure cold temperature during winter season while working her post.

34. On February 3, 2016 Tommy Simmons (male) who is a Lieutenant at FCI Aliceville called control center via radio from the Lt's Office to open inner vehicle gate to let out two unescorted vehicles which is against rear gate procedures and could have jeopardized Ms. Armstrong safety. Ms. Armstrong informed Associate Warden Zielenski of incident which again was intentionally ignored.

35. On February 4, 2016 Demetrius Heatrice (male) and Rayon Willis (male) intentionally violated the rear gate procedures as continue harassment toward Ms. Armstrong. Ms. Armstrong reported violations to Captain Troy Gentry (who became the full time Captain after William Johnson resigned) which again was intentionally ignored.

36. On February 8, 2016 Ms. Armstrong called FCI Aliceville and spoke with Lt. Scarborough (male) and informed him she was not feeling well and to use her available sick leave but instead she was intentionally listed as AWOL on daily roster assignment roster.

37. On February 22, 2016 Lt. Hebb (male) intentionally called Ms. Armstrong at home and harassed her for not being at work although she was scheduled to be off that day. He then told her she could either come in on her regular day off or she could use eight hours of annual leave to make up time.

38. On February 23, 2016 Ms. Armstrong submitted a memo to Warden Washington-Adduci through Captain Gentry concerning Rusty Adams who continued to repeatedly turn the A/C temperature down when it was cold outside and up when it hot outside. There were even days when A/C unit would be turned off completely. Again Ms. Armstrong report of harassment/hostile work environment was intentionally ignored.

39. On February 23, 2016 Jeremy Smith (male) who worked in laundry at the time entered the rear gate area and harassed Ms. Armstrong about walking through the metal detector for him to be cleared. Ms. Armstrong explained to him policy states staffs must be cleared before entering inside institution. Mr. Smith than said staffs did not have to be cleared at the rear gate. Ms. Armstrong again informed Mr. Smith he was incorrect. Mr. Smith then said his jacket would not clear metal detector due to zipper. Ms. Armstrong than told Mr. Smith to pull his pockets inside out so she could make sure no contraband was present. Mr. Smith than made the following statement towards Ms. Armstrong; "Armstrong are you okay today, you're acting bi-polar by

6

telling staffs they have to strip search!" Ms. Armstrong submitted a memo to Warden Washington-Adduci through Captain Gentry concerning incident which again was intentionally ignored.

40. On March 9, 2016 the Union sent Captain Troy Gentry an email and asked if threat assessment was conducted concerning Ms. Armstrong claims of harassment at the rear gate which again was intentionally ignored.

41. On March 11, 2016 Ms. Armstrong sent Warden Washington-Adduci, Human Resource Manager Ms. Freeman, and Captain Gentry an email which informed them of their failure to address the security concerns and constant hostile work environment she was being subject to at the rear gate and felt she had no choice but to work another post for her safety and that she would inform the Office of Internal Affairs. Again email was intentionally ignored.

42. On March 11, 2016 Ms. Armstrong sent Agency's Office of Internal Affairs a copy of email in which she stated Management failed to address security concerns and constant hostile work environment she was being subject to at her assigned post and felt she had to work another post for her safety. Copy of email was also ignored by Office of Internal Affairs.

43. On March 14, 2016 Ms. Armstrong mailed a certified letter to Agency's Office of Internal Affairs to report harassment and hostile work environment she was being subjected to at FCI Aliceville which again was ignored.

44. On March 18, 2016 Ms. Armstrong sent Management an email requesting official time to conduct interview with EEO Investigator on March 22, 2016 which was intentionally ignored by Management.

45. On March 21, 2016 due to Ms. Armstrong request for official time being ignored, the EEO Investigator sent Ms. Kyle Freeman (HRM) an email to inform her he would like to conduct interview with Ms. Armstrong on March 22, 2016.

