**United States District Court
for the
Northern District of Alabama
Western Division**

| | |
|---|---|
| Reshawn Armstrong, Plaintiff (Pro se) <br><br> v. <br><br> Jefferson B. Sessions, Attorney General, Defendant | Civil Action No. 7:17-cv-01857-LSC <br><br> "Opposed" |

### Plaintiff's Opposition to Defendant Partial Motion to Dismissed

### Amended Compliant

**I. Introduction:**

The Plaintiff, Reshawn Armstrong (pro se) oppose the Defendant's Partial Motion to Dismiss the Amended Complaint filed by Defendant's Attorney Sarah C. Blutter on March 13, 2018 and hereby submits its opposition and response to there of. The Plaintiff's amended complaint meets the standards governing the form of a complaint as required by Federal Rule of Civil Procedure 8(a). Specifically, this Court does have subject matter jurisdiction over complaint and sufficiently alleges causation and harm. Therefore, Defendant's partial motion should be denied.

## II. Argument:

The Defendant's attorney argues that Plaintiff amended complaint should be partially dismissed based on lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rule of civil Procedure 12(b)(1) and (6). First the Defendant state the Plaintiff failed to exhaust any claims based on race. The Plaintiff was discriminated based on her sex and race but was told by her attorney at time she could not include race do to the accuser being the same race as she. After ADR the Plaintiff decided to proceed to the formal stage without representation and had repeatedly requested official time to work on her EEO compliant and to prepare for the EEO Investigator which the Defendant refused to give Plaintiff official time. Only after when the Plaintiff had already been interviewed by the EEO Investigator was she granted official time to work on her EEO Compliant. In which during this time she was made aware she could include race regardless if the person who inflicted the discrimination is the same race as she. The Plaintiff amended her EEO compliant with the EEOC on July 26, 2016 to include race which a copy of amended EEO compliant was sent via email to Defendant. Therefore giving defendant sufficient noticed of new basis added before filing amended compliant with this court on Feb 26, 2018. The plaintiff also alleged claims in her amended compliant filed with this court

2

are well pass the 180 days requirement. Second the defendant states Plaintiff claims are prohibited to the extent they are collateral attack. There has been no previous judgment of alleged claims in amended compliant filed with this court. The plaintiff had amended her EEO compliant in January 19, 2017 which was not opposed by the defendant. Again giving defendant sufficient noticed before filing amended compliant with this court on Feb 26, 2018. A motion to dismiss under Rule 12(b)(6) should be granted only if it appears beyond a doubt that the plaintiff can not prove set of facts in support of its claim which would entitle it to relief. Conley v. Gibson, 335 U.S. 41, 48 (1957). A motion under Rule 12(b)(6) merely tests the legal sufficiency of a complaint, requiring a court to construe the complaint liberally, assume all facts as true, and draw all reasonable inferences in favor of the plaintiff. Federal Rule of Civil Procedure 8(a) states that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

## III. Conclusion

In short, the plaintiff Reshawn Armstrong (pro se) provided the

Defendant fair notice of all claims in amended compliant filed with this court on February 26, 2018 and fully complied with the pleading requirements of Federal Rule of Civil Procedure 8(a). The discovery stage will only lead to further details in this civil action. Therefore the Plaintiff respectfully asks this court to deny Defendant's Partial Motion to Dismiss Amended Compliant and order Defendant to respond to pleadings.

                                                    Respectfully Submitted,

                                                    Reshawn Armstrong
                                                    1130 University Blvd
                                                    B9-620
                                                    Tuscaloosa, Alabama 35401
                                                    (205) 861-5979
                                                    ra1111@ymail.com

United States District Court
for the
Northern District of Alabama
Western Division

| | |
|---|---|
| Reshawn Armstrong, Plaintiff (Pro se) v. Jefferson B. Sessions, Attorney General, Defendant | Civil Action No. 7:17-cv-01857-LSC |

## CERTIFICATE OF SERVICE

This is to certify that on the 23rd day of March, 2018, I served Plaintiff's

Opposition to Defendant's Partial Motion to Dismiss Amended Compliant

by placing a copy in the United States Postal Service First Class Mail-

Certified upon the Defendant Attorney whose name and address as listed

below:

**Sarah C. Blutter**
**Assistant U.S. Attorney**
**U.S. Attorney's Office for the**
**Northern District of Alabama**
**1801 Fourth Avenue North**
**Birmingham, Alabama 35203**

Respectfully Submitted,

*[signature]*
Reshawn Armstrong (pro se)

1