

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RESHAWN ARMSTRONG, )<br>)<br>*Pro se* Plaintiff, )<br>)<br>vs. )<br>)<br>JEFFERSON B. SESSIONS, )<br>Attorney General, )<br>)<br>Defendant. )<br>) | 7:17-cv-1857-LSC |

## M EMORANDUM OF O PINION AND O RDER

Plaintiff, Reshawn Armstrong ("Plaintiff" or "Armstrong") brings the instant action against U.S. Attorney General, Jefferson B. Sessions ("Defendant"), alleging race and sex discrimination, failure to promote, unequal terms of employment, retaliation, harassment, and hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 1981a, 2000e—2000e-17, and 29 C.F.R. § 1614, *et seq.* Before the Court is **Defendant's** motion to partially dismiss **Plaintiff's amended complaint**. (Doc. 12.) The motion is now ripe for review. For the reasons stated below, **Defendant's** motion (doc. 12) is due to be granted in part and denied in part.

I. Background[1]

Plaintiff has been a Federal Bureau of Prisons employee since 2007. She began work FCI Aliceville, in Pickens County, Alabama in August of 2012 and currently serves as a Senior Officer Specialist. She received positive performance evaluations, was the recipient of two incentive awards for her job performance, and no disciplinary action was taken against her in 2015 or 2016.

Between March 2015 and January 2017, a number of events occurred which Armstrong claims subjected her to discrimination. In response to the alleged discrimination, she filed two formal EEO Complaints with subsequent amendments, as well as reports with the Federal Bureau of Prisons and the management at FCI Aliceville. In 2015, Plaintiff submitted applications in response to various job announcements for promotion at institutions within the Department of Justice. She represents that she did not receive a promotion, and further that several of her reference checks between March 2015 and August 2015 were negative, false or misleading—allegedly due to her sex and race. **One of Plaintiff's co-workers, Randolph King, a white male, was selected for one of the same positions Armstrong had applied for.**

---

[1] In evaluating a motion to dismiss, this Court "accept[s] the allegations in the complaint as true and construe[s] the facts in the light most favorable to the plaintiff." *Johnson v. Midland Funding, LLC*, 823 F.3d 1334, 1337 (11th Cir. 2016). The following facts are, therefore, taken **from Plaintiff's allegations contained in** the Complaint, and the Court makes no ruling on their veracity.

On August 21, 2015, Plaintiff first contacted her Equal Employment Opportunity Commission ("EEOC") Counselor, Zelford Thomas ("Thomas"), about drafting an EEO Complaint. Armstrong filed her informal EEO Complaint on September 11, 2015. On December 1, 2015, Plaintiff filed her first official EEO Complaint, alleging discrimination based on sex and retaliation for non-promotion. The conduct she listed which began in February 2015, included false reference checks, harassment by other staff members while performing her duties, failure to respond to her complaints, non-payment of overtime, scheduling her EEO mediation on her day off, as well as other issues surrounding scheduling and leave which occurred through November of 2015.

On January 14, 2016, Plaintiff requested to amend her formal EEO Complaint to add two additional incidents evidencing discrimination. (*See* Doc. 8-2 at 1-3.) The two acts she added had to do with overtime for her mediation date in November 2015 and requests for official time to work on her EEO complaint in January 2016. She attempted to amend her complaint again in July 2016 to include race discrimination as a basis for her claims. However, her motions were denied by EEOC Administrative Judge Bryan M. Douglas ("the EEOC AJ") "due to the impact on the case" because Armstrong filed the first motion "more than 30 days from the Order regarding the hearing process was issued, after discovery had

closed, after the Agency filed a motion to dismiss, and after the Agency filed a motion for a decision without a hearing." (Doc. 16-1 at 1.) On November 28, 2017, the EEOC dismissed the 2015 Complaint pursuant to 29 C.F.R. §1614.107(a)(3)[2] because the allegations were the subject of a pending lawsuit, and it had been more than 180 days since the Complaint was filed.

