IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>WESTERN DIVISION</u>

| | |
|---|---|
| RESHAWN ARMSTRONG,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM P. BARR,<br>ATTORNEY GENERAL,<br><br>Defendant. | CIVIL ACTION NO.<br>7:17-CV-1857-LSC |

**<u>DEFENDANT'S MOTION TO DISMISS DEFAMATION/LIBEL CLAIM</u>**

Defendant Attorney General William P. Barr moves to dismiss Plaintiff's defamation/libel claim (Count VII), which she added to her Amended Complaint (Doc. 59). Plaintiff's alleged legal basis for this claim are (1) state law of defamation and libel, Ala. Code §§ 6-5-180 to 6-5-189, and (2) a federal law providing for very limited recognition and enforcement of foreign defamation judgments, 28 U.S.C. § 4101. *Id*. Plaintiff's defamation/libel claim under these statutes is due to be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

1

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Rule 12(b)(1) requests the Court uphold its subject matter jurisdiction by dismissing claims outside its jurisdiction. Fed. R. Civ. P. 12(b)(1); *Gilmore v. Day*, 125 F. Supp. 2d 468, 270 (M.D. Ala. 2000). In order for this Court to hear a cause of action, it must have subject matter jurisdiction over that claim. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts are of limited jurisdiction, and it is the Plaintiff's burden to establish jurisdiction. *Id.* When a court lacks subject matter jurisdiction over a claim, Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss that claim. *See Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1235 (11th Cir. 2008).

Plaintiff must provide a federal subject matter jurisdictional basis for her claims, as "Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute." *Kokkonen*, 511 U.S. at 377. Further, for a cause of action to proceed against the United States, there must be a clear waiver of sovereign immunity, or the Court lacks subject matter jurisdiction. *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The federal government's consent to suit must be strictly interpreted, as it is a relinquishment of sovereign immunity. *Sherwood*, 312 U.S. at 590.Similarly, Federal Rule of Civil Procedure 12(b)(6) provides that a claim for

relief in a pleading may be dismissed when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines*, 836 F.3d 1340, 1347-48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). In evaluating the sufficiency of a complaint, the Court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

## **ARGUMENTS**

I. **THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF DID NOT EXHAUST ADMINISTRATIVE REMEDIES BEFORE FILING SUIT.**

The Federal Tort Claims Act ("FTCA") provides the exclusive remedy for recovery against the United States for common law torts committed by federal

employees acting within the scope of employment. 28 U.S.C. § 1346(b). As a limited waiver of sovereign immunity, the FTCA establishes several conditions precedent to suits against the United States. One such condition mandates that "an action shall not be instituted upon a claim against the United States for money damages" unless the claimant first exhausts his or her administrative remedies by filing a tort claim with the agency which caused the alleged tort. 28 U.S.C. § 2675(a).

In analyzing the administrative tort claim requirement, the Supreme Court has stated: "The interest in orderly administration of this body of [FTCA] litigation is best served by adherence to the straightforward statutory command." *McNeil v. United States*, 508 U.S. 106, 112 (1993). In this Circuit, a plaintiff's failure to exhaust administrative remedies deprives a district court of subject-matter jurisdiction under the FTCA. *E.g.*, *Martinez v. Minnis*, 257 F. App'x 261, 263–64 (11th Cir. 2007); *Lykins v. Pointer, Inc.*, 725 F.2d 645, 647 (11th Cir. 1984); *Gregory v. Mitchell*, 634 F.2d 199, 203–04 (5th Cir. 1981).

Plaintiff failed to exhaust the FTCA's administrative prerequisites to suit and thus is barred from making a tort claim under the FTCA. Plaintiff does not allege that she submitted a FTCA administrative tort claim to the agency. Further, the Bureau of Prisons has searched its records and confirmed that it has not received such a claim from Plaintiff. Chandler Decl., Ex. 1. Thus, Plaintiff's

defamation/libel claim must be dismissed for her failure to exhaust administrative remedies for tort claims against the United States.

## II. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER STATE LAW CLAIMS OF DEFAMATION OR LIBEL

Plaintiff has provided no basis for federal jurisdiction for her state law defamation/libel claim. Instead, she provides only a citation to the Alabama Code sections concerning defamation, libel, and slander. *Id.* ("Relevant State Law: AL Code 6-5-180-6-5-189"). The claim must be dismissed for lack of subject matter jurisdiction.

