# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| RESHAWN ARMSTRONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 7:17-cv-1857-LSC |
| ) | |
| MATTHEW G. WHITAKER, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## MEMORANDUM OF OPINION

Plaintiff Reshawn Armstrong ("Plaintiff" or "Armstrong") brings this action against the United States Attorney General for claims emerging from her employment at FCI Aliceville in Pickens County, Alabama.[1] Before the Court are Defendant's Motion to Dismiss Defamation/Libel Claim (doc. 64.) and Plaintiff's Motion for Leave to File Amended Complaint (doc. 69). Plaintiff has filed her timely response to Defendant's motion to dismiss (doc. 67). The motions are now ripe for review. For the reasons stated below, Defendant's Motion (doc. 64) is due to be granted, and Plaintiff's Motion (doc. 69) is due to be granted in part and denied in part.

---

[1] The Court has ruled on two prior motions to dismiss by Defendant. (*See* Docs. 20 & 46.)

## I. BACKGROUND[2]

The facts of this case were previously discussed by this Court in its two prior Memorandums of Opinion and Orders on Defendant's Motions to Dismiss. (Docs. 20 & 46.) Accordingly, the Court includes only a brief overview of the relevant facts alleged.[3] Plaintiff has been a Federal Bureau of Prisons employee since 2007. Armstrong began work at FCI Aliceville, in Pickens County, Alabama in August of 2012. Currently, Armstrong serves as a Senior Officer Specialist. While at FCI Aliceville, Armstrong has received exceed/excellent and outstanding ratings as well as incentive awards for her job performance. Prior to 2015, Armstrong had no disciplinary actions taken against her.

In 2015, Armstrong began to apply for various jobs and promotions at other institutions within the Department of Justice. When Armstrong applied, she alleges that her supervisors provided a number of false and derogatory reference checks.

---

[2] In evaluating a motion to dismiss, this Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Mills v. Foremost Ins. Co.,* 511 F.3d 1300, 1303 (11th Cir. 2008) (quotation marks and citation omitted).The following facts are, therefore, taken from Plaintiff's allegations contained in the Amended Complaint, and the Court makes no ruling on their veracity.

[3] On February 15, 2019, Armstrong filed a second amended complaint that added new claims against the Defendant. (Doc. 59.) The Court interpreted this as an implied motion for leave to amend and granted Armstrong leave to file her second amended complaint. (Doc. 63.) The allegations in the second amended complaint remained consistent with Armstrong's prior complaints but added a number of claims, including a claim for "defamation/libel." (*Compare* Docs. 1, 10, & 59.) Armstrong has since moved to file another amended complaint that removes certain factual allegations. (Doc. 69.) The facts, for the purposes of this opinion, remain unchanged by Armstrong's proposed amendment.

Armstrong alleges that these reference checks interfered with her promotion to Gl-9 and GS-9/11 positions at other institutions. For example, on March 30, 2015, the Warden at FCI Aliceville is alleged to have falsely stated in her reference check that there was an "open case" of "disciplinary action within the last two years" against Armstrong for job announcement HR-N-2015-009-HON. The Warden again answered yes to the question of whether Armstrong had any disciplinary action against her within the last two years and rated Armstrong job skills as average for job posting HR-N-2015-0009-HON, despite her prior high ratings. Armstrong asserts that the Associate Warden at FCI Aliceville made similar statements in Armstrong's reference checks for job postings MEN-2015-0030-0002, BSG-2015-0040-0001, PHX-2015-00439, HR-N-2015-0007-LOM. Armstrong alleges that at least two reference checks were purposefully written to confuse selecting officials.

In August 2015, Armstrong became aware of these reference checks and met with her EEO Counselor. Subsequently, Armstrong filed an EEO Complaint ("2015 EEO Complaint") alleging discrimination based on sex and retaliation that included her allegations of that the Warden and others at FCI Aliceville were writing false and negative reference checks. After the EEO process was initiated, Armstrong alleges that the Warden admitted "fault" regarding Armstrong's complaints about the contents of the reference checks.

