FILED

2019 Jul-03  PM 02:18
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| RESHAWN ARMSTRONG, *pro se*, | ) ) ) | |
| Plaintiff, | ) ) | 7:17-cv-01857-LSC |
| v. | ) ) | |
| MATTHEW G. WHITAKER, | ) ) | |
| Defendant. | ) ) | |

## Order

Before the Court is Plaintiff Reshawn Armstrong's Motion to Strike Defendant's Answers and Affirmative Defenses. (Doc. 78.) Under Rule 12(f), a Court may only strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are disfavored and "a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Escambia Cty, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)[1] (quoting *Brown & Williamson Tobacco Corp. v. U.S.,* 201 F. 2d 819, 822 (6th Cir. 1953)).

---

[1]     In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc),  the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Upon review, Armstrong has not demonstrated cause for Defendant's denials to be struck or that she is prejudiced by any of these denials. Armstrong may disagree with Defense Counsel's tactics in answering her complaint and ultimately the veracity of such representations. However, debates regarding whether Defendant is being truthful in regard to disputed factual allegations and Defendant's thoroughness in answering Plaintiff's Third Amended Complaint are not a ground for the Court to strike Defendant's answer. Accordingly, Plaintiff's Motion (doc. 78) is DENIED in regard to Armstrong's request to strike Defendant's answer.

Rule 8(b)(1)(A) provides that, in general, when responding to a pleading a party must "state in short and plain terms its defenses to each claim asserted against it." Rule 8(c) specifically addresses affirmative defenses, requiring parties to "affirmatively state any avoidance or affirmative defenses, including: accord and satisfaction; arbitration and award; assumption of risk . . . ." Fed. R. Civ. P. 8. The Eleventh Circuit has not extended the pleading requirements of Rule 8(a) to affirmative defenses. *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988). Instead, the Eleventh Circuit has stressed that "[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *Id.*

Defendant has complied with the requirements of Rule 8. Defendant's pleading has apprised Plaintiff of what it will argue both by affirmatively stating the defenses it will rely upon and providing notice to Plaintiff as to disputed elements of her case in chief, which is all the Eleventh Circuit requires. *Hassan*, 842. F.2d at 263. Plaintiff will have her opportunity to refute the veracity of Defendant's answer and defenses with further evidence and legal argument at the later stages of this litigation. Accordingly, Plaintiff's Motion to Strike (doc. 78) is DENIED.

Also before this Court is Plaintiff's Motion for Clarification. (Doc. 82.) In response, the Court states that in entering the scheduling Order it adopted the dates as set forth. All other deadlines are subject to either the agreement of the parties or the deadlines imposed by this Court's Uniform Initial Order. Accordingly, Plaintiff's Motion for Clarification (doc. 82) is TERMINATED AS MOOT.

The Court has also received Plaintiff's Motion for Hearing. (Doc. 83). It appears to this Court that the motion may still be amenable to resolution in whole or in part by agreement of the parties. It is therefore hereby ORDERED that the parties shall confer and shall attempt to resolve their differences regarding the discovery at issue. This Court will hear argument and rule upon this motion only if the parties file a further statement with this Court certifying that, after personal consultation and sincere efforts to do so, they have been unable to resolve this matter satisfactorily.

Unless such a statement is filed on or before Thursday, July 25, 2019, at 4:00 PM, this Court will consider the motion moot and will enter an order to that effect. If such a statement is filed on or before Thursday, July 25, 2019, this Court will hear argument and rule upon the motion at a hearing set for Monday, July 29, 2019, at 2:00 PM, at the United States Federal Building and Courthouse, Tuscaloosa, Alabama, before Judge L. Scott Coogler.

Counsel are reminded that this Court will impose sanctions against the losing party in accordance with Federal Rule of Civil Procedure 37, in the absence of substantial justification for the losing party's position.

**DONE** and **ORDERED** on July 3, 2019.

L. Scott Coogler
United States District Judge

195126