46. On March 22, 2016 Ms. Armstrong found out she was approve for official time to speak with EEO Investigator the day of the interview and a few hours before interview was to start. Also Ms. Armstrong was placed in the Compound Office located in the Lieutenant building (non-private area) to conduct interview.

47. On May 26, 2016 Dwight Cash (male) who is a Lieutenant at FCI Aliceville informed Ms. Armstrong she was next to be mandated to work an additional eight hours. Ms. Armstrong informed Lt. Cash she was just mandated on May 20, 2016. Lt Cash told Ms. Armstrong based on the mandate list she last mandated back in March. Ms. Armstrong again told Lt. Cash that her last mandate was May 20th which could have easily been verified. Lt. Cash insisted Ms. Armstrong be mandated due to him

wanting a female to work SHU-1. Ms. Armstrong then informed Lt. Cash she was not feeling well and was trying to make it through her assigned shift. Lt. Cash then had Ms. Armstrong received from post yet he inputted her as refused on the mandate list.

48. On May 26, 2016 around the same time Lt. Cash had Ms. Armstrong relived from post he intentionally inputted her into the overtime roster program for a day she did not sign up for in order for her name to drop to the bottom of list. This was done deliberately by Lt. Cash so Ms. Armstrong would not be contacted for available overtime for May 27, 2016. Ms. Armstrong reported incidents to FCI Aliceville Management which was again  ignored

49. On May 27, 2016 Ms. Armstrong was harassed again by Lt. Cash concerning the mandate list after being informed the day before (May 26) that the mandate list was incorrect. Also this was Ms. Armstrong's Friday which staffs cannot be mandated on their last day of the work week. Lt. Cash knew this due to him bypassing a white male staff on mandate list which Lt. Cash indicated it was staff member Friday, yet his listed Ms. Armstrong as refused. Ms. Armstrong reported incident to Management which again was intentionally ignored.

50. On June 4, 2016 Lt. Dwight Cash made a statement towards Ms. Armstrong which she took to be threatening. Ms. Armstrong reported incident to Management which again was intentionally ignored.

51. On June 10, 2016 Ms. Armstrong had a meeting with Chandra Nelson (current Captain at FCI Aliceville as of June 2016). The meeting was scheduled for 3:30 p.m. which was 30 minutes before her assigned shift was to start.  In this meeting Ms Armstrong explained she was being harassed and treated unfairly by Lt. Cash. She also informed her of the over all hostile work environment she's being subject to at FCI Aliceville. Captain Nelson told Ms. Armstrong not to report harassment to her and intentionally ignored her report of hostile work environment. Also Ms. Armstrong was intentionally not paid for her attendance at this meeting.

52. On June 11, 2016 after working 16 hours straight Ms. Armstrong was told she could not leave due to her relief running late. Ms. Armstrong had to work an additional 30 minutes which she was intentionally not paid for.

53. On June 12, 2016 Ms. Armstrong mailed a certified letter to Department of Justice Office of Inspector General (Investigation Division) to report hostile work environment she's being subject to at FCI Aliceville which was intentionally ignored.

54. One June 15, 2016 Lt. Cash again intentionally inputted Ms. Armstrong into the overtime roster program for a day she did not sign up for in order for her name to drop to the bottom of the list. Ms. Armstrong reported incident to Management and again it was intentionally ignored.

46. On June 16, 2016 Ms. Armstrong filed a formal grievance concerning incidents with Lt. Dwight Cash due to Management not taking Ms, Armstrong reports seriously. Management also did not take Ms, Armstrong grievance seriously and dismiss the grievance process by not responding to her grievance within 30 days as required.

47. On June 18, 2016 Ms. Armstrong notified Management though a memo that once again Lt. Cash inputted her into the overtime roster program for a day she did not sign up for in order to drop her name to the bottom of the list which again was intentionally ignored.

48. On June 27, 2016 Ms. Armstrong was told she had to sign another yearly evaluation rated by Tracey Black (male) who was a Lieutenant at FCI Aliceville. Evaluation was rated lower than her first initial yearly evaluation in April of 2016.