Plaintiff filed a second formal EEO Complaint on September 18, 2017, in which she alleged that the harassment, hostile work environment and retaliation had persisted through August 2017 listing race, sex, sexual orientation, and reprisal as bases for discrimination. (Doc. 12-1 at 2.) The 2017 EEOC Complaint was based upon a number of incidents. One occurred in February 2016, when Lieutenant Tommy Simmons, allowed the prison control center to release unescorted vehicles from the facility, which Plaintiff alleges could have jeopardized her safety given her post at the rear gate. In response, Armstrong wrote memos voicing her security concerns which went unanswered. Another instance was when Lieutenant Hebb called Plaintiff at her home and allegedly harassed her for not

---

[2] 29 C.F.R. §1614.107(a)(3) states:
    (a) Prior to a request for a hearing in a case, the agency shall dismiss an entire complaint: . . . (3) That is the basis of a pending civil action in a United States District Court in which the complainant is a party provided that at least 180 days have passed since the filing of the administrative complaint, or that was the basis of a civil action decided by a United States District Court in which the complainant was a party.

showing up to work on her day off. A third involved the heating, ventilation, and air conditioning technician, Rusty Adams ("Adams"), harassing Plaintiff by continually changing thermostat temperature at her post. In response, Plaintiff sent a memo to the Warden, and Plaintiff's union sent a letter to Captain Troy Gentry; both were ignored.

Between March 2016 and November 2016, Management failed to pay Plaintiff on three separate occasions for time she had worked, twice inputted her into the overtime roster program so that she would drop to the bottom of the list for available overtime shifts, and bypassed her for overtime shifts two times. Plaintiff sent numerous memos and emails to Management, the Warden, and Captain Chandra Nelson ("Captain Nelson") concerning these actions, all of which were ignored. In addition to the continued harassment from Adams about the air conditioning, Plaintiff took offense to a number of Captain Nelson's statements such as "Hey Ms. Armstrong you act like you can't speak!"; "You act like I slept in your bed last night!"; "I'm not sleeping with you!"; and "I'm not your mama!" Plaintiff continues to work at FCI Aliceville.

II. STANDARDS OF REVIEW

Exhausting one's administrative remedies before filing a civil complaint for discrimination is required by 29 C.F.R. § 1614.407 and 42 U.S.C. § 2000e-16(c),

and the Eleventh Circuit has held that courts have subject matter jurisdiction over Title VII claims only if the plaintiff "pursue[d] and exhauste[d] [those] administrative remedies." *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999). That is, a plaintiff must have "made a good faith effort to comply with the [EEOC] regulations and, particularly, to provide all the relevant, specific information available." *Wade v. Sec'y of the Army*, 796 F.2d 1369, 1376 (11th Cir. 1986). Dismissal for failure to exhaust remedies should be raised in a motion to dismiss. *Basel v. Sec'y of Defense*, 507 Fed. Appx. 873, 874 (11th Cir. 2013) (per curiam). In order to survive a motion to dismiss on grounds of failure to exhaust administrative remedies, the Court must find that Plaintiff made a good-faith effort to comply with the EEOC procedural requirements and allowed the EEOC an opportunity to investigate the merits of her claims. *Id.*

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, in order to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated another way, the factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings asserting legal conclusions rather than mere facts are not entitled to the assumption of truth. *Id.* at 679. However, factual allegations on the face of the complaint are taken as the truth and then determined whether they "plausibly give rise to an entitlement to relief." *Id.* A pleading satisfies the notice pleading standard if the pleading "contains enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory.'" *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683–84 (11th Cir. 2001)).

The review of a motion to dismiss is limited in scope to the face of the complaint. *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). However, materials attached to a defendant's motion to dismiss may be considered

if the plaintiff refers to the document in the complaint, the document is central to the plaintiff's claim, and the authenticity of the document is not in dispute.³ *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007).

III. DISCUSSION

A. Race Discrimination

In his motion, Defendant first argues that Plaintiff's Complaint should be partially dismissed with respect to all claims of discrimination based on race because of her failure to exhaust administrative remedies prior to filing suit; and because Plaintiff did not mention race discrimination in her 2015 EEO Complaint,⁴ nor did she raise it during the administrative investigation. Plaintiff raised allegations of race discrimination in her 2017 EEO Complaint. In Defendant's reply (doc. 16), he altered his request concerning allegations of race discrimination. Rather than moving to dismiss all allegations of race discrimination, Defendant

---

³ The Court references Armstrong's formal 2015 EEO charge (doc. 8-1), her informal 2015 EEO charge (doc. 8-3), her January 2016 amendment (doc. 8-2) as well as her 2017 EEO charge (doc. 12-1). All are central to her claim and their authenticity is not in dispute. *See also Lambert v. Ala. Dept. of Youth Servs.*, 150 Fed. Appx. 990, 991- 992 (11th Cir. 2005) (an EEOC charge is central to the complaint and a court may properly consider it on a motion to dismiss).