Under the FTCA, the United States expressly retains sovereign immunity over certain specific torts, such as claims "arising out of . . . libel, slander, misrepresentation . . . ." 28 U.S.C. § 2680(h); *see Banks v. Lapin*, 539 F. Supp. 2d 228, 240 (D.D.C. 2008). The tort of defamation "has been recognized by many courts as [included] by implication" in this exception of libel, slander, and misrepresentation from the FTCA's grant of jurisdiction. *E.g.*, *Matthews v. United States*, 72 Fed. Cl. 274, 280-81 (Fed. Cl. Ct. 2006). *See, e.g.*, *Kugel v. United States*, 947 F.2d 1504, 1506-07 (D.C. Cir. 1991); *Aviles v. Lutz*, 887 F.2d 1046, 1049-50 (10th Cir. 1989); *Hoesl v. United States*, 629 F.2d 586, 587 (9th Cir. 1980); *see also Spinale v. USDA*, 621 F. Supp. 2d 112 (S.D. N.Y. 2009) (dismissing plaintiff's defamation claim against the U.S. Department of

5

Agriculture for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that the United States and its agencies have not waived sovereign immunity for intentional tort claims under the FTCA). Absent a statutory waiver of sovereign immunity, an action against the United States must be dismissed. *Phillips v. United States*, 260 F.3d 1316, 1318 (11th Cir. 2001). Because the federal government has not agreed to waive its sovereign immunity for defamation or libel claims, the Court lacks subject matter jurisdiction over Plaintiff's defamation/libel claim.

### III. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FEDERAL STATUTE FOR RECOGNITION OF A FOREIGN DEFAMATION JUDGMENT.

Plaintiff also appears to attempt to bring a defamation claim in her Amended Complaint based on 28 U.S.C. § 4101. (Doc. 59, at 2). This citation is to the definition section of a federal statute providing for very limited recognition or enforcement of a foreign defamation judgment. 28 U.S.C. § 4101, 4102. The subsequent section, Section 4102, provides: "Notwithstanding any other provision of Federal or State law, a domestic court *shall not* recognize or enforce a foreign judgment for defamation *unless* the domestic court determines, after plaintiff has born her burden, that:

> (A) the defamation law applied in the foreign court's adjudication provided at least as much protection for freedom of speech and press in that case as would be provided by the first amendment to the

> Constitution of the United States and by the constitution and law of the State in which the domestic court is located; or
>
> (B) even if the defamation law applied in the foreign court's adjudication did not provide as much protection for freedom of speech and press as the first amendment to the Constitution of the United States and the constitution and law of the State, the party opposing recognition or enforcement of that foreign judgment would have been found liable for defamation by a domestic court applying the first amendment to the Constitution of the United States and the constitution and law of the State in which the domestic court is located."

28 U.S.C. § 4102(a) (emphasis added). Plaintiff has not pled that she has obtained a foreign judgment for defamation. It is plain that she has not. Thus, Plaintiff cannot even begin to bear the burden of the necessary procedure for a United States district court to recognize or enforce such a judgment. *See, e.g.*, *InvestorsHub.com v. Mina Mar Group*, No. 4:11cv9-RH/WS, 2011 U.S. Dist. LEXIS 87566, at *6-7 (N.D. Fla. June 20, 2011) (declaring a foreign defamation judgment from Canada unenforceable in the United States because Canadian law does not provide as much protection of speech).

Plaintiff has not met her requisite burden to plead a cause of action for defamation based on a federal statute for limited recognition of a foreign judgment of defamation. Therefore, Plaintiff fails to state a claim for relief under 28 U.S.C. § 4101, and any defamation claim based on such statute should be dismissed.

7

# **CONCLUSION**

For the reasons stated above, the Attorney General moves for dismissal of Plaintiff's claim for defamation/libel (Count VII) under Alabama State law and under the federal law for recognition of foreign defamation judgments, 28 U.S.C. § 4101. The claim lacks subject matter jurisdiction because Plaintiff did not file an administrative tort claim and because the United States has not waived its sovereign immunity from libel and defamation claims. Plaintiff has also failed to state a claim for which she is entitled to relief for defamation or libel.

Date: March 11, 2019

Respectfully submitted,

JAY E. TOWN
UNITED STATES ATTORNEY

**s/Sarah C. Blutter**
Sarah C. Blutter
Assistant U.S. Attorney
U.S. Attorney's Office
State Bar No. 3276-v40e
1801 Fourth Avenue North
Birmingham, Alabama 35203
(205) 244-2119 (telephone)
(205) 244-2181 (fax)
Sarah.Blutter@usdoj.gov