## II. STANDARD OF REVIEW

### a. 12(B)(1)

A motion to dismiss for lack of subject-matter jurisdiction filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a court's statutory or constitutional power to adjudicate a case. Motions to dismiss under Rule 12(b)(1) may take the form of either a facial or a factual attack. *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999). Under a facial attack, the allegations in the complaint are taken as true for the purposes of the motion. *Sea Vessel, Inc. v. Reyes*, 23 F.3d 345, 347 (11th Cir. 1994). A factual challenge, on the other hand, questions the existence of subject matter jurisdiction based on matters outside the pleadings. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Under a factual challenge, the Court may hear conflicting evidence and decide the factual issues that determine jurisdiction. *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

### b. 12(B)(6)

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, in order to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a

complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated another way, the factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). A complaint that "succeeds in identifying facts that are suggestive enough to render [the necessary elements of a claim] plausible" will survive a motion to dismiss. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* If the pleading "contain[s] enough

information regarding the material elements of a cause of action to support recovery under some 'viable legal theory,'" it satisfies the notice pleading standard. *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683–84 (11th Cir. 2001)).

### III. DISCUSSION

#### a. SUBJECT MATTER JURISDICTION

It is well settled that "the United States, as sovereign, is 'immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, provides the exclusive remedy by which a plaintiff may seek redress for an alleged tortious action by the federal government or one of its agents. 28 U.S.C. § 2675(a). Armstrong's tort claim for defamation/libel is encompassed by the FTCA and thus her claim is subject to its requirements.

The FTCA establishes several conditions as precedents to suits against the United States. One of these conditions requires that, before filing suit, a plaintiff bringing an action against the federal government must first "present[ ] the claim

to the appropriate Federal agency." 28 U.S.C. § 2675(a). The Supreme Court has established that no FTCA suit may be initiated unless a claimant has exhausted his or her administrative remedies through this process. *McNeil v. United States*, 508 U.S. 106, 112 (1993). When a plaintiff fails to exhaust her administrative remedies in an FTCA case, the court is deprived of subject-matter jurisdiction. *Id.* The plaintiff has the burden of alleging that he or she has exhausted her administrative remedies in order to survive a motion to dismiss for lack of subject-matter jurisdiction. *Dalrymple v. United States*, 460 F.3d 1318, 1324–26 (11th Cir. 2006); *Pompey v. Coad*, 314 F. App'x. 176, 179 (11th Cir. 2008) (per curiam).

Armstrong has failed to allege that she has exhausted her remedies by submitting her tort claim to the relevant agency.[4] Although Armstrong did make an EEO complaint in 2015 that mentioned the reference checks, her allegations were based on claims of sex discrimination and provided no notice of any action under the FTCA such that the United States would have received notice of her defamation/libel claim. Because Armstrong has failed to fulfill the pre-filing procedural requirements of the FTCA, this Court does not have subject-matter jurisdiction over her defamation/libel claim and it is due to be dismissed. Even if Armstrong had exhausted her administrative remedies, her defamation/libel claim

---

[4] The Bureau of Prisons has no record of Armstrong filing an administrative tort claim against it. (Doc. 64-1.)

would still be barred. The United States has not waived its sovereign immunity in regard to defamation and libel claims. *See* 28 U.S.C. § 2680 (h) (noting that the United States has not waived immunity to "any claims arising out of. . . libel, slander, misrepresentation, deceit, or interference with contractual rights. . . ."); *Metz v. United States*, 788 F.2d 1528, 1536 (11th Cir. 1986); *O'Ferrell v. United States*, 253 F.3d 1257, 1265–66 (11th Cir. 2001). Accordingly, Armstrong's claim for defamation/libel would be non-actionable.

### b. Failure to State a Claim

Armstrong cites 28 U.S.C. § 4101 as providing a basis for a defamation/libel claim against Defendant. Section 4101, however, provides definitions for the purposes of 28 U.S.C. § 4102. Section 4102 provides a mechanism for the recognition of foreign defamation judgments. Armstrong has not alleged that she has received a judgment for defamation that would fall under the auspice of § 4102. Accordingly, section 4101 does not provide a basis for Armstrong to bring a defamation/libel claim under federal law. Therefore, Armstrong's claim for defamation/libel under §4101 is due to be dismissed for failure to state a claim.