49. On June 30, 2016 Ms. Armstrong informed Management of 45 minutes of unauthorized sick leave remove from her balance and also she still has not been paid for overtime worked on June 11, 2016 which again was intentionally ignored.

50. On July 11, 2016 Ms. Armstrong was finally approved for her first official time to work on her EEO Compliant after requesting for official time since January 7, 2016. Also official time was approved after Ms. Armstrong had already been interviewed by EEO Investigator.

51. From July 11 though July 26, 2016, "EEO" was inputted on Ms. Armstrong daily roster assignment to make non need-to-know staffs aware of her protected activities. Also during this time period A/C temperature was turn up in the building where Ms. Armstrong was working on her protected activity.

52. On July 15, 2016 Ms. Armstrong submitted a memo and BP-A1062 form to Management requesting official time to attend ISC meeting with Administrative Judge which was intentionally ignored.

53. On July 26, 2016 Ms. Armstrong was intentionally not provided with a location and equipment to conduct phone conference with the AJ. Scheduled phone conference had to be interrupted and delayed in order to find location with equipment to conduct meeting appropriately.

54. On August 2, 2016 Management again intentionally skipped Ms. Armstrong for available morning watch overtime.

55. On August 17 and 18 of 2016, "EEO" was again inputted on Ms. Armstrong daily roster assignment to make non need-to-know staffs aware of her protected activities.

56. On August 23, 2016 Lt. Hebb notified Ms. Armstrong via radio for morning watch overtime Mobile 3 which Ms. Armstrong accepted. When Ms. Armstrong reported to Mobile 3 to begin her shift there was another staff member working that post. Ms.

Armstrong contacted Lt. Hebb regarding Mobile 3 overtime in which Lt. Hebb stated he said Bravo 3 not Mobile 3. When Ms. Armstrong reported to B3 Housing Unit the A/C was on. When she started her count of inmates Ms. Armstrong heard the A/C go off. After an hour or so had passed and A/C was still off, Ms. Armstrong began to feel sick and nausea. The A/C in B3 was intentionally turned off to again harass Ms. Armstrong.

57. On September 27, 2016 Ms. Armstrong was told by Lt. Tracey Black to move her car from a staff parking area near the rear gate. Ms. Armstrong has been parking in this staff parking area for over a year which Management has known. Only after when Ms. Armstrong informed Captain Nelson Lieutenants were signing a damaged log book that should be closed out due to log books being considered official records was she told to move her car.

58. In October of 2016 Ms. Armstrong was told once again she had to move her car from a staff parking area and was told she was only allowed to park in the staff/visitors parking lot. Yet other staff members are being allowed to park in any parking area they choose.

59. On October 26, 2016 Ms. Armstrong had a meeting with Captain Nelson at 3:30 pm to again report the continuous unfair treatment, harassment, and hostile work environment she being subject to at FCI Aliceville which again nothing was done to cease behavior. Also Ms. Armstrong was not paid for her attendance at meeting.

60. On November 30, 2016 Management again intentionally skipped Ms. Armstrong for morning watch overtime.

61. On December 14, 2016 Ms. Armstrong was contacted by Captain Nelson and told to report to the Human Resource Office. Captain Nelson then confronted Ms. Armstrong with a proposal letter of disciplinary action being taken against her for a 2013 incident. Ms. Armstrong informed Captain Nelson she wanted her representative to be present which Captain Nelson refused to let Ms Armstrong contact her representative.

62. On December 15, 2016 Ms. Armstrong sent Warden Washington –Adduci a memorandum after she received a proposal letter on December 14, 2016 in regards to disciplinary action being taken against her concerning a 2013 incident. In proposal letter it stated the Warden would make the final decision and Ms. Armstrong could reply to the Warden either by writing, orally, or both. Ms. Armstrong chose both. Warden Washington-Adduci intentionally did not meet with the Ms. Armstrong and retire before closing an alleged "open case".