⁴ In Armstrong's 2015 EEO complaint and her subsequent amendment, the only reference she makes to race is when quoting a conversation with Associate Warden Sekou Ma'at ("Mr. Ma'at") regarding her interest in being promoted. Mr. Ma'at stated, "Armstrong you're a very valuable female employee, you're black and also BPT certified. Have you applied for Lieutenant here at Aliceville? We need more female staff with this being a female institution." (Doc. 8-1 at 5 & Doc. 8-2 at 2.)

requests that **only race as a basis for Plaintiff's claims in the 2015 EEO Complaint** be dismissed. (Doc. 16 at 3-4.)

The Eleventh Circuit has held that a judicial complaint is limited by claims that are "like or related to, or grew out of, the administrative allegations." *Basel*, 507 Fed. Appx. at 876; *see also Gregory v. Georgia Dept. of Human Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004) (per curiam) (retaliation claim was not administratively barred because it was intertwined with other discrimination claims). This Circuit has also "noted that judicial claims are allowed if they 'amplify, **clarify, or more clearly focus**' the allegations in the EEOC complaint, but has cautioned that allegations of new acts of discrimination are inappropriate." *Gregory*, 355 F.3d at 1279-80 (citing *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989)). Allegations of race discrimination would not reasonably arise out of an investigation into claims of discrimination based on sex. *See, e.g., Penaloza v. Target Corp.*, **849 F. App'x 844, 848 (11th Cir. 2013)** (per curiam) (finding claim of disability discrimination had not been exhausted and was properly dismissed because claim did not grow out of claims of sex and pregnancy discrimination).

Armstrong filed her 2015 EEO Complaint in December of 2015 and amended in January of 2016. It was on March 22, 2016 that Plaintiff first met with an EEO investigator, and the EEOC concluded its investigation on July 10, 2016. In the

interim, Plaintiff had nearly four months in which to amend her EEO Complaint to add race as a basis for the discrimination after finding out she could include race as a basis; she did not do so until her attempt to amend on July 26, 2016—sixteen days after the investigation concluded. On August 2, 2017, the EEOC AJ denied **Plaintiff's motion**s to amend her 2015 Complaint because the motion "included events that predate[d] and were contemporaneous with the investigation that concluded on July 10, 2016." (Doc. 16-1 at 1.)

When a claim of a discrete act of discrimination is added after an original complaint was filed, that claim is not properly before the Court. *See Basel*, 507 Fed. Appx. at 877. While allegations of harassment, hostile work environment, and retaliation are present on both EEO Complaints, each consists of different discrete acts. Plaintiff never raised race discrimination when speaking with the EEO counselor in 2015, filing her 2015 complaint or amendments to it, or during the administrative investigation of her 2015 complaint. Therefore, any claim for racial discrimination that Armstrong asserts in her judicial complaint which she attempts to base upon allegations her 2015 Complaint is barred. Armstrong did assert race as a basis for her 2017 complaint. However, because any claim **in Armstrong's** complaint based on race discrimination arising out of the 2015 EEO Complaint is separate and discrete from, and does not grow out of the claims in the 2017 EEO

complaint, the race discrimination claims arising out of the 2015 Complaint are due to be dismissed as not administratively exhausted.

In her opposition (doc. 13), Armstrong makes an equitable tolling argument by asserting that she did not originally include race as a basis of the discriminatory acts on account of her lawyer telling her that she could not do so, given that Plaintiff and the person she was accusing of discrimination were the same race. (*Id.* at 2-3.) After participating in ADR, Plaintiff dismissed her attorney and decided to proceed unrepresented to the stage of formal administrative process. *Id.* She argues that she was made aware she could include race as a basis for her EEO complaint only after she was interviewed by the EEO investigator during the administrative process. Nonetheless, because Armstrong had an attorney when she filed her 2015 EEO complaint, she possessed a "means of knowledge" of her rights, and also possessed constructive knowledge of the law at that time. *See Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*, 515 F. 2d 1195, 1200 n. 8 (5th Cir. 1975). Although "equitable tolling may permit consideration of an untimely filing . . . it does not apply to relieve the plaintiff of his responsibility to exhaust, or even begin, his administrative remedies." *Basel*, 507 Fed. Appx. at 876 (citing *Grier v. Sec'y of the Army*, 799 F.2d 721, 724 (11th Cir. 1986)). Equitable tolling does not apply to a plaintiff's delay or negligence. *See Bryant v. U.S. Dep't*