### c. Motion for Leave to Amend

Plaintiff has filed a motion to amend her second amended complaint to dismiss certain allegations without prejudice. (Doc. 69.) Armstrong's motion to

amend her complaint is due to be granted.[5] The Court, however, will strike the defamation/libel claim in Plaintiff's proposed amended complaint. As discussed above, Plaintiff has failed to satisfy the jurisdictional perquisites to bring such a claim[6], and the United States has not waived its sovereign immunity in regard to this claim. Accordingly, Armstrong may not maintain her defamation/libel claim.

Additionally, the Court notes that Armstrong's race discrimination claim is due to be struck. The Court in ruling on a prior motion to dismiss found that Armstrong's claims of race discrimination arising from her 2015 EEO complaint were untimely and accordingly dismissed those claims. (*See* Doc. 20 at 8-12.) Therefore, Armstrong's claims of race discrimination to the extent they are based on her 2015 EEOC are not before this Court as they have already been dismissed. Although the Court found that Armstrong's claims of race discrimination could be maintained based on the allegations contained in her 2017 EEO complaint, Plaintiff has now moved to dismiss without prejudice the claims arising from her 2017 EEO complaint. Accordingly, Armstrong's claims of race discrimination to the extent they are based on her 2017 EEO charged are due to be dismissed without prejudice.

---

[5] The allegations Armstrong seeks to remove from her complaint and dismiss without prejudice were the subject of this Court's Memorandum of Opinion and Order of February 2, 2019. (Doc. 47.)

[6] A review of Armstrong's proposed amended complaint does not cure this defect. (*See* Doc. 69 at 16–20.)

amend her complaint is due to be granted.[5] The Court, however, will strike the defamation/libel claim in Plaintiff's proposed amended complaint. As discussed above, Plaintiff has failed to satisfy the jurisdictional perquisites to bring such a claim[6], and the United States has not waived its sovereign immunity in regard to this claim. Accordingly, Armstrong may not maintain her defamation/libel claim.

Additionally, the Court notes that Armstrong's race discrimination claim is due to be struck. The Court in ruling on a prior motion to dismiss found that Armstrong's claims of race discrimination arising from her 2015 EEO complaint were untimely and accordingly dismissed those claims. (*See* Doc. 20 at 8-12.) Therefore, Armstrong's claims of race discrimination to the extent they are based on her 2015 EEOC are not before this Court as they have already been dismissed. Although the Court found that Armstrong's claims of race discrimination could be maintained based on the allegations contained in her 2017 EEO complaint, Plaintiff has now moved to dismiss without prejudice the claims arising from her 2017 EEO complaint. Accordingly, Armstrong's claims of race discrimination to the extent they are based on her 2017 EEO charged are due to be dismissed without prejudice.

---

[5] The allegations Armstrong seeks to remove from her complaint and dismiss without prejudice were the subject of this Court's Memorandum of Opinion and Order of February 2, 2019. (Doc. 47.)

[6] A review of Armstrong's proposed amended complaint does not cure this defect. (*See* Doc. 69 at 16–20.)

Armstrong's claims of sex discrimination, including failure to promote, disparate treatment, retaliation, harassment, and hostile work environment, arising from her 2015 EEO complaint as well as her claims for violations of the Fair Labor Standards Act ("FLSA") and intentional infliction of emotional distress[7] remain pending before this Court. The Clerk of Court is instructed to style Armstrong's Motion for Leave to File Amended Complaint (doc. 69) on the docket as an amended complaint. The Court will now treat the amended complaint located in docket entry 69 as Plaintiff's final amended complaint.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion (doc. 64) is due to be granted, and Armstrong's Motion (doc. 69) is due to be granted in part and denied in part. The Court will now treat the proposed amended complaint in docket entry 69 as Plaintiff's final amended complaint, except that as stated above Armstrong's claims for defamation/libel and race discrimination are due to be struck. Plaintiff's claims of sex discrimination, including failure to promote, disparate treatment, retaliation, harassment, and hostile work environment, arising from her 2015 EEO complaint as well as her claims for violations of the FLSA and intentional infliction of emotional distress remain pending.

---

[7] The Government has not moved to dismiss Armstrong's claim for intentional infliction of emotional distress.

**DONE** and **ORDERED** on May 6, 2019.

                                                    L. Scott Coogler
                                          United States District Judge

195126