63. On January 10, 2017 around 3:20 pm. Ms. Armstrong went inside the institution so she could vote for union officials. Captain Nelson entered the front lobby while Ms. Armstrong was being cleared by the front lobby officer. After Ms. Armstrong was

cleared she went directly to staff lodge to vote. After Ms. Armstrong finished voting she then went to the patio to talk to a staff member concerning work issues. As Ms. Armstrong was talking to this staff member, Captain Chandra Nelson open the door to the staff lodge patio and looked directly at Ms. Armstrong and made the following statement; "Hey Ms. Armstrong you act like you can't speak!" "You act like I slept in your bed last night!" "I'm not sleeping with you!" "I'm not your mama!" she then closed the door and walked away. Ms Armstrong found these statements to be inappropriate, offensive, and sexual in nature. Also these statements were made by Captain Nelson after she became aware of Ms. Armstrong's sexual orientation.

64. On January 16, 2017 Ms. Armstrong mailed another letter to Office Inspector General to again report hostile work environment and sexually harassment by Captain Nelson which OIG responded and said they forward her information to Agency's Office of Internal Affairs to investigate which again was ignored.

65. On January 16, 2017 Ms. Armstrong also mailed a copy of letter sent to OIG to Federal Bureau of Prisons Southeast Regional Office. Letter was addressed to the Regional Director to report sexually harassment by Captain Chandra Nelson and to report hostile work environment she being subject to at FCI Aliceville which was intentionally ignored.

66. In February 2017 Ms. Armstrong received a letter from Department of Justice concerning her FOIA request. Letter dated February 22, 2017 from K.Scarantino stated on 20 reference checks were appropriate to release and refused to send Ms. Armstrong all reference checks as repeatedly requested concerning her applications of promotions.

67. On March 30, 2017 Ms. Armstrong was relieved from post to report to the Lt's Office to review evaluation. When Ms. Armstrong reviewed her evaluations she informed Lt. Simmons she did not agree with evaluation due to her not receiving her quarter evaluations as required and also her yearly evaluation was not filled out. Lt. Simmons did not want to discuss the matter and stated a refusal to sign will be noted on Ms. Armstrong evaluations.

68. On April 7, 2017 Ms. Armstrong sent Lt. Simmons an email and requested a meeting in regards to evaluations upon her returning back to work on April 17, 2017. Lt Simmons responded and stated he too would be on vacation and would not be back until April 17 but did not give date or time when they could meet.

69. On April 17, 2017 Ms. Armstrong again sent Lt. Simmons another email requesting meeting concerning evaluation which she is entitled to and again was intentionally ignored.

70. On April 26, 2017 Lt. Cash intentionally did not contact Ms. Armstrong for available morning watch overtime. He instead asked another staff member working the same shift as Ms. Armstrong if they would work an additional 8 hours for an extra day off which is violation of the Master Agreement.

71. From February 2017 through May 2017 Ms. Armstrong was intentionally not contacted for various DW and MW overtime by Management.

72. On May 4, 2017 Ms. Armstrong requested a meeting with Patricia Bradley, who is currently the Warden of FCI Aliceville. Ms Armstrong requested meeting through Warden's secretary Susan Snyder. Ms. Armstrong was told she had to first go through the chain of command before she could speak with Warden Bradley (which is the same individuals who had harassed and ignored Ms. Armstrong report of hostile work environment ) and refused to meet Ms. Armstrong.

73. On May 15, 2017 Ms. Armstrong was made aware by Union that Captain Nelson took roster rights away from all union stewards after she requested Union to checks specific dates for bypassed overtimes and was unable to check requested dates.

74. On May 18, 2017 Ms. Armstrong had a meeting with AW Zielenski at 9:30am in which she informed him she was being treated unfairly by Leiutenants and that she had spoken with Captain Nelson many times concerning unfair treatment and harassment but Captain Nelson refused to address issues and that Captain Nelson also is particpating in hostile work enviroment. AW Zielenski stated he would set up a meeting to speak with both the Captain and Ms. Armstrong to address issues which never took place.