*of Agric.*, 967 F.2d 501, 504 (11th Cir. 1992) ("[T]he principle of equitable tolling does not extend 'to what is at best a garden variety claim of excusable neglect.'"). The Court finds no basis for equitable tolling.

The 2015 EEO Complaint was not amended to include allegations of discrimination based on race and, consequently, the EEOC was not afforded the opportunity to investigate those allegations. As such, any claim based upon race arising out of the 2015 EEO Complaint is due to be dismissed from this action.

B. Claims Arising Out of 2017 EEO Complaint

Defendant initially argued that **all allegations arising out of Plaintiff's 2017 EEO Complaint were not exhausted because Plaintiff did not wait 180 days after filing her 2017 EEO Complaint before filing suit.** In his reply, Defendant preserved its failure to exhaust claim, but also acknowledged that "because 180 days have now passed [since the 2017 Complaint was filed,] . . . **proceeding with Plaintiff's claims in her 2017 complaint that are properly before this Court may be appropriate.**" (Doc. 16 at 3.) Even if Defendant did not concede to the admissibility of the 2017 Complaint in so far as it violated the requirement that 180 days pass before filing suit, the Eleventh Circuit has held that the premature filing of a lawsuit, by itself, does not necessarily constitute a failure to exhaust administrative remedies. *See Brown v. Snow*, 440 F.3d 1259, 1264 (11th Cir. 2006)

(holding that plaintiff "cooperated in good faith with the EEOC, [] his early filing did not prevent the EEOC from investigating his complaint for the full 180 days" and therefore the district court properly refused to dismiss his complaint for failure to exhaust his administrative remedies). As such, the Court finds that timeliness is not sufficient grounds for dismissing the allegations raised in the 2017 Complaint and claims predicated upon those allegations may proceed.

C. Claims brought under 29 C.F.R. 1614 *et seq.*

Defendant argues that Plaintiff's claims under 29 C.F.R. § 1614, *et seq.* should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) because the Federal Sector Equal Employment Opportunity regulations do not provide a cause of action for Plaintiff's discrimination claims. While 29 C.F.R. §1614.103(a) states that § 1614 covers individual complaints of employment discrimination prohibited by Title VII, that regulation concerns only the bases for which EEOC complaints can be made, not those bases actionable in a civil complaint brought in federal district court. Furthermore, the U.S. Supreme Court has held that Title VII provides the exclusive, preemptive judicial remedy available for federal employment discrimination. *Brown v. G.S.A.*, 425 U.S. 820, 821 (1976) (holding that a federal employee's discrimination claim under 42 U.S.C. § 1981

warranted dismissal because Title VII provides the exclusive remedy for such claims).

To the extent that Plaintiff's Complaint can be construed to contain collateral attacks on the EEOC process, those claims are not actionable in U.S. District Court because they would be tantamount to "a dissatisfaction with the processing of a previously filed EEOC complaint." Federal Sector Equal Employment Opportunity Rule, 29 C.F.R. § 1614.107(a)(8) (2012). Because **Plaintiff's pleading does not present a viable legal theory upon which she can** recover, any discrimination claims Armstrong attempts to assert under 29 C.F.R. §1614, *et seq.* are due to be dismissed.

IV. CONCLUSION

For the reasons stated above, **Defendant's** Motion (doc. 12) is granted in part and denied in part, claims arising out of the 2015 Complaint based upon race are dismissed, while those arising out of the 2017 EEO Complaint based upon race may proceed. **Plaintiff's Motion to Deny Defendant's Partial Motion to Dismiss Amended Complaint (doc. 15) is denied.**

DONE and ORDERED on July 9, 2018.

/s/ L. Scott Coogler
L. Scott Coogler
United States District Judge

190685