75. On May 18, 2017 AW Zielenski informed Adminstartive Lt Hart (male) to input Ms. Armstrong for two hours of overtime for her drive time and attendance at meeting which Lt. Hart intentionally did not do in order for Ms. Armstrong not be paid on time.

76. Due to Count I (Sex discrimination), Count II (Race discrimnation), Count III (Sexual Harassment), Count IV (Reprisal/Retaliation for engaging protected activities) and Count V (Hostile and Abusive Work Condition) re-alleged in paragraphs 1 through 75,

Wherefore, the Plaintiff respectfully request the court award her, <u>please see complaint</u>

United States District Court
for the
Northern District of Alabama

<table>
<tr><td>

Reshawn Armstrong,
*Plaintiff* (Pro Se)

v.

Department of Justice, Federal Bureau of
Prisons,
*Defendant*

</td><td>

Case No. _____

Jury Trial  _____ Yes  ☒ No

</td></tr>
</table>

# IV. <u>Exhaustion of Federal Administrative Remedies</u>:

B: The Equal Employment Opportunity Commission

1

Teresa Lavatai
Designated EEO Representative
12586 Brady Montgomery Rd.
Northport, AL 35475
teresalavatai@gmail.com
tlavatai@bop.gov

Equal Employment Opportunity Commission
Ridge Park Place
1130 22nd Street South
Suite 2000
Birmingham, AL 35205
                and
Equal Employment Opportunity
Federal Bureau of Prisons
U.S. Department of Justice
320 First Street, N.W.
Washington, D.C. 20534

October 6, 2017

RE: Request for "Right to Sue" Notice
(Reshawn Armstrong v. DOJ, EEOC No. 420-2016-00106X - Agency's)

Good afternoon to all.

This is to inform you that the Agency is **again intentionally /willfully not up holding the
integrity of the EEO Process by deliberately disregarding AJ's Order.** As directed by
Administrative Judge Bryan Douglas, the Complainant Ms. Reshawn Armstrong contacted the
Agency's EEO Counselor Mr. Zelford Thomas on August 10, 2017 to start new EEO Complaint
concerning her amendments and updates of like-related claims. On September 29, 2017 the
Agency EEO Officer Ms. Mina Raskin issued an acceptance letter which was received by the
Complainant on October 3, 2017 for the following claims:

- On August 24, 2017 Management violated EEO confidentiality.
- On August 28, 2017, you became aware that Management altered the overtime duty
  roster
- On July 26, 2017, Management issued an incomplete yearly performance evaluation into
  your Electronic Official Personnel Folder (EPOF)
- On June 18, 2017 and July 20, 2017 you were denied overtime.
- On July 8, 2017, Management failed to respond appropriately to your attempt to notify
  management of your illness.

This letter does not mention all claims (whether it was accepted or dismissed) raised by
Complainant in her informal compliant dated August 26, 2017 and formal compliant dated
September 19, 2017. The Complainant reported claims in a timely manner to AJ pursuant to
EEOC regulation 29. C.F.R. 1614.106(d) yet the Agency have intentionally/willfully **ignored** the

Complainant's claims which is a violation of her civil rights. Therefore the Complainant respectfully request **"Right To Sue" Form** to proceed to District Court on all claims raised during the EEO process which includes all amendments/updates. It is understood that the Complainant must first file an EEO Compliant and try to resolve complaint before proceeding to district court which the Complainant has done. The Complainant has upheld the integrity of the EEO process to the best of her knowledge and the Agency intentionally/willfully has not. The Complainant has also on many occasions reached out to the Agency to try to settle compliant and Agency has refused to negotiate. Now, almost two years later the Complainant still has not received a final decision nor has she received relief's/remedies for discriminations and reprisal/retaliations inflicted by the Agency. Based on the attached information label "Info Source" and the Complainant understanding of this information, she has the right **after 180 days** to quit the EEO Process and request "Right to Sue" Form to file civil lawsuit.

If the Complainant is wrong in her understanding of her rights and can not request "Right to Sue" Letter at this time, then Complainant respectfully request an **"immediate final agency decision"** on all claims raised during the EEO process which includes all amendments/updates which was reported timely to AJ pursuant to EEOC regulation 29. C.F.R. 1614.106(d).

Thank you all for your time concerning this matter.

Respectfully Submitted,

*Teresa Lavatai*

Teresa Lavatai
(Designated EEO Representative for Ms. Reshawn Armstrong)
205-239-4248

⑤ 🔲  PublicRecordsNow.com/Ju...     Judge Douglas (Found) | publicrecordsnow.com - Judge Douglas/b: Pho...     Sponsored

**RE: Reshawn Armstrong v. DOJ, EEOC No. 420-2016-00106X - Request for Right to Sue**     Tuesday, October 10, 2017 8:41 AM

 From: "BRYAN M. DOUGLAS" <BRYAN.DOUGLAS@EEOC.GOV>

To:   "teresalavatai" <teresalavatai@gmail.com>   "C Geller" <cegeller@bop.gov>

Cc:   "S. Armstrong" <ra1111@ymail.com>   "tlavatai@bop.gov" <tlavatai@bop.gov>

The EEOC issues a notice of right to sue for charges of discrimination filed against private employers, and state and local governments when age discrimination is alleged. The EEOC does not issue a notice of right to sue for federal EEO complaints.

A complainant who filed an individual federal EEO complaint under Title VII of the Civil Rights Act of 1964 (Title VII) is authorized to file a civil action in the appropriate U.S. District Court after 180 days after she filed her complaint. 29 C.F.R. § 1614.407(b). A complaint that is the basis for a civil action in a U.S. District Court in which complainant is a party, and 180 days have passed since filing of the complaint, shall be dismissed. 29 C.F.R. § 1614.107(a)(3).

So, if more than 180 days have passed since Complainant filed her complaint, she is authorized to file a civil action in the appropriate U.S. District Court and no right to sue notice is required. Her hearing request will be dismissed upon notice to me that she has taken such action and the appropriate amount of time has lapsed.

Bryan M. Douglas
Administrative Judge

U.S. Equal Employment Opportunity Commission
Birmingham District Office
1130 22nd Street South, Suite 2000
Birmingham, AL 35205

Telephone:  (205) 212-2065
Fax:  (205) 212-2025
Bryan.Douglas@eeoc.gov

**From:** teresalavatai [mailto:teresalavatai@gmail.com]
**Sent:** Friday, October 06, 2017 4:45 PM
**To:** DELNER FRANKLIN-THOMAS <DELNER.FRANKLIN-THOMAS@EEOC.GOV>; BRYAN M. DOUGLAS <BRYAN.DOUGLAS@EEOC.GOV>; Mina Raskin <mraskin@bop.gov>; Zelford Thomas <zthomas@bop.gov>; C Geller <cegeller@bop.gov>
**Cc:** S. Armstrong <ra1111@ymail.com>; tlavatai@bop.gov
**Subject:** RE: Reshawn Armstrong v. DOJ, EEOC No. 420-2016-00106X - Request for Right to Sue

Please see attached request for rights to sue and additional information by the above Complainant. Ms. Armstrong is requesting for Rights to Sue. This email is being sent out simultaneously to all parties listed below and complainant Ms. Armstrong.

Thank you for your assistance.

Teresa Lavatai
EEO Representative

delner.franklin-thomas@eeoc.gov     Birmingham EEOC Director

bryan.douglas@eeoc.gov
Administrative Judge

mraskin@bop.gov             Agency EEO Officer

zthomas@bop.gov             Agency Southeast EEO Counselor

cegeller@bop.gov            Agency Representative

Sent from my Verizon, Samsung Galaxy smartphone