FILED

2019 Sep-13  PM 04:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# United States District Court
## for the
## Northern District of Alabama
## Western Division



2019 SEP 13  P 4: 18

N.D. OF ALABAMA

| | |
|---|---|
| Reshawn Armstrong, Plaintiff (Pro Se)<br><br>v.<br><br>William Pelham Barr; U.S. Attorney General; Head of Department of Justice Federal Bureau of Prisons, Defendant | Case No. **7:17-cv-01857-LSC**<br><br>**"PLAINTIFF"S RESPONSE BRIEF IN OPPOSITION TO DEFENDANT'S MOTION AND BRIEF IN SUPPORT OF SUMMARY JUDGMENT FOR DEFENDANT"** |

**<u>Plaintiff's Response Brief in Opposition to Defendant's Motion and Brief In Support of Summary Judgment For Defendant</u>**

The Plaintiff Ms. Reshawn Armstrong (Pro Se) hereby responds and opposes Defendant's

Motion and Brief In Support of Summary Judgment for Defendant pursuant to Federal

Rules Civil Procedure 56.

Respectfully Submitted

Reshawn Armstrong (Pro Se)
1130 University Blvd.
B9-620
Tuscaloosa, Alabama 35401
Ra1111@ymail.com
(205) 861-5979

# Table of Content

I, Plaintiff Statement of Facts ---------------------------------------------- 3

   A. Plaintiff Response To Defendant Statement --------------------- 3 – 18

   B. Additional Undisputed Facts --------------------------------------- 19 - 25

   C. Additional  Disputed Facts ----------------------------------------- 26

II, Argument ----------------------------------------------------------------- 26 - 27
'
III Relevant Legal Authorities --------------------------------------------- 27 - 29

IV Conclusion --------------------------------------------------------------- 30

# United States District Court
## for the
## Northern District of Alabama
## Western Division

| | |
|---|---|
| Reshawn Armstrong, Plaintiff (Pro Se) <br><br> v. <br><br> William Pelham Barr; U.S. Attorney General; Head of Department of Justice Federal Bureau of Prisons, Defendant | Case No. **7:17-cv-01857-LSC** <br><br> **"PLAINTIFF"S RESPONSE BRIEF IN OPPOSITION TO DEFENDANT'S MOTION AND BRIEF IN SUPPORT OF SUMMARY JUDGMENT FOR DEFENDANT"** |

### Plaintiff's Response Brief in Opposition to Defendant's Motion and Brief In Support of Summary Judgment For Defendant

The Plaintiff Ms. Reshawn Armstrong (Pro Se) hereby responds and opposes Defendant's

Motion and Brief In Support of Summary Judgment for Defendant pursuant to Federal

Rules Civil Procedure 56. The Plaintiff respectfully states the following:

### I. Plaintiff Statement of Facts

**A. Plaintiff's Response to Defendant's Statements:**

1. Defendant's Statement of Fact Paragraph 1 is Undisputed.

2. Defendant's Statement of Fact Paragraph 2 is Undisputed

3. Defendant's Statement of Fact Paragraph 3 is Undisputed

4. Defendant's Statement of Fact Paragraph 4 is Undisputed.

5. Defendant's Statement of Fact Paragraph 5 is Undisputed.

6. Dispute Armstrong applied for a GS-8 promotion on USA Jobs. Ex A, Pl. Dep. 86:12-14.

Response 6:  Plaintiff Objects Promotion was in 2012 not 2015. (Armstrong Dep. Pg 86 Lines 11-12)

7. Defendant's Statement of Fact Paragraph 7 is Undisputed.

8. Defendant's Statement of Fact Paragraph 8 is Undisputed.

9.  Defendant's Statement of Fact Paragraph 9 is Undisputed.

10. Dispute. When inmates first came in January 2013, Armstrong worked in the camp until 2014, doing inmates' accountability, counts, supervising, and making sure they did not have contraband. Id. 93:22-94:8.  (Ex I) (Ex P)

Response 10: Although admit No. 10. Plaintiff also work control center and as escort officer in 2013 and 2014.  (Ex I) (Ex P)

11. Defendant's Statement of Fact Paragraph 11 is Undisputed.

12. Defendant's Statement of Fact Paragraph 12 is Undisputed.

13. Defendant's Statement of Fact Paragraph 13 is Undisputed.

14. Defendant's Statement of Fact Paragraph 14 is Undisputed.

15. Dispute. At the rear gate, Armstrong interacted with camp inmates, who were working, such as dropping off packages or cleaning; her only interaction with FCI inmates was when they were escorted and cuffed. Id. 158:13-160:10.  (

Response 15: Plaintiff Objects to "only interaction" The Plaintiff as the female Escort Officer is the one who has to cuff and prepare the Inmate for the medical trip. (159 : 3-4)

16. Defendant's Statement of Fact Paragraph 16 is Undisputed.

17. Dispute. Armstrong thought the utilities employees were not supposed to use the rear gate for entry to the institution. Id. 99:4-100:2.

Response 17:  Plaintiff Objects to "thought". (Armstrong Dep. Pg 100 Lines 17-20)

18. Defendant's Statement of Fact Paragraph 18 is Undisputed.

19. Dispute. There was not a rule against the utilities staff going through the rear gate.
Id. 99:23-25.

Response 19: Plaintiff Objects. The procedures are for staff to enter/exit through the main
entrance. (Armstrong Dep. pg 103-Lines 22-35; pg 104 line 1-4)  (Ex K)

20. Defendant's Statement of Fact Paragraph 16 is Undisputed.

21. Dispute. Armstrong left the rear gate in March 2016 to go to mobile. Her duties consist
of "riding around the institution, the grounds, just making sure nobody is . . . on the
grounds that they shouldn't be and making sure nobody is trying to escape, and if they
call us, I go check it out. Just pretty much riding around" in a BOP truck.
Id. 148:4-14; 21-23; 149:1-2; 9-10.

Response 21: Plaintiff's Object. Plaintiff states she left rear gate due to continuous
harassment and Management ignoring report of hostile work environment  (EX H at 22-26 )

22. Defendant's Statement of Fact Paragraph 22 is Undisputed.

23. Defendant's Statement of Fact Paragraph 23 is Undisputed.

24. Defendant's Statement of Fact Paragraph 24 is Undisputed.

25. Defendant's Statement of Fact Paragraph 25 is Undisputed

26. Dispute. Armstrong is making about $65,000 now as her salary. *Id.* 314:5-9.

Response 26: Plaintiff object to salary, admit to making around 65,000 (Armstrong Dep.
line 7).

27. Defendant's Statement of Fact Paragraph 27 is Undisputed

28. Defendant's Statement of Fact Paragraph 28 is Undisputed.

29. Defendant's Statement of Fact Paragraph 29 is Undisputed.

30. Dispute. The last time Armstrong supervised inmates was probably 2015.

Id. 161:5-7.

Response 30: Plaintiff's Object. Plaintiff supervised inmates throughout 2015 until she

went to Mobile in 2016. There were even times  she had to write incident report of inmates

code violations.

31 Defendant's Statement of Fact Paragraph 31 is Undisputed.

32. Defendant's Statement of Fact Paragraph 32 is Undisputed.

33. Defendant's Statement of Fact Paragraph 33 is Undisputed.

34. Defendant's Statement of Fact Paragraph 34 is Undisputed.

35. Dispute. Armstrong does not have a counseling degree. Id. 167:4-18

Response 35: Plaintiff's Object. Plaintiff did not apply for a social worker or psychologist

position. (Armstrong Dep. pg 167 Lines 4-15)

 36. Dispute. Plaintiff has never served as a unit officer. Id. 159:15-16.

Response 36: Plaintiff's Object.  Plaintiff stated "yes" (ERRATA SHEET (pg 5) 159:16)

 37. Dispute. Armstrong never supervised BOP employees. Id. 160:22-161:4.

Response 37: Plaintiff's Object Plaintiff has mentor/trained new Officers. (Armstrong

Dep. Pg 161 Lines 1)

38. Defendant's Statement of Fact Paragraph 38 is Undisputed.

39. Dispute. Armstrong has never been officer in charge in a FCI or penitentiary.

Id. 165:20-166:11.

Response 39: Plaintiff's Objects. Plaintiff has worked as officer in charge (OIC).

Armstrong Dep. Pg 165 Lines 22-23)

Armstrong Dep. Pg 165 Lines 22-23)

40.  Defendant's Statement of Fact Paragraph 40 is Undisputed.

41.  Defendant's Statement of Fact Paragraph 41 is Undisputed.

42. In 2015, Associate Warden Ma'at asked Armstrong to be a temporary acting lieutenant, and Armstrong declined. *Id.* 188:7-16; 188:23-189:4.

Response 42: Plaintiff Object. Admit, but reason why is because Plaintiff did not want to get caught up in anything (Armstrong Dep. pg 188 lines 18-22).

43. Defendant's Statement of Fact Paragraph 43 is Undisputed.

44. Defendant's Statement of Fact Paragraph 44 is Undisputed.

45. Defendant's Statement of Fact Paragraph 45 is Undisputed

46. Defendant's Statement of Fact Paragraph 46 is Undisputed

47. Defendant's Statement of Fact Paragraph 47 is Undisputed

48. Dispute. On May 31, 2013, Plaintiff was arrested for domestic violence.

Ex. H, Pl. discipline file, at BOP_001917

Response 48: Plaintiff Objects. Statement is irrelevant (Armstrong's Dep. pg 57 Lines 6-8; pg 65 lines 20-23; Errata Sheet (pg 2) 57:18)

49. Dispute. At the time, Armstrong was in a relationship with BOP co-worker Malinda Belton, and they lived together. Ex. A, Pl. Dep. 12:18-13:24.

Response 49: Plaintiff Objects. Statement is irrelevant (Armstrong's Dep. pg 57 Lines 6-8; pg 65 lines 20-23; Errata Sheet (pg 2) 57:18)

50. Dispute. Belton told police that Armstrong grabbed her hair and neck; became angry and pushed her to the floor; pulled her hair; and began choking her. Id. 58:1-6.

Response 50: Plaintiff Objects. Statement is irrelevant (Armstrong's Dep. pg 57 Lines 6-8; pg 65 lines 20-23; Errata Sheet (pg 2) 57:18)

51. The police charged both employees with domestic violence. Id. at 18:7-9.

Response 51: Plaintiff Objects. Statement is irrelevant (Armstrong's Dep. pg 57 Lines 6-8; pg 65 lines 20-23; Errata Sheet (pg 2) 57:18)

52. Dispute. A domestic violence conviction can result in a law enforcement officer's inability to carry a weapon and thus work in law enforcement anymore.  Id. 14:8-19.

Response 52: Plaintiff Objects. Statement is irrelevant (Armstrong's Dep. pg 57 Lines 6-8; pg 65 lines 20-23; Errata Sheet (pg 2) 57:18)

53. Defendant's Statement of Fact Paragraph 53 is Undisputed.

54. Defendant's Statement of Fact Paragraph 54 is Undisputed.

55. Defendant's Statement of Fact Paragraph 55 is Undisputed

56. Defendant's Statement of Fact Paragraph 43 is Undisputed.

57. Defendant's Statement of Fact Paragraph 57 is Undisputed.

58. Dispute. Based on Armstrong's knowledge, four lieutenants went through the investigative group while the investigation into her domestic violence arrest was pending. Id. 44:9-45:2.

Response 58: Plaintiff Object "pending", Plaintiff did not hear anything else about an investigate until after she filed her compliant in2015. (Armstrong Dep. Pg 45 Lines 9-10)

59. Dispute. An investigation into Armstrong's misconduct was open at the time of Armstrong's reference checks in 2015. Ex. H, Pl. Discipline File, BOP_001907.

Response 59:  Plaintiff Object. Second Affidavit/Investigation was never conducted.

(                                          )

60. Dispute. Armstrong found out that there was still an open disciplinary case on her after she filed her EEO complaint about her 2015 reference checks. Ex. A, Pl. Dep 48:17-23.

Response 60: Plaintiff Object to "disciplinary case" Plaintiff was told she still had an open case after she filed an EEO complaint. (Armstrong Dep. Pg 48 Lines 19-22)

61. From Warden Adduci's perspective, there was an open disciplinary case on Armstrong when she completed reference checks on Armstrong in 2015. Id. 50:3-13

Response 61: Plaintiff Object and assert reference checks ask nothing about investigations (Armstrong Dep. Pg 50 Lines 14-20)

62. Dispute. Warden Washington-Adduci did not give false reference checks to Ms. Armstrong. Ex. B, Adduci Aff. at BOP_00447.

Response 62: Plaintiff Object. Adduci gave inappropriate references check which violates policy.  (Armstrong Dep. Pg 226 Line 3; Armstrong Dep. Pg 224 Lines 9-13)

63. Defendant's Statement of Fact Paragraph 63 is Undisputed.

64. Dispute. Ma'at was not sure if Armstrong got disciplinary; he filled out reference checks based on information he had at the time. Id.

Response 64: Plaintiff Object. Ma'at stated yes to numerous reference (Armstrong doc 69 E. at 16-24)

65. Dispute. Plaintiff ultimately was suspended for three (3) calendar days for discreditable behavior under the standards of employee conduct, based on the physical altercation resulting in an arrest on May 31, 2013. Id. at BOP_001900.

Response 65: Plaintiff Object. Defendant can not produce admissible evidence to support this statement because the Plaintiff was never suspended.

66. Defendant's Statement of Fact Paragraph 66 is Undisputed.

67. Dispute. Armstrong thinks reference checks should be done by looking at evaluations Id. 199:24-200:2.

Response 67: Plaintiff Object to think. (Armstrong Dep. pg 200 line 2)

68. Dispute. Armstrong believes that everyone who is best qualified for a position is equally qualified, regardless of applicable experience. Id. 206:21-207:6; 210:18-24.

Response 68: Plaintiff Object to "believe" (Armstrong Dep. pg 201 lines 4-6)

69. Defendant's Statement of Fact Paragraph 69 is Undisputed.

70. Warden Adduci gave Armstrong "all above average" in her reference checks, *Id.* 198:17-18, and wrote that she would employ Armstrong in the position. Ex.E, Honolulu Ref. Check, at 8.

Response 70: Plaintiff Object. Plaintiff admits but state Adduci also sated open case on reference check  (Armstrong dep pg 223 lines 22-23).

71. Defendant's Statement of Fact Paragraph 71 is Undisputed.

72. Dispute. Armstrong admits that is was not false for Adduci to write "open case"; however Armstrong believes it was improper because that was not the question asked on the reference check. Ex. A, Pl. Dep. 223:22-224:10.

Response 72: Plaintiff Object. Plaintiff did not admit was not false (Armstrong Dep. Pg 226 Line 3; Armstrong Dep. Pg 224 Lines 9-13)

73. Dispute. FCI Aliceville managers Ma'at and Adduci were not decision makers for the positions to which Plaintiff applied where Plaintiff contests the reference checks. Ex. D, Platis Decl. at 2.

Response 73: Plaintiff Object. Plaintiff state Ma'at and Adduci may not have been but they had influence on decision making. (doc 69 E. at 10-11)

74. Defendant's Statement of Fact Paragraph 76 is Undisputed.

75. Dispute. Being on the best-qualified list does not mean Plaintiff or any other individual was the best-qualified candidate for any of the positions. Ex. D, Platis Decl. at 2.

Response 75: Plaintiff Object. The BQ list are the highest ranking applicants qualified for the position ( cited: UsAJobs; Amuly Pp)

76. Defendant's Statement of Fact Paragraph 76 is Undisputed.

77. Defendant's Statement of Fact Paragraph 77 is Undisputed.

78. Dispute. No selections were made off the BQ list for announcement PHX-2015-0049, Correctional Counselor, FCI Phoenix. Ex. D, Platis Decl. at 2.

Response 78: Plaintiff Object. Plaintiff was qualified for Job (Plaintiff Affidavit pg 2 at 3)

79. Dispute. The selected candidate for the Phoenix correctional counselor position received noncompetitive consideration. Id.

Response 79: Plaintiff Object. Plaintiff was qualified for Job (Plaintiff Affidavit pg 2 at 3)

80. Defendant's Statement of Fact Paragraph 80 is Undisputed.

81. Defendant's Statement of Fact Paragraph 81 is Undisputed.

82. Dispute. The reference check for supervisory correctional officer, lieutenant, in San Diego stated that Armstrong did not have disciplinary action; Armstrong did not get the position. Ex. A, Pl. Dep. 229:3-230:1.

Response 82: Plaintiff Object. Reference checks false and derogatory skill/ability ratings (doc 69 E. at 10).

83. Dispute. Armstrong's reference checks for job announcement HR-N-2015-007-LOM,

for Lieutenant GS-09/11 at FCC/USP Lompoc, indicated "none" for Plaintiff's discipline. Ex. C, Lompoc Ref. Checks.

Response 83:  Plaintiff Object. Reference checks false and derogatory skill/ability ratings (doc 69 E. at 10)

84. Dispute. Armstrong believes Warden Adduci wrote "open case" on her reference check because Armstrong "know we were short on female staff." Ex. A, Pl. Dep. 72:1-12.

Response 84:  Plaintiff Object to "believes" (Armstrong Dep pg 72 lines 2-12)

85. Defendant's Statement of Fact Paragraph 85 is Undisputed.

86. Dispute. Warden Adduci never said "we need females"; "we need black females" or any similar comments Id. 201:17-202:17.

Response 86: Plaintiff Object to "similar comment" (Armstrong's dep pg 201 line 21-22)

87. Dispute. Adduci did not say why she allegedly said it was not Armstrong's time yet to promote. Id. 201:17-202:17.

Response 87: Plaintiff Object to "allegedly" (Armstrong's dep pg 201 line 21-22)

88. Defendant's Statement of Fact Paragraph 88 is Undisputed.

89. Defendant's Statement of Fact Paragraph 89 is Undisputed.

90. Dispute. Armstrong only knows that "with my reference check, with me being BPT, a female, a black female as that – as Ma'at put it, very valuable." Id. 72:19-22.

Response 90: Plaintiff Object to "only knows" (Plaintiff Affidavit pg 1-3 at 1-34).

91. Dispute. Armstrong alleges that Associate Warden Sekou Ma'at (Black) told her that she was "very valuable staff. You're black, you're female." Id. 193:20-22; 195:8-9.

Response 91: Plaintiff object to "alleges" (Armstrong Dep pg 193: 22-23) (Plaintiff Affidavit pg 2 at 10-11)

92. Reshawn can be a male name and a female name, and one reviewing a resume would not necessarily know Armstrong's gender. *Id*. 209:12-17.

Response 92: Plaintiff Object. Adduci and Sekou knew Plaintiff was a female. (doc 69 E. statement of fact at 11)

93. Defendant's Statement of Fact Paragraph 93 is Undisputed.

94. Dispute. Armstrong has no evidence of sex animus toward her by anyone outside of FCI Aliceville management. Id. 253:5-254:21.

Response 94: Plaintiff Object to no evidence (Plaintiff Affidavit pg 2 at 8-22)

95. Dispute. The only comments Plaintiff alleges are evidence of sex discrimination are one comment from Adduci and one from Ma'at. Id. 285:9-18.

Response 95: Plaintiff Object. Also reference checks (Armstrong dep. pg 285 line 9-13)

96. Dispute. Ma'at supported Armstrong as an employee. Id. 344:24-25.

Response 96: Plaintiff Object to supported (Armstrong Dep. pg 345 lines 1-4)

97. Defendant's Statement of Fact Paragraph 97 is Undisputed.

98. Defendant's Statement of Fact Paragraph 98 is Undisputed.

99. Armstrong alleges that on October 14, 2015, a facilities employee, tool room officer Hudson, went inside the institution to the control center to get his keys and radio; went back to his car; drove his car to the rear gate; and asked Armstrong to let him in the rear gate to get to his office. Id. 100:24-10:9; Ex. I, Pl. Compl. re Hudson.

Response 99: Plaintiff Object to "alleges" Armstrong Dep. pg 101 lines 1-18)

100. Dispute. Armstrong alleges that she told Hudson that he could not got through the rear gate, and Hudson stayed for ten minutes "harassing" her. Id. 101:9-10

Response 100: Plaintiff Object to "alleges" Armstrong Dep. pg 101 lines 1-18)

101. Defendant's Statement of Fact Paragraph 101 is Undisputed.

102. Defendant's Statement of Fact Paragraph 102 is Undisputed.

103. Dispute. Armstrong did not feel physically threatened by Hudson at any time.
Id 298:11-15.

Response 103: Plaintiff Object to "at any time" (Armstrong Dep. pg 101lines 1-11).

104. Defendant's Statement of Fact Paragraph 104 is Undisputed.

105. Defendant's Statement of Fact Paragraph 105 is Undisputed.

106. Defendant's Statement of Fact Paragraph 106 is Undisputed.

107. Armstrong alleges that Hudson then left and returned with a BOP vehicle to go
through the gate, which she opened for him. Id. 101:18-25.

Response 107: Plaintiff Object to "alleges" (Armstrong Dep.  pg 101 lines 18-24)

108. Dispute. Armstrong agrees that employees may go in and out of the rear gate for their
utility work. *Id.* 104:8-10.

Response 108: Plaintiff Object to "agrees" (Armstrong Dep. pg 105 lines 8-9)

109. Dispute. Armstrong admits that facilities workers can walk in and out of the facility
by themselves without an escort. Id. 103:3-9.

Response 109: Plaintiff Object to "admit" (Armstrong's Dep. pg 103 lines 23-25; pg 105
lines 1-4; lines 8-9) (                         )

110. Dispute. Plaintiff sent a memo to Warden Adduci complaining about the incident with
Officer Hudson on November 17, 2015. Ex. I, Pl. Compl. re Hudson.

Response 110: Plaintiff Object to 17. Should be 27th. (doc 26. EX 23-a pg 88)

111. Dispute. Warden Washington-Adduci sent the Captain and Associate Warden to the rear gate to resolve arguments and issues between Ms. Armstrong and other staff. Ex. B, Adduci Aff. at 5.

Response 111: Plaintiff Object. Management did not come to rear gate to resolve issues. Plaintiff stated retaliation (Formal EEO Compliant page 4 at 3; page 5 at 4-6)

112. Defendant's Statement of Fact Paragraph 112 is Undisputed.

113. Defendant's Statement of Fact Paragraph 113 is Undisputed.

114. Dispute. Armstrong alleges that on October 8, 2015, Demetrius Heatrice and another co-worker brought a truck into the rear gate with an escort officer, and when he came back, he did not have the same escort officer. Armstrong refused to open the door back up because the same officer who signed the paperwork has to bring the truck out.
Id. 299:1-300:6.

Response 114:  Plaintiff Object to "allegedly" (Formal EEO Compliant page 4 at 3)

115. Dispute. Heatrice allegedly said to Armstrong, "we all wear blues here, it don't matter" and got verbally aggressive with Armstrong. Armstrong also claims he blocked the door when she went to leave her office. Id. 300:7-302:1.

Response 115: Plaintiff Object to "allegedly" (Formal EEO Compliant page 4 at 3)

116. Armstrong complained about the way Heatrice allegedly treated her. Id. 302:22-24.

Response 116: Plaintiff Object to "allegedly" (Formal EEO Compliant page 4 at 3).

117. Defendant's Statement of Fact Paragraph 117 is Undisputed.

118.  Defendant's Statement of Fact Paragraph 118 is Undisputed.

119. Dispute. No one made any comments to Armstrong about her EEO complaint or talked about her EEO complaint in a negative way. Id. 312:17-23.

Response 119:  Plaintiff object due to she had to remove additional claims (38-66) from civil action (doc 69)

120. Dispute. Armstrong verbally defended herself against Heatrice. Id. 304:21-22.

Response 120: Plaintiff Object. Plaintiff said "move out her way" due to Heatrice blocking of doorway. (Armstrong Dep. pg 304 line 22-23)

121. Defendant's Statement of Fact Paragraph 121 is Undisputed.

122. Dispute. Heatrice did not say anything abusive or threatening after the initial incident. Id. 307:12-21.

Response 122: Plaintiff Object. Behavior intimidating (Armstrong Dep. pg 304 lines 11-23; pg 311 lines 1-10)

123. Dispute. Armstrong did not write any other memos about Heatrice. Id. 308:25-309:1.

Response 123:  Plaintiff Object. Plaintiff was not comfortable around Heatrice after incident and informed Captain verbally of such. (Armstrong Dep, pg 311 lines 1-10)

124. Defendant's Statement of Fact Paragraph 124 is Undisputed.

125. Dispute. Plaintiff filed a grievance on the lieu-of-holiday issue. Id. 275:3-8; 277:1-5.

Response 125: Plaintiff Object. Admit to filing grievance but it was not process. (Formal EEO Compliant pg 4 at 3)

126. Dispute. Plaintiff also claims alleged nonpayment for two hours at ADR and erroneous taking of 10 hours of annual leave are alleged retaliation. Id. 283:17-21.

Response 126: Plaintiff Object to "alleged' and "erroneous" Plaintiff stated retaliation (Formal EEO Compliant page 4 at 3; page 5 at 4-6).

127. Defendant's Statement of Fact Paragraph 127 is Undisputed.

128. Defendant's Statement of Fact Paragraph 128 is Undisputed.

129. Plaintiff first claimed a violation of the Fair Labor Standards Act (FLSA) in her Second Amended Complaint (Doc. 59), filed on February 15, 2019. *Id*. 256:3-24.

Response 129:  Plaintiff Object. Plaintiff first stated in EEO compliant which was accepted into the ROI. (Armstrong's ROI pg 000121 Lines 9-16).

130. Dispute. She did not include this claim in her prior Complaints. Id.; 257:3-5.

Response 130:  Plaintiff Object. She did include prior complaints. (Armstrong's ROI pg 000121 Lines 9-16)

131. Dispute. Plaintiff alleged that non-payment for ADR time and taking of 10 hours of annual leave actions were reprisal before the EEOC. Id. 256:22.

Response 131:  Plaintiff Object. Plaintiff did not say alleged. Cited evidence (Id. 256:22) do not support statement.

132. Dispute. Plaintiff alleges that she was not paid two hours overtime while she attended ADR for her EEO complaint. Id. 257:6-12; 264:11-21.

Response 132:  Plaintiff Object. Plaintiff did not say alleged. Cited evidence (Id. 257:6-12; 264; 11-21) do not support statement.  (Armstrong's Dep. Pg 262 line 16).

133. Defendant's Statement of Fact Paragraph 133 is Undisputed.

134. Dispute. Armstrong does not believe that she received those two hours. Id. 258:3-6.

Response 134: Plaintiff Object to "believe" (Armstrong's Dep. Pg 262 line 16).

135. Dispute. More than three years passed between the alleged nonpayment for ADR time and Plaintiff's FLSA complaint. Id. 259:3-9.

Response 135: Plaintiff Object to "alleged" (Armstrong's Dep. Pg 262 line 16).

136. Dispute. Armstrong was on annual leave the whole week that she came to ADR and was paid for her leave time. Id. 260:1-10; 267:7-18.

Response 136: Plaintiff Object. Plaintiff was at work on November 23, 2015 (Monday) and was not paid (Revised ROI, Tisdale Affidavit pg 000496 at 7) (Plaintiff's Affidavit at 29).

137. Armstrong did not work forty hours that week. *Id.* 259:24-260:13; 268:16-20.

Response 137: Plaintiff Object. Plaintiff went to work on day off for ADR (Armstrong's Dep ERRATA SHEET (pg 8) 260:13)

138. Dispute. Armstrong's second claim of FLSA violation is that management allegedly erroneously took ten hours of annual leave from her while she was at firearm training on October 30, 2015. Id. 278:22-279:5; 280:6-8.

Response 138: Plaintiff Object to "allegedly erroneously". Also other claims of violation was reported.  (Armstrong's ROI pg 000121 Lines 9-16).

139. Dispute. Armstrong was paid for the day that she was charged annual leave. Id. 281:24-281:3.

Response 139:  Plaintiff Object. Plaintiff was at work annual leave should not be used. (Armstrong's Dep. pg 282 lines 3-5)

140. Dispute. Plaintiff's only alleged evidence of intentional wage violations is that they were not corrected to her satisfaction. Id. 284:3-12; 284:23-285:3.

Response 140: Plaintiff Object to "only alleged" and "her satisfaction". Plaintiff stated retaliation (Formal EEO Compliant page 4 at 3; page 5 at 4-6).

141. Dispute. Armstrong did not file a tort claim with the Bureau of Prisons alleging that she was injured under Alabama tort law. Id. 350:15-20.

Response 141: Plaintiff Object. Plaintiff did not know about AL tort but has stated in EEO retaliation which was accepted into the ROI. (Armstrong's ROI pg 000121 Lines 9-16).

142. Dispute. Armstrong did not claim emotional stress – or intentional infliction of

Response 142: Plaintiff Object. Plaintiff states she has suffered IIED. (Armstrong's Dep.

pg 350 Lines 11-14)

## B. Additional Undisputed Facts

1. The Plaintiff Reshawn Armstrong is a female officer.  ( EX  H )

2. The Plaintiff applied for a lateral transfer to FCI Aliceville in 2012.  A, P l . Dep 85:23 -86:11

3. FCI Aliceville is a female institution located in Pickens County Alabama. (EX H )

4. Arcola Washington Adduci was the Warden at FCI Aliceville between 2012 and 2015.
   ( ROI - Rewid) ( EX J )
5. Sekou Ma-at was the Associate Warden at FCI Aliceville between 2012 and 2015. ( EX J )

6. PREA (Prison Rape Elimination Act) prevent male officers working at a female

institution to have any physically contact with female inmates except during emergency

situations.  ( Doc  26 Ex 1 )

7. In 2014 and 2015 FCI Aliceville Management were sending two male officers out on

routine scheduled medical trips of female inmates without a female staff being present. (EX H
at 9 )

8. In 2015 Warden Arcola Washington Adduci told the Plaintiff it was not yet

her time to promote. ( Armstrng Depo . pg 201 Line 21-22 )

9. In 2015 Associate Warden Sekou Ma'at told the plaintiff FCI Aliceville needs more

female staffs with it being a female institution.   ( Ex H )

10. In 2015 Associate Warden Sekou Ma'at told the Plaintiff she was a valuable employee

because she is a female and a female who is BPT certified. ( EX H )

11. In 2016 HR Department had to close for two days due to mass hiring.  ( EX A )

12. The plaintiff yearly evaluations from 2012 though 2016 was rated as excellent and

outstanding with an overall rating as excellent.    ( EX B )

13. The Plaintiff yearly 2015 evaluation was signed off by Sekou Ma'at on March 26, 2015.
   ( EX B )

14. The Plaintiff received not one but two incentive awards in 2015 on March 6, 2015 and May 21, 2015.  (EX C)

15. The purpose of the Incentive Awards Program (Policy 3451.05) is to recognize and reward promptly employees who perform in an exemplary manner or make significant contributions to the efficiency and effectiveness of Bureau operations and to honor those who have served the government faithfully and well.  (EX D)

16. The Plaintiff has a B.S. (4 year degree) in criminology, and past work experience as a correctional officer and law enforcement officer for the state of Florida and has previously served on FCI Aliceville Disturbance Control Team (DCT). (EX H )

17. In addition the Plaintiff was certified in Basic Prisoner Transport (BPT), Central Inmate Monitoring (CIMS), National Crime Information Center and National Law Enforcement Telecommunications (NCIC/NLETS), Inmate Discipline Certification (IDC), Case Management Certification, and learning basic Spanish communication skills (novice).

18. WXR BQ RECAP did not state/list all Plaintiff's training certification and B.S. degree only that she was BPT.  (EX E )

19. The objectives of the Bureau's Diversity Management and Affirmative Employment programs (Policy 3713.29) are to adopt best practices to promote diversity and inclusion, and to identify and remove any barriers for achieving equal employment opportunity. (EX D)

20. In or around March 2015 the Plaintiff started applying for positions within the Department of Justice Federal Bureau of Prisons.  ( EX H ) at 13

21. The Plaintiff was qualified and referred as part of the best qualified group for job announcements HR-N-2015-009-HON, MEN-2015-0030-0002,  BSG-2015-0040-0001 PHX-2015-00439, and HR-N-2015-0007-LOM.  (EX H ) at 13

22. There are two categories of qualified applicants which are "Minimally qualified" and

"Highest Qualified"  ( cited; USAJobs )

23. The "best qualified group" are considered the "highest qualified" applicants and

referred to the next stage. ( cited ; USA Jobs )

24. Reference check asked the following question "Disciplinary Action within the last two

years, if known?"  ( EX F ) ( doc 26 )  ( EX O )

25, Reference check forms do not ask any questions regarding investigation (open cases).
( EX O )

26. Staff's investigations (open cases) do not always lead to disciplinary action being

taken against staffs under investigation. ( Arnoby Dep. pg 49 Lines 18 - 23 )

27. Any investigation stated on reference checks are inappropriate and against

policy/procedures.  ( Ex O )

28. The Plaintiff has never been suspended since her employment with the Department of

Justice Federal Bureau of Prisons.  ( EX F )

29. On March 30, 2015 Arcola Washington Adduci stated "open case" to question "any
( Ex G )
disciplinary action within the last two years, if known", for job announcement HR-N-

2015-0009-HON.  ( Ex G )

30. On April 1, 2015 (for the same job announcement HR-N-2015-0009-HON) Sekou  ( ExG )

Ma'at stated "yes" to disciplinary action within the last two years, if known and gave rating

that contradicts Plaintiff's 2015 evaluations and incentive awards.  ( Ex G )

31. David Martinez (male) was selected for job announcement HR-N-2015-0009-HON. ( Ex G )

32. On April 3, 2015 Sekou Ma'at stated "yes" to disciplinary action within the last two
( Ex G )
years, if known and gave rating that contradicts Plaintiff's 2015 evaluations and incentive

awards for job announcement MEN-2015-0030-0002.  ( Ex G )

33. On April 23, 2015 Sekou Ma'at stated "none" to disciplinary action within the last two years, if known and gave rating that contradicts Plaintiff's 2015 evaluations and incentive awards for job announcement HR-N-2015-0007-0044-EXC-LOM-0005.  (EX G )

33. Joshua Robbison (male) was selected for  HR-N-2015-0007-0044-EXC-LOM-0005. (EXG)

34. On May 7, 2015 Sekou Ma'at stated "unknown" to disciplinary action within the last two years, if known  and gave rating that contradicts Plaintiff's 2015 evaluations and incentive awards for  job announcement HR-N-2015-0007-VIX.  ( EX G )

35. On June 5, 2015 Sekou Ma'at stated "unknown" to disciplinary action within the last two years, if known and gave rating that contradicts Plaintiff's 2015 evaluations and incentive awards for job announcement WIL-2015-0035.  (EXG )

36. On July 7, 2015 Sekou Ma'at stated "yes" to disciplinary action within the last two years, if known  and gave rating that contradicts Plaintiff's 2015 evaluations and incentive awards for  job announcement BSG-2015-0040-0001.  ( EXG )

37. Randolph King (male) was selected foe job announcement BSG-2015-0040-0001.  (EXG )

38. On July 30, 2015 Sekou Ma'at stated "yes" to disciplinary action within the last two years, if known and gave rating that contradicts Plaintiff's 2015 evaluations and incentive awards for  job announcement PHX-2015-0049.  ( EXG )

39. Steven Lauritsen (male) was selected for job announcement PHX-2015-0049.  (EXG )

40. On August 19, 2015 Sekou Ma'at stated "yes" to disciplinary action within the last two years, if known and gave rating that contradicts Plaintiff's 2015 evaluations and incentive awards for  job announcement HR-N-2015-0007-LOM.  ( EX G )

41. Christopher Fernandez (male) was selected for job announcement HR-N-2015-0007-LOM.  ( EX G )

42. On September 9, 2015 Sekou Ma'at stated "Unknown" to disciplinary action within the last two years, if known and gave rating that contradicts Plaintiff's 2015 evaluations and incentive awards for job announcement HR-N-2015-0007-0105-MP-VIM.  (EX G)

43. The Plaintiff Ms. Reshawn Armstrong was not promoted in 2015.  (EX H at 30)

44. The Department of Justice Federal Bureau of Prisons "Diversity Management and Affirmative Employment Programs" policy (3713. 29) requires all managers to demonstrate a firm commitment to equality of opportunity for all employees and applicants for employment and even the best workplace policies and procedures will fail if they are not trusted, respected, and vigorously enforced.  ( EX D )

45. The plaintiff has never had any disciplinary action taken against her at the time reference checks were conducted in 2015.  (EX F )

46. The Plaintiff initiated contact with the Agency EEO Counselor Zelford Thomas on August 21, 2015.  (EX Q)

47. The Plaintiff did not receive her in lieu of holiday entitlement for September 8, 2015.

48. The Plaintiff filed her informal EEO compliant on September 11, 2015 through her attorney (at the time) for hostile work environment and disparate treatment discrimination basis of her sex (female).  (EX Q)

49. On September 18, 2015 Management logged into the roster program and changed Plaintiff daily assignment for September 8, 2015 from "Rear Gate DW" to "Day Off/Rear Gate OT"   ( Doc 26, Ex 17 )

50. On October 14 2015 Plaintiff sent memo to Management concerning hostile work environment at the rear gate concerning Demetrice Heatrice ( Doc 26, EX 20)

51. On November 27, 2015 Plaintiff sent memo to Warden Concerning harassment by Jason Hudson.  (Ex H) at 25

52, Management did not do a treat assessment concerning memo of harassment. (Ex H at 26)

53. The Department of Justice Federal Bureau of Prison has a zero tolerance policy against harassment in the workplace.  (Doc 26; Ex 16-a)

54. On October 29, 2015 the Plaintiff amended her informal EEO compliant through her attorney (at the time)  to include Retaliation and harassment for stopping the formal grievance process and berating Plaintiff to break certain rules, and using intemperate language and behavior designed to intimidate and to create a hostile work environment. (Ex R)

55. On October 30, 2015 Plaintiff was at work for firearm training.  (Ex H at 28)

56. Ten (10) hours of annual leave was used for October 30, 2105 when Plaintiff was at work.  (Ex H at 28)

57. Mediation-ADR (Alternative Dispute Resolution) was scheduled on Plaintiff's regular day off (November 23, 2015) concerning Plaintiff's EEO compliant. (Ex H at 29)

58. FCI Aliceville Management did not pay Plaintiff for her attendance at mediation on November 23, 2015 even after the Plaintiff informed Management she was entailed to such. (Ex H at 29)

59. The Plaintiff filed her formal EEO compliant on December 1, 2015. (Ex H at 30)

60. The Plaintiff charge for domestic violence was dismissed by the state of Alabama in 2013. (Armstrong Dep. pg 57, line 6-8)

61. The Plaintiff arrest of domestic violence was expunged by the state of Alabama in 2015.. (Armstrong Dep Pag 57 Lines 6-8)

62. Plaintiff did not hear anything else concerning 2013 investigation until January 2016 after she filed her EEO Compliant.  (Ex H at 31)

63. FCI Aliceville Management did not conduct separate investigate/affidavit of Plaintiff for as instructed by OIA in 2015. (EX L) (Armstrong Dep. pg 29: 2-13)

64. The Plaintiff was given a proposal letter on December 22, 2016 by the Captain Chandra based on a 2013 affidavit. (Armstrong Dep 45: 13-16)

65. Proposal Letter stated the Warden would make the final decision and Plaintiff could reply to Warden both in writing and orally before final decision would be made. (Armstrong Dep pg 66 21:2

66. Warden Arcola Washington Adduci stated "open case" on Plaintiff reference check yet retired without given the Plaintiff any disciplinary action. (EXN)

67. Warden Patricia Bradley became Warden at FCI Aliceville after Warden Arcola Washington Adduci retired. (EX N)

68. Warden Patricia Bradley made the final decision in February of 2017 and decided a temporary letter of reprimand placed in Plaintiff file for six (6) months would be appropriate due to Plaintiff having no prior disciplinary actions. (EX N)

69. The Defendant acknowledged claims 1 though 37 as been exhausted and appropriately before this court (Doc 12)

70. Plaintiff (pro se) was not given fair notice by Defendant's attorney Sarah C. Blutter that motion for summary judgment would file. (Appendix II par 2)

71. Defendant's Attorney Sarah C. Blutter did not provide a copy of evidence in support of it summary Judgment. (Appendix II par 2)

73. Defendant did not provide all requested discovery by Plaintiff due to official government records being lost. (EX M)

C. Additional Disputed Facts:

## C. Additional Disputed Facts:

1. The Plaintiff did not have any disciplinary action in 2015,  ( E✗ F )

2. The Plaintiff was never suspended.  ( E✗ N )

## II. Argument

The Defendant has not met its initial burden for summary judgment. Genuine disputes still

exists for the above civil action (7:17-cv-01857-LSC). The Defendant's summary

Judgment stated numerous statements knowing the Plaintiff (Pro Se) only has 30 pages in

which to respond to Defendant's statements and then used the remaining pages to present

Plaintiff's opposition to summary judgment. Most of Defendant's statements of material

facts (SOF) are misleading, irrelevant to the compliant, contain false statement(s), emphasis

on an arrest that was dismissed in 2013 and expunged in 2015 by the state of Alabama,

which a second affidavit/investigation was never conducted. Accurse the Defendant will

say it didn't discrimination but the Plaintiff has established her  prima facie and the

Defendant gave no legitimate non-discriminatory reasons to the inconsistencies and

falsification of Plaintiff's reference checks conducted in 2015 by Sekou Ma'at,  why Arcola

Washington Adduci stated open case on Plaintiff reference check yet retired without giving

Plaintiff any disciplinary action, who and/or why was Plaintiff's daily assignment for

September 8, 2015 changed (falsified) on September 18, 2015,  why ten (10) hours of

annual leave was used for a day Plaintiff was at work, and why Plaintiff was not paid for

her attendance at ADR on November 23, 2015. Also the Plaintiff has denied the

Defendant's Affirmative Defenses which the Defendant made no mention of in summary

judgment. The Plaintiff still does not know the basis of Defendant's Affirmation defenses.

The Defendant's Attorney had not been ethical during the discovery stage. She has not

provided requested document and did not give Plaintiff a copy of deposition in which the

Plaintiff had to pay for copy. Also the deposition appears to have been altered (words

deleted and/or added). Throughout this entire case Plaintiff has filed motion s to compel

and hearing requests due to iddues with Discovery. The Plaintiff has provided what she

could but respectfully ask this court to grant additional time for discovery.

## III. Relevant Legal Authorities

42 U.S. Code § 2000e–2 (a) (2) Unlawful Employment Practices states: "It shall be an

unlawful employment practice for an employer to limit, segregate, or classify his

employees or applicants for employment in any way which would deprive or tend to

deprive any individual of employment opportunities or otherwise adversely affect his status

as an employee, because of such individual's race, color, religion, sex, or national origin"

(42 USC 2000e-2(a)(2). The Supreme Courts have repeatedly recognized that summary

judgment is a harsh remedy that should be granted only when the moving party has

established his right to judgment with such clarity as not to give rise to controversy (New

England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977). The federal rule of

civil procedure 56 states "The court shall grant summary judgment if the movant shows

that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." (Fed. R. Civ. P. 56(a). In determining whether a genuine

issue of fact exists, the court must view all facts in the light most favorable to the non-

moving party (Judicial Watch, Inc. v. Consumer Financial Protection Bureau, 985 F. Supp. 2d 1, 6 (D.D.C. 2013). The U.S. Supreme Court has held that for a plaintiff to survive a summary judgment motion, the plaintiff must first demonstrate a rebuttal presumption of discrimination with evidence that shows the following: (1) the employee belonged to a protected class; (2) the employee was qualified for the position; (3) although qualified, the employee suffered an adverse employment action; and (4) the employer treated more favorably similarly-situated employees outside the protected class (or replaced the employee with an individual outside the protected class). If the plaintiff can satisfy this prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse action. The burden then shifts back to the employee to come forward with evidence that this stated reason is a pretext for an unlawful discriminatory motive (McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). The EEOC has published a list of indicators that a federal agency's defense to a charge of discrimination is merely a pretext, adding that "a complainant can demonstrate pretext by showing inconsistencies or contradictions in the evidentiary record such that a reasonable fact finder could find the articulated reason for the agency's action unworthy of credence." Cited https://www.fedweek.com/federal-managers-daily-report/eeoc-lists-indicators-pretexts-discrimination/. The Supreme Court held an employer is liable for hostile work environment harassment by employees who are not supervisors if the employer was negligent in failing to prevent harassment from taking place. In assessing such negligence, the Court explained, the nature and degree of authority wielded by the harasser is an important factor to be considered in determining whether the employer was negligent. Also relevant is evidence that an employer did not monitor the workplace, failed to respond to

complaints, failed to provide a system for registering complaints, or effectively discouraged complaints from being filed (Vance v. Ball State University 1335 S. Ct. 2434 (2013).

## IV. Conclusion

In Conclusion the Defendant Motion for summary judgment should not be granted for the reasons set forth herein Plaintiff's Response Brief in Opposition to Defendant's Motion and Brief In Support of Summary Judgment for Defendant.

**WHEREFORE,** the Plaintiff respectfully ask this Court to deny Defendant's Motion and Brief In Support of Summary Judgment for Defendant and that the above civil action (7:17-cv-01857-LSC) proceed to trial as scheduled for January 13, 2020 so that the Plaintiff may fully present her case.

Date: 9 - 13 - 2019

FREDERICK ALLAN MCCONNELL
NOTARY PUBLIC - STATE OF ALABAMA
STATE - AT - LARGE
MY COMMISSION EXPIRES NOV. 20, 2022

Respectfully Submitted,

Reshawn Armstrong (Pro Se)
1130 University Blvd
B9-620
Tuscaloosa, Alabama 35401
ra1111@ymail.com
(205) 861-5979

THE STATE OF ALABAMA

Jefferson _____ COUNTY

I, **FREDERICK ALLAN MCCONNELL** a Notary Public – State of Alabama at Large, hereby
certify that _Reshawn Latrice Armstrong_____ whose name is signed to the
foregoing instrument or conveyance: Case# 7:17-CV-01857-LSC *____.
and who is known to me, acknowledged before me on this day that, being informed of the
contents of the conveyance, he/she/they executed the same voluntarily on the day the same bears
date.

Given under my hand this __13th__ day of __September__, A. D. 20_19___.

_____

FREDERICK ALLAN MCCONNELL - Notary Public – State of Alabama at Large
My commission expires: 11-20-2022

* Certificate of Service dated 9/13/2019

FREDERICK ALLAN MCCONNELL
NOTARY PUBLIC - STATE OF ALABAMA
STATE - AT - LARGE
MY COMMISSION EXPIRES NOV. 20, 2022

## CERTIFICATE OF SERVICE

This is to certify that on the 13th day of September 2019, I served Plaintiff's Response Brief

in Opposition to Defendant's Motion and Brief In Support of Summary Judgment For

Defendant by placing a copy in the United States Postal Service First Class Mail-Certified

upon the Defendant Attorney whose names and address as listed below:

Sarah C. Blutter
Don Long
Assistant U.S. Attorney
U.S. Attorney's Office for the
Northern District of Alabama
1801 Fourth Avenue North
Birmingham, Alabama 35203

**FREDERICK ALLAN MCCONNELL**
**NOTARY PUBLIC - STATE OF ALABAMA**
**STATE - AT - LARGE**
**MY COMMISION EXPIRES NOV. 20, 2022**

Reshawn Armstrong (Pro Se)

1130 University Blvd B9-620
Tuscaloosa, Alabama 35401
(205) 861-5979
rallll@ymail.com

# Evidentiary Material

Reshawn Armstrong v. William Pelham Barr; U.S. Attorney General

Case Number: Case No. **7:17-cv-01857-LSC**

# Evidentiary Material

## Table of Content

Exhibit A:  HR Mass Hiring Email ——————————— pg 3-4

Exhibit B:  Plaintiff Evaluation ——————————— pg 5-15

Exhibit C:   Plaintiff Awards ——————————— pg 16-18

Exhibit D: BOP Policies ——————————— pg 19-26

Exhibit E:  WXR BQ Recap ——————————— pg 27-28

Exhibit F:   Plaintiff Personnel Files ——————————— pg 29-33

Exhibit G:   Plaintiff Reference Checks ———————————

Exhibit H:  Plaintiff Affidavit ——————————— pg 34-49

pg 50-53

Exhibit I:    Plaintiff Daily Assignments ——————————— pg 54-60

Exhibit J:  Revised ROI ——————————— pg 61-85

Exhibit K: Rear Gate Procedures Email ——————————— pg 86-87

Exhibit L:  OIA Email to SIS ——————————— pg 88-89

Exhibit M: Discovery Log Book Request (Missing Pages Unable To Find) — pg 90-91

Exhibit N:  Letter form Warden ——————————— pg 92-95

Exhibit O: Blank Reference Check Form ——————————— pg 96-97

Exhibit P: Daily Assignment ——————————— pg 98-102

Exhibit Q: Informal EEO Complint (sept 11, 2015) ——————————— pg 103-128

Exhibit R: Amended EEO Infrmal (october 29, 2015) ——————————— pg 129-132

# EXHITBIT
# A

## Reshawn Armstrong - Human Resource Department Closure

**From:**    ALI/Human Resources~

**To:**    ALI/STAFF

**Date:**    4/6/2016 11:23 AM

**Subject:**   Human Resource Department Closure

Please be advised that the Human Resources Department will be closed on Thursday and Friday (April 7-8) in order to conduct mass interviews in order to fill vacant positions. Please plan accordingly. We will be available from 7:30 - 8:30 a.m. and 3:00 p.m. to 4:00 p.m. to address any urgent issues. Thank you for your understanding and patience.

**DISCLOSURE STATEMENT: This information is personal. It must be appropriately safeguarded from improper disclosure and it should only be made available for review by appropriate management levels having a need to know.**

BP-A367
JUN 10

**EMPLOYEE PERFORMANCE APPRAISAL**     CDFRM

**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| A.1. Name of Employee (Last, First, MI) | 2. SSN | 3. Position Title | 4. Department/Duty Station | 5. Rating Period | | |
|---|---|---|---|---|---|---|
| ARMSTRONG, RESHAWN, RA | \*\*\*-\*\*-4403 | CORRECTNL OFFCR | TALLAHASSEE FCI (TAL) | 04/01/2011 | 03/31/2012 | |
| | | | | From | | To |
| 6. Series/Grade | 7. Standard Set # | 8. The set of elements and standards appropriate to the employee.s position have been reviewed and are understood | | | | |
| 0007/07 | SET NUMBER 3B | | | | | |
| | | Employee Refused to Acknowledge | 07/18/2011 | E/S by: K. Crozier | | 07/19/2011 |
| | | Employee | | Date | Rating Official | Date |

| B. PROGRESS REVIEW | C. PERFORMANCE ACHIEVEMENTS | | | | | |
|---|---|---|---|---|---|---|
| 1. Job Element #1 | 1. Job Element #1 | U | MS | S | EX | O |
| SEE ATTACHED | SEE ATTACHED | | | | X | |
| 2. Job Element #2 | 2. Job Element #2 | U | MS | S | EX | O |
| SEE ATTACHED | SEE ATTACHED | | | | X | |
| 3. Job Element #3 | 3. Job Element #3 | U | MS | S | EX | O |
| SEE ATTACHED | SEE ATTACHED | | | | X | |
| 4. Job Element #4 | 4. Job Element #4 | U | MS | S | EX | O |
| SEE ATTACHED | SEE ATTACHED | | | | X | |
| 5. Job Element #5 | 5. Job Element #5 | U | MS | S | EX | O |
| SEE ATTACHED | SEE ATTACHED | | | | X | |
| 6. Job Element #6 | 6. Job Element #6 | U | MS | S | EX | O |
| 7. Job Element #7 | 7. Job Element #7 | U | MS | S | EX | O |
| SEE ATTACHED | | | | | | |

8. PROGRESS REVIEW. Sign and date to acknowledge that progress to date has been discussed.

| | | | | | D. Rater's Comments: |
|---|---|---|---|---|---|
| Employee Refused to Acknowledge | 04/12/2012 | | | | SEE ATTACHED |
| Employee | Date | | | | |
| E/S by: K. Crozier | 04/12/2012 | | | | |
| Rating Official | Date | | | | |

| E/S by: K. Crozier | | | 05/13/2012 |
|---|---|---|---|
| Rating Official | | | Date |

**E.   REVIEWER'S COMMENTS:**

SEE ATTACHED

Overall Performance Rating

| U | MS | S | EX | O |
|---|---|---|---|---|
| | | | X | |

| E/S by: G. Pedroni | 04/20/2012 |
|---|---|
| Reviewing Official | Date |

**F.   CHIEF EXECUTIVE OFFICER'S COMMENTS:**

| Chief Executive Officer | | | Date |
|---|---|---|---|

**G. FINAL DISCUSSION.** I acknowledge that a final discussion of my overall performance has taken place with the rating official.

Employee:   E/S by: R. Armstrong                                      Date:   05/07/2012

**H. TRAINING AND CAREER DEVELOPMENT**

1. Specify areas in which employee should receive training to improve skills and/or knowledge required in present position and type of training recommended.

Prisoner Transportation, Basic, Armed -BOP

2. Specify training and other developmental activities where change is required to enhance career advancement and promotion potential.

Central Inmate Monitoring System (CIMS), Certification -BOP

Copy to employee at - initial discussion & progress review; Copy to employee at - end-of-year appraisal;
Copy to rater at - end-of-year appraisal; Record copy - Personnel Office

*(This form may be replicated via WP)*                                    *Replaces BP-367.034 of APR 05*

Continued... Plan start date: 4/1/2011 Plan end date: 3/31/2012

Name: ARMSTRONG, RESHAWN, RA

**Job Element # 1:** Supervises Inmates

**Progress Review:** Officer Armstrong maintains good accountability of the inmates in her assigned area. She ensures all inmates are in complaince with posted rules and unit regulations.

**Rater Final Comments:** Officer Armstrong uses her correctional experience to supervise inmates in a variety of settings. She enforces the rules and regulations fairly and impartially. When supervising inmate work details she is clear on her expectations and follows up to ensure compliance which enables her to maintain a high standard of sanitation in her assigned area of responsibility. Officer Armstrong is capable of mediating minor inmate disputes before they become disruptive to unit operations and ensures her supervisors are informed of any potential problem areas.

**Job Element # 2:** Inspects, Operates, Controls Equipment

**Progress Review:** Officer Armstrong inspects her equipment regularly for accountability and proper functioning. She reports any discrepancies appropriately.

**Rater Final Comments:** Officer Armstrong is consistent in maintaining accountability for her assigned equipment and ensuring is it functioning properly. She notes any discrepancies promptly for corrective action. When working in the Control Center Officer Armstrong checks the inventory of routine and emergency equipment upon assuming her post ensuring all items are in good working order and ready for issue if needed.

**Job Element # 3:** Controls Contraband

**Progress Review:** Officer Armstrong is conscientious in performing inmate and area searches to prevent the possession of contraband and excess and altered personal items.

**Rater Final Comments:** Officer Armstrong is thorough and effective in her inmate and area searches. She is knowledgeable in the area of allowable inmate property and ensures the inmates in her assigned area are in compliance with these policies. She understands the need to enforce these rules to enhance the overall safety and sanitation of the unit and the Institution. When working in the Control Center Officer Armstrong ensures all persons entering the secure confines of the Institution have been properly screened prior to allowing entry. When it is necessary to confiscate excess or altered inmate property, Officer Armstrong properly completes the required paperwork and writes incident reports are needed for other forms of contraband.

**Job Element # 4:** Follows Security Procedures

**Progress Review:** Officer Armstrong understands the importance of utilizing good security methods to maintain and safe and secure environment for both staff and inmates.

**Rater Final Comments:** Officer Armstrong is alert to potential security issues and reports them immediately through proper channels. She performs her counts, census counts and unit checks as required by policy to ensure the safety and security of her assigned area. Officer Armstrong maintains accurate an complete log books and other required documentation of the activities in the unit or in the Institution when assigned to the Control Center. Officer Armstrong reviews her post orders and the post picture file in a timely manner as required.

**Job Element # 5:** Communicates

**Progress Review:** Officer Armstrong communicates effectively and submits written communication which is clear, concise and grammatically correct.

**Rater Final Comments:** Officer Armstrong communicates effectively with peers, supervisors and the inmate population. She is clear and concise when giving inmates directives and follows up to ensure compliance. She is able to mediate inmate disputes and works with staff in other departments to resolve inmate problems. He written communications are grammatically correct and contain all of the necessary information. She maintains an open line of communication with her supervisors and ensures her relief is thoroughly briefed on any ongoing issues prior to departing her post.

**Final Review Comments:**

CROZIER, KATHLEEN (Rater) : Thank you for a great year and your commitment to the FCI/FDC Correctional Services Department!

PEDRONI, GENA (Reviewer) : Thanks, Reshawn, for your dedication and diligence! I wish you the best in future endeavors.

**DISCLOSURE STATEMENT: This information is personal. It must be appropriately safeguarded from improper disclosure and it should only be made available for review by appropriate management levels having a need to know.**

BP-A367
JUN 10

**EMPLOYEE PERFORMANCE APPRAISAL**     CDFRM

**U.S. DEPARTMENT OF JUSTICE**     **FEDERAL BUREAU OF PRISONS**

| A.1. Name of Employee (Last, First, MI) | | 2. SSN | 3. Position Title | 4. Department/Duty Station | | 5. Rating Period | |
|---|---|---|---|---|---|---|---|
| ARMSTRONG, RESHAWN, RA | | ***-**-4403 | CORRECTNL OFFCR | ALICEVILLE FCI (ALI) | | 04/01/2012 | 03/31/2013 |
| | | | | | | From | To |
| 6. Series/Grade | 7. Standard Set # | 8. The set of elements and standards appropriate to the employee¿s position have been reviewed and are understood | | | | | |
| 0007/08 | SET NUMBER 3B | | | | | | |
| | | Employee Refused to Acknowledge | | 03/22/2013 | E/S by: mgm | | 03/22/2013 |
| | | | Employee | | Date | Rating Official | Date |

| B. PROGRESS REVIEW | | C. PERFORMANCE ACHIEVEMENTS | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 1. Job Element #1 | | 1. Job Element #1 | | U | MS | S | EX | O |
| SEE ATTACHED | | SEE ATTACHED | | | | | X | |
| 2. Job Element #2 | | 2. Job Element #2 | | U | MS | S | EX | O |
| SEE ATTACHED | | SEE ATTACHED | | | | | X | |
| 3. Job Element #3 | | 3. Job Element #3 | | U | MS | S | EX | O |
| SEE ATTACHED | | SEE ATTACHED | | | | | | X |
| 4. Job Element #4 | | 4. Job Element #4 | | U | MS | S | EX | O |
| SEE ATTACHED | | SEE ATTACHED | | | | | X | |
| 5. Job Element #5 | | 5. Job Element #5 | | U | MS | S | EX | O |
| SEE ATTACHED | | SEE ATTACHED | | | | | X | |
| 6. Job Element #6 | | 6. Job Element #6 | | U | MS | S | EX | O |
| | | | | | | | | |
| 7. Job Element #7 | | 7. Job Element #7 | | U | MS | S | EX | O |

| 8. PROGRESS REVIEW. Sign and date to acknowledge that progress to date has been discussed. | | D. Rater's Comments: |
|---|---|---|
| | | SEE ATTACHED |
| Employee Refused to Acknowledge | 03/26/2013 | |
| Employee | Date | |
| E/S by: M.McCullough | 03/26/2013 | |
| Rating Official | Date | E/S by: mgm     04/22/2013 |
| | | Rating Official     Date |

**E.   REVIEWER'S COMMENTS:**

SEE ATTACHED

Overall Performance Rating

| U | MS | S | EX | O |
|---|---|---|---|---|
| | | | X | |

E/S by: L. Branch     04/08/2013

Reviewing Official     Date

**F.   CHIEF EXECUTIVE OFFICER'S COMMENTS:**

Chief Executive Officer     Date

**G. FINAL DISCUSSION.** I acknowledge that a final discussion of my overall performance has taken place with the rating official.

Employee:     Employee Refused to Acknowledge     Date:     04/22/2013

**H. TRAINING AND CAREER DEVELOPMENT**

1. Specify areas in which employee should receive training to improve skills and/or knowledge required in present position and type of training recommended.

Unit Disciplinary Committee, Certification -BOP

2. Specify training and other developmental activities where change is required to enhance career advancement and promotion potential.

Copy to employee at - initial discussion & progress review; Copy to employee at - end-of-year appraisal;
Copy to rater at - end-of-year appraisal; Record copy - Personnel Office

*(This form may be replicated via WP)*     *Replaces BP-367.034 of APR 05*

Name: ARMSTRONG, RESHAWN, RA

**Job Element # 1:** Supervises Inmates

**Progress Review:** Officer Armstrong is currently assigned to FCI Aliceville that is in the Activation Stage of preparing the Institution for inmates. During this time Reshawn has trained new staff in Policy requirements and correctional techniques in this element. Reshawn has displayed exceptional communication skills when teaching new staff and has received very positive feedback from both her peers and supervisors.

**Rater Final Comments:** Currently Officer Armstrong is activating FCI Aliceville in preparation for the arrival of inmates. Officer Armstrong has been trained in all elements on the standard set 3B and is fully capable of performing satisfactory in all required elements

**Job Element # 2:** Inspects, Operates, Controls Equipment

**Progress Review:** Officer Armstrong is currently assigned to FCI Aliceville that is in the Activation Stage of preparing the Institution for inmates. During this time Reshawn has trained new staff in Policy requirements and correctional techniques in this element. Reshawn has displayed exceptional communication skills when teaching new staff and has received very positive feedback from both her peers and supervisors.

**Rater Final Comments:** Currently Officer Armstrong is activating FCI Aliceville in preparation for the arrival of inmates. Officer Armstrong has been trained in all elements on the standard set 3B and is fully capable of performing satisfactory in all required elements

**Job Element # 3:** Controls Contraband

**Progress Review:** Officer Armstrong is currently assigned to FCI Aliceville that is in the Activation Stage of preparing the Institution for inmates. During this time Reshawn has trained new staff in Policy requirements and correctional techniques in this element. Reshawn has displayed exceptional communication skills when teaching new staff and has received very positive feedback from both her peers and supervisors.

**Rater Final Comments:** Currently Officer Armstrong is activating FCI Aliceville in preparation for the arrival of inmates. Officer Armstrong has been trained in all elements on the standard set 3B and is fully capable of performing satisfactory in all required elements

**Job Element # 4:** Follows Security Procedures

**Progress Review:** Officer Armstrong is currently assigned to FCI Aliceville that is in the Activation Stage of preparing the Institution for inmates. During this time Reshawn has trained new staff in Policy requirements and correctional techniques in this element. Reshawn has displayed exceptional communication skills when teaching new staff and has received very positive feedback from both her peers and supervisors.

**Rater Final Comments:** Currently Officer Armstrong is activating FCI Aliceville in preparation for the arrival of inmates. Officer Armstrong has been trained in all elements on the standard set 3B and is fully capable of performing satisfactory in all required elements

**Job Element # 5:** Communicates

**Progress Review:** Officer Armstrong is currently assigned to FCI Aliceville that is in the Activation Stage of preparing the Institution for inmates. During this time Reshawn has trained new staff in Policy requirements and correctional techniques in this element. Reshawn has displayed exceptional communication skills when teaching new staff and has received very positive feedback from both her peers and supervisors.

**Rater Final Comments:** Currently Officer Armstrong is activating FCI Aliceville in preparation for the arrival of inmates. Officer Armstrong has been trained in all elements on the standard set 3B and is fully capable of performing satisfactory in all required elements

**Final Review Comments:**

MCCULLOUGH, MICHAEL (Rater) : Great Job Thank you

BRANCH, LONNIE (Reviewer) : Great job this past year. Thanks

DISCLOSURE STATEMENT: This information is personal. It must be appropriately safeguarded from improper disclosure and it should only be made available for review by appropriate management levels having a need to know.

BP-A367
JUN 10
U.S. DEPARTMENT OF JUSTICE

**EMPLOYEE PERFORMANCE APPRAISAL**　　CDFRM

**FEDERAL BUREAU OF PRISONS**

| A.1. Name of Employee (Last, First, MI) | 2. SSN | 3. Position Title | 4. Department/Duty Station | 5. Rating Period | |
|---|---|---|---|---|---|
| ARMSTRONG, RESHAWN | ***-**-4403 | CORRECTNL OFFCR | ALICEVILLE FCI (ALI) | 04/01/2013 | 03/31/2014 |
| | | | | From | To |

| 6. Series/Grade | 7. Standard Set # | 8. The set of elements and standards appropriate to the employees position have been reviewed and are understood |
|---|---|---|
| 0007/06 | SET NUMBER 3B | |

E/S by: R. Armstrong　　　　　　07/26/2013　　E/S by: DLR　　　　　　07/28/2013
　　　Employee　　　　　　　　　Date　　　Rating Official　　　　　Date

| B. PROGRESS REVIEW | C. PERFORMANCE ACHIEVEMENTS | | | | | |
|---|---|---|---|---|---|---|
| 1. Job Element #1 | 1. Job Element #1 | U | MS | S | EX | O |
| SEE ATTACHED | SEE ATTACHED | | | | X | |
| 2. Job Element #2 | 2. Job Element #2 | U | MS | S | EX | O |
| SEE ATTACHED | SEE ATTACHED | | | | X | |
| 3. Job Element #3 | 3. Job Element #3 | U | NS | S | EX | O |
| SEE ATTACHED | SEE ATTACHED | | | | X | |
| 4. Job Element #4 | 4. Job Element #4 | U | MS | S | EX | O |
| SEE ATTACHED | SEE ATTACHED | | | | X | |
| 5. Job Element #5 | 5. Job Element #5 | U | NS | S | EX | O |
| SEE ATTACHED | SEE ATTACHED | | | | X | |
| 6. Job Element #6 | 6. Job Element #6 | U | MS | S | EX | O |
| 7. Job Element #7 | 7. Job Element #7 | U | MS | S | EX | O |

B. PROGRESS REVIEW. Sign and date to acknowledge that progress to date has been discussed.

D. Rater's Comments:

E/S by: R.Armstrong　　　　　　10/26/2013
　　　Employee　　　　　　　　　Date

E/S by: D. ROSADO　　　　　　10/28/2013
　　　Rating Official　　　　　Date

_L+ DRosado_
　　　Rating Official　　　　　　　　　　　Date

E. REVIEWER'S COMMENTS:

Overall Performance Rating

| U | MS | S | EX | O |
|---|---|---|---|---|
| | | | | |

Reviewing Official　　　　4/18/14　　Date

F. CHIEF EXECUTIVE OFFICER'S COMMENTS:

Chief Executive Officer　　　　　　　Date

G. FINAL DISCUSSION. I acknowledge that a final discussion of my overall performance has taken place with the rating official.

Employee:　_R. Armstrong_　　　　　　Date: 04-24-14

H. TRAINING AND CAREER DEVELOPMENT

1. Specify areas in which employee should receive training to improve skills and/or knowledge required in present position and type of training recommended.

Correctional Services (Cross Dvlp) -BOP

2. Specify training and other developmental activities where change is required to enhance career advancement and promotion potential.

Copy to employee at - initial discussion & progress review; Copy to employee at - end-of-year appraisal;
Copy to rater at - end-of-year appraisal; Record copy - Personnel Office

(This form may be replicated via WP)　　　　　　　　　Replaces BP-367.034 of APR 05

Continued... Plan start date: 04/01/2013 Plan end date: 03/31/2014

Name: ARMSTRONG, RESHAWN

**Job Element # 1: Supervises Inmates**

**Progress Review:** Senior Officer Specialist R. Armstrong supervised inmates in a fair and impartial fashion. She enforces all institutional rules and regulations without any noted problems.

**Rater Final Comments:** Senior Officer Specialist R. Armstrong did an excellent job supervising inmates

**Reviewer Final comments:**

**Job Element # 2: Inspects, Operates, Controls Equipment**

**Progress Review:** Senior Officer Specialist R. Armstrong maintains control of security devices and equipment. She is thorough in her inspection of safety equipment and reports deficiencies verbally and in written form.

**Rater Final Comments:** Senior Officer Specialist Armstrong did an excellent job inspecting, operating and controlling equipment

**Reviewer Final comments:**

**Job Element # 3: Controls Contraband**

**Progress Review:** Senior Officer Specialist R. Armstrong conducts searches of common use areas during her tour of duty. She has knowledge of policy and procedures governing inmate personal property and confiscates items which are not authorized.

**Rater Final Comments:** Senior Officer Specialist Armstrong did an excellent job controlling contraband

**Reviewer Final comments:**

**Job Element # 4: Follows Security Procedures**

**Progress Review:** Senior Officer Specialist R. Armstrong patrols her area of responsibility. This contributes to a safe and secure environment for the unit inmates. She takes charge in emergency situations.

**Rater Final Comments:** Senior Officer Specialist Armstrong did an excellent job following security procedures

**Reviewer Final comments:**

**Job Element # 5: Communicates**

**Progress Review:** Senior Office Specialist R. Armstrong communicates confidently with her superiors and her peers. By using good communication skills, she is able to keep minor situations from becoming major incidents.

**Rater Final Comments:** Senior Officer Specialist Armstrong communicated excellently with other staff

**Reviewer Final comments:**

**Final Review Comments:**

**DISCLOSURE STATEMENT: This information is personal. It must be appropriately safeguarded from improper disclosure and it should only be made available for review by appropriate management levels having a need to know.**

BP-A367
JUN 10

**EMPLOYEE PERFORMANCE APPRAISAL**     CDFRM

**U.S. DEPARTMENT OF JUSTICE**                                           **FEDERAL BUREAU OF PRISONS**

| A.1. Name of Employee (Last, First, MI) | | 2. SSN | 3. Position Title | 4. Department/Duty Station | 5. Rating Period | | |
|---|---|---|---|---|---|---|---|
| ARMSTRONG, RESHAWN | | ***-**-4403 | CORRECTNL OFFCR | ALICEVILLE FCI (ALI) | 04/01/2014 | | 03/31/2015 |
| | | | | | From | | To |
| 6. Series/Grade | 7. Standard Set # | 8. The set of elements and standards appropriate to the employee¿s position have been reviewed and are understood | | | | | |
| 0007/08 | SET NUMBER 3B | | | | | | |
| | | E/S by: R. Armstrong | | 09/05/2014 | E/S by: Demetrius L. Rosado | | 09/16/2014 |
| | | | Employee | Date | Rating Official | | Date |

| B. PROGRESS REVIEW | | C. PERFORMANCE ACHIEVEMENTS | | | | | |
|---|---|---|---|---|---|---|---|
| 1. Job Element #1 | | 1. Job Element #1 | U | MS | S | EX | O |
| SEE ATTACHED | | SEE ATTACHED | | | | X | |
| 2. Job Element #2 | | 2. Job Element #2 | U | MS | S | EX | O |
| SEE ATTACHED | | SEE ATTACHED | | | | | X |
| 3. Job Element #3 | | 3. Job Element #3 | U | MS | S | EX | O |
| SEE ATTACHED | | SEE ATTACHED | | | | X | |
| 4. Job Element #4 | | 4. Job Element #4 | U | MS | S | EX | O |
| SEE ATTACHED | | SEE ATTACHED | | | | | X |
| 5. Job Element #5 | | 5. Job Element #5 | U | MS | S | EX | O |
| SEE ATTACHED | | SEE ATTACHED | | | | X | |
| 6. Job Element #6 | | 6. Job Element #6 | U | MS | S | EX | O |
| 7. Job Element #7 | | 7. Job Element #7 | U | MS | S | EX | O |

| 8. PROGRESS REVIEW. Sign and date to acknowledge that progress to date has been discussed. | | D. Rater's Comments: |
|---|---|---|
| | | SEE ATTACHED |
| E/S by: R.Armstrong | 01/16/2015 | |
| Employee | Date | |
| E/S by: Demetrius L. Rosado | 03/05/2015 | |
| Rating Official | Date | E/S by: Demetrius L. Rosado          04/01/2015 |
| | | Rating Official                          Date |

**E.   REVIEWER'S COMMENTS:**

SEE ATTACHED

Overall Performance Rating

| U | MS | S | EX | O |
|---|---|---|---|---|
| | | | X | |

E/S by: S. Ma'at                          03/26/2015

Reviewing Official                        Date

**F.   CHIEF EXECUTIVE OFFICER'S COMMENTS:**

Chief Executive Officer                              Date

**G. FINAL DISCUSSION.** I acknowledge that a final discussion of my overall performance has taken place with the rating official.

Employee:    E/S by: RA                                                    Date:   04/01/2015

**H. TRAINING AND CAREER DEVELOPMENT**

1. Specify areas in which employee should receive training to improve skills and/or knowledge required in present position and type of training recommended.

Incident Command System (ICS), Introduction (FEMA IS-100) -GOV

2. Specify training and other developmental activities where change is required to enhance career advancement and promotion potential.

Copy to employee at - initial discussion & progress review; Copy to employee at - end-of-year appraisal;
Copy to rater at - end-of-year appraisal; Record copy - Personnel Office

*(This form may be replicated via WP)*                                    Replaces BP-367.034 of APR 05

Continued... Plan start date: 04/01/2014 Plan end date: 03/31/2015

Name: ARMSTRONG, RESHAWN

**Job Element # 1:** Supervises Inmates

**Progress Review:** Officer R. Armstrong supervised inmates in a fair and impartial fashion during this rating period. She enforces all institutional rules and regulations without any noted problems.

**Rater Final Comments:** excellent job

**Reviewer Final comments:**

**Job Element # 2:** Inspects, Operates, Controls Equipment

**Progress Review:** Officer R. Armstrong maintains solid control of security devices and equipment. She is conscientious and thorough in his inspection of safety equipment, and reports deficiencies verbally and in written form.

**Rater Final Comments:** outstanding job

**Reviewer Final comments:**

**Job Element # 3:** Controls Contraband

**Progress Review:** Office R. Armstrong conducts frequent, thorough searches of common use areas during her tour of duty. She has sound knowledge of policy and procedures governing inmate personal property, and confiscates items which are not authorized.

**Rater Final Comments:** excellent job

**Reviewer Final comments:**

**Job Element # 4:** Follows Security Procedures

**Progress Review:** Officer R. Armstrong makes continuous patrols of her area of responsibility, and her knowledge of policy and procedures contribute to a safe and secure environment for the unit inmates.

**Rater Final Comments:** outstanding job

**Reviewer Final comments:**

**Job Element # 5:** Communicates

**Progress Review:** Officer R. Armstrong communicates confidently with supervisors and her peers. By using good communication skills, she is able to keep minor situations from becoming major incidents

**Rater Final Comments:** excellent job

**Reviewer Final comments:**

**Final Review Comments:**

ROSADO, DEMETRIUS (Rater) : Excellent Job

MA AT, SEKOU (Reviewer): Thank you!

DISCLOSURE STATEMENT: This information is personal. It must be appropriately safeguarded from improper disclosure and it should only be made available for review by appropriate management levels having a need to know.

BP-A367
JUN 10

**EMPLOYEE PERFORMANCE APPRAISAL**     CDFRM

U.S. DEPARTMENT OF JUSTICE                                        **FEDERAL BUREAU OF PRISONS**

| A.1. Name of Employee (Last, First, MI) | 2. SSN | 3. Position Title | 4. Department/Duty Station | 5. Rating Period | | |
|---|---|---|---|---|---|---|
| ARMSTRONG, RESHAWN | ***-**-4403 | CORRECTNL OFFCR | ALICEVILLE FCI (ALI) | 04/01/2015 | | 03/31/2016 |
| | | | | From | | To |

| 6. Series/Grade | 7. Standard Set # | 8. The set of elements and standards appropriate to the employee's position have been reviewed and are understood |
|---|---|---|
| 0007/08 | SET NUMBER 3B | |

E/S by: R.A. _____    04/07/2015    E/S by: Demetrius L. Rosado _____ 04/15/2015
                      Employee                      Date                      Rating Official                      Date

| B. PROGRESS REVIEW | C. PERFORMANCE ACHIEVEMENTS | | | | | |
|---|---|---|---|---|---|---|
| 1. Job Element #1 | 1. Job Element #1 | U | MS | S | EX | O |
| SEE ATTACHED | SEE ATTACHED | | | | X | |
| 2. Job Element #2 | 2. Job Element #2 | U | MS | S | EX | O |
| SEE ATTACHED | SEE ATTACHED | | | | X | |
| 3. Job Element #3 | 3. Job Element #3 | U | MS | S | EX | O |
| SEE ATTACHED | SEE ATTACHED | | | | X | |
| 4. Job Element #4 | 4. Job Element #4 | U | MS | S | EX | O |
| SEE ATTACHED | SEE ATTACHED | | | | | X |
| 5. Job Element #5 | 5. Job Element #5 | U | MS | S | EX | O |
| SEE ATTACHED | SEE ATTACHED | | | | X | |
| 6. Job Element #6 | 6. Job Element #6 | U | MS | S | EX | O |
| | | | | | | |
| 7. Job Element #7 | 7. Job Element #7 | U | MS | S | EX | O |

8. PROGRESS REVIEW. Sign and date to acknowledge that progress to date has been discussed.

Employee Refused to Acknowledge            04/04/2016
          Employee                                  Date

E/S by: L. Branch                          04/04/2016
      Rating Official                              Date

D.   Rater's Comments:
SEE ATTACHED

E/S by: L. Branch _____    04/27/2016
          Rating Official                              Date

**E.   REVIEWER'S COMMENTS:**
SEE ATTACHED

Overall Performance Rating

| U | MS | S | EX | O |
|---|---|---|---|---|
| | | | X | |

E/S by: TLG                                04/15/2016
      Reviewing Official                          Date

**F.    CHIEF EXECUTIVE OFFICER'S COMMENTS:**

_____
              Chief Executive Officer                      Date

**G. FINAL DISCUSSION.** I acknowledge that a final discussion of my overall performance has taken place with the rating official.

Employee:    E/S by: ra                                            Date:    04/21/2016

**H. TRAINING AND CAREER DEVELOPMENT**

1. Specify areas in which employee should receive training to improve skills and/or knowledge required in present position and type of training recommended.

Disturbance Control Lead Instructor -BOP; Disturbance Control Team -BOP

2. Specify training and other developmental activities where change is required to enhance career advancement and promotion potential.

Copy to employee at - initial discussion & progress review; Copy to employee at - end-of-year appraisal;
Copy to rater at - end-of-year appraisal; Record copy - Personnel Office

*(This form may be replicated via WP)*                                  *Replaces BP-367.034 of APR 05*

Continued... Plan start date: 04/01/2015 Plan end date: 03/31/2016

Name: ARMSTRONG, RESHAWN

style=border-bottom: 1px solid #000; padding: 2px 5px;">**Job Element # 1** : Supervises Inmates

**Progress Review:** Officer R. Armstrong supervised inmates in a fair and impartial fashion during this rating period. She enforces all institutional rules and regulations without any noted problems

**Rater Final Comments:** Officer Armstrong does an excellent job in Supervising inmates on a daily basis.

**Reviewer Final comments:**

style=border-bottom: 1px solid #000; padding: 2px 5px;">**Job Element # 2** : Inspects, Operates, Controls Equipment

**Progress Review:** Officer R. Armstrong maintains solid control of security devices and equipment. She is conscientious and thorough in his inspection of safety equipment, and reports deficiencies verbally and in written form.

**Rater Final Comments:** Officer Armstrong does an excellent job in Inspecting, operating and controlling any equipment assigned to her areas.

**Reviewer Final comments:**

style=border-bottom: 1px solid #000; padding: 2px 5px;">**Job Element # 3** : Controls Contraband

**Progress Review:** Office R. Armstrong conducts frequent, thorough searches of common use areas during her tour of duty. She has sound knowledge of policy and procedures governing inmate personal property, and confiscates items which are not authorized

**Rater Final Comments:** Officer Armstrong does an excellent job in Controlling Contraband by conducting effective searches on inmates or their packages.

**Reviewer Final comments:**

style=border-bottom: 1px solid #000; padding: 2px 5px;">**Job Element # 4** : Follows Security Procedures

**Progress Review:** Officer R. Armstrong makes continuous patrols of her area of responsibility, and her knowledge of policy and procedures contribute to a safe and secure environment for the unit inmates.

**Rater Final Comments:** Officer Armstrong does an Outstanding job in Following Security Procedures. Staff and inmates know what to expect when entering or exiting the instituition through the rear gate. Officer Armstrong does not take short-cuts and works effectively at any post she is assigned.

**Reviewer Final comments:**

style=border-bottom: 1px solid #000; padding: 2px 5px;">**Job Element # 5** : Communicates

**Progress Review:** Officer R. Armstrong communicates confidently with supervisors and her peers. By using good communication skills, she is able to keep minor situations from becoming major incidents

**Rater Final Comments:** Officer Armstrong is an effective communicator both verbally and in writing. She completes all memorandums and any other writing in an effective manner.

**Reviewer Final comments:**

**Final Review Comments:**

BRANCH, LONNIE (Rater) : Great job

GENTRY SR, TROY (Reviewer): Good Job

# EXHITBIT
# C

Standard Form 50
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296-33, Subch. 4

# NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| ARMSTRONG, RESHAWN I | | 02-28-73 | 03/06/15 |

### FIRST ACTION

| 5-A. Code | 5-B. Nature of Action |
|---|---|
| 849 | INDIV CASH AWARD-NRB |

5-C. Code | 5-D. Legal Authority

5-E. Code | 5-F. Legal Authority

### SECOND ACTION

6-A. Code | 6-B. Nature of Action

6-C. Code | 6-D. Legal Authority

6-E. Code | 6-F. Legal Authority

7. FROM: Position Title and Number

15. TO: Position Title and Number
CORRECTNL OFFICER
ALHE1006 SP-6026

8. Pay Plan | 9. Occ. Code | 10. Grade or Level | 11. Step or Rate | 12. Total Salary | 13. Pay Basis

16. Pay Plan | 17. Occ. Code | 18. Grade or Level | 19. Step or Rate | 20. Total Salary/Award | 21. Pay Basis
250.00

12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay
.00 | | | .00

20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay
| .00 | | .00

14. Name and Location of Position's Organization

22. Name and Location of Position's Organization
BUREAU OF PRISONS
SOUTHEAST REGION
FCI ALICEVILLE, AL
CORRECTIONAL SERVICES

DJ FP3004457902000000  PP 04 2015

## EMPLOYEE DATA

| 23. Veterans Preference | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|
| 1 - None  3 - 10-Point/Disability  5 - 10-Point/Other<br>1  2 - 5-Point  4 - 10-Point/Compensable  6 - 10-Point/Compensable/30% | 0 - None  2 - Conditional<br>1  1 - Permanent  3 - Indefinite | | YES  X  NO |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| C0  BASIC | 9  NOT APPLICABLE | 0  NOT APPLICABLE |

| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per |
|---|---|---|---|
| M  FERS AND FICA SPECIAL | 01/21/07 | F  FULL TIME | Biweekly Pay Period |

## POSITION DATA

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 1 - Competitive Service  3 - SES General<br>1  2 - Excepted Service  4 - SES Career Reserved | N  N - Nonexempt  E - Exempt | | 1018 |

38. Duty Station Code
01-0070-107

39. Duty Station (City - County - State or Overseas Location)
ALICEVILLE  PICKENS  AL

| 40. Agency Data | 41. SEX: F | 42. CITZ: 1 | 43. VET STA: X | 44. ED LV: 04 YR:00 INST PFC:000000 |
|---|---|---|---|---|

45. Remarks: SPECIAL ACT OR SERVICE AWARD
SALARY BLOCK TOTALING CASH AWARD IN 20D

| 46. Employing Department or Agency | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| U.S. DEPARTMENT OF JUSTICE/FPS | ESB BY: DERWIN SELMON |
| 47. Agency Code  48. Personnel Office ID | SUPVY HUMAN RESOURCES SPECI ST |
| DJ F2       4579 | |
| 49. Approval Date  03/07/15 | |

5 - Part 50-316

2 - OPF Copy - Long-Term Record - DO NOT DESTROY

Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540-01-333-6238

Standard Form 50
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296-33, Subch. 4

# NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| ARMSTRONG, RESHAWN L | | 02 28 73 | 05 21 15 |

| **FIRST ACTION** | | **SECOND ACTION** | |
|---|---|---|---|
| 5-A. Code | 5-B. Nature of Action | 6-A. Code | 6-B. Nature of Action |
| 846 | INDIVIDUAL TIME-OFF AWARD | | |
| 5-C. Code | 5-D. Legal Authority | 6-C. Code | 6-D. Legal Authority |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| | CORRECTNL OFFCR |
| | ALIE1006 SPA020 |

| 8. Pay Plan | 9. Occ. Code | 10. Grade or Level | 11. Step or Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade or Level | 19. Step or Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 8.00 | |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| | .00 | | .00 | | .00 | | .00 |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| | BUREAU OF PRISONS |
| | SOUTHEAST REGION |
| | FCI, ALICEVILLE, AL |
| | CORRECTIONAL SERVICES |
| | |
| | DJ FP3004457902000000  PP 10 2015 |

## EMPLOYEE DATA

| 23. Veterans Preference | | | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|---|---|
| 1 - None    2 - 5-Point    3 - 10-Point/Disability    4 - 10-Point/Compensable    5 - 10-Point/Other    6 - 10-Point/Compensable/30% | | | 0 - None    1 - Permanent    2 - Conditional    3 - Indefinite | | YES  X   NO |
| 1 | | | 1 | | |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| C0 : BASIC | 9    NOT APPLICABLE | 0    NOT APPLICABLE |

| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| M   FERS AND FICA SPECIAL | 04-21-07 | F    FULL TIME | |

## POSITION DATA

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 1 - Competitive Service    2 - SES General    3 - Excepted Service    4 - SES Career Reserved | X   E - Exempt    N - Nonexempt | | 3018 |
| 1 | | | |

| 38. Duty Station Code | 39. Duty Station (City - County - State or Overseas Location) |
|---|---|
| 01-0070-107 | ALICEVILLE  PICKENS  AL |

| 40. Agency Data | 41. SEX: F | 42. CITZ: 1 | 43. VET STAT: N | 44. FD LN :01 YR:00 INST PRC:000000 |
|---|---|---|---|---|

45. Remarks
TIME-OFF AWARD HOURS SHOWN IN BLOCK 20
AWARD HOURS MUST BE USED WITHIN 1 YEAR



| 46. Employing Department or Agency | 50. Signature Authentication and Title of Approving Official |
|---|---|
| U.S. DEPARTMENT OF JUSTICE:FPS | E/S BY:  DERWIN SET MON |

| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date | SUPVY HUMAN RESOURCES SPECLST |
|---|---|---|---|
| DJ FP | 4579 | 05/12/15 | |

5-Part 50-316

Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540-01-333-6238

# EXHITBIT
# D



**U.S. Department of Justice**
Federal Bureau of Prisons

## P R O G R A M   S T A T E M E N T

| | |
|---|---|
| OPI | HRD/PDB |
| NUMBER | 3451.05 |
| DATE | October 28, 2016 |

# Awards Program, Incentive Awards

/s/
*Approved*:  Thomas R. Kane
Acting Director, Federal Bureau of Prisons

## PURPOSE AND SCOPE

The purpose of the Bureau of Prisons Incentive Awards Program is to recognize and promptly reward employees who perform in an exemplary manner or make significant contributions to the efficiency and effectiveness of Bureau operations and to honor those who have served the Government faithfully and well.

a.  **Program Objectives.**  The expected results of this program are:

To increase the efficiency and effectiveness of Bureau operations.

b.  **Summary of Changes**

*Policy Rescinded*
P3451.04     Bureau of Prisons Awards Program, Incentive Awards (7/10/01)

Chapter 1 is updated to add a notation clarifying that in the event approved award recommendations are deferred or denied due to budget curtailment, the employee will be notified. A letter indicating the award type that would have been given will be placed in the eOPF and will have the same point value as a cash award for merit promotion purposes. It clarified that PHS Officers are eligible for awards under Chapter 8.

Chapter 2 is updated to clarify that a SSP given for an Outstanding evaluation should receive a higher amount than that for an Exceeds; adds a section on Letters of Commendation; removes the award amounts table; and removes all reference to purchased incentive awards items.

 **U.S. Department of Justice**
Federal Bureau of Prisons

P R O G R A M    S T A T E M E N T

| | |
|---|---|
| OPI | PRD/AEP |
| NUMBER | 3713.29 |
| DATE | December 4, 2015 |

# Diversity Management and Affirmative Employment Programs

/s/
*Approved:*   Charles E. Samuels, Jr.
Director, Federal Bureau of Prisons

## 1. PURPOSE AND SCOPE

The objectives of the Bureau's Diversity Management and Affirmative Employment programs are to adopt best practices to promote diversity and inclusion, and to identify and remove any barriers for achieving equal employment opportunity.   The Bureau commits to the goal of achieving a diverse workforce and ensuring inclusion for all.   No person shall be subject to retaliation for participating in any of the programs covered by this policy.

The Bureau gives full consideration to the recruitment, hiring, placement, retention, training, and advancement of staff and applicants in accordance with all applicable laws and regulations.

Establishing a model Equal Employment Opportunity (EEO) program at each worksite will provide the infrastructure to achieve the ultimate goal: a discrimination-free work environment, with an atmosphere of inclusion and open competition for employment opportunities.

Six elements necessary for a model EEO program are:

- Demonstrated commitment from agency leadership.
- Integration of EEO into the agency's strategic mission.
- Management and program accountability.
- Proactive prevention of unlawful discrimination.
- Efficiency.

■  Responsiveness and legal compliance.

**This policy requires all managers to demonstrate a firm commitment to equality of opportunity for all employees and applicants for employment.   Even the best workplace policies and procedures will fail if they are not trusted, respected, and vigorously enforced.**

a.  **Summary of Changes**

*Policy Rescinded*
P3713.21       Affirmative Action and Diversity Management Program (5/16/01)

b.  **Program Objectives.**   Anticipated outcomes of this program are:

■  Equal employment, promotion, and training opportunities will be made available to all employees.
■  Affirmative Employment Program (AEP) Committees will continue to operate at each facility and will discuss local employment opportunities and diversity topics.
■  The elements of a model EEO program will be communicated to employees as a core principle for sound management of a diverse workforce.
■  All applicable laws, regulations, and policies concerning Equal Employment, Affirmative Employment, and Diversity Management will be followed.
■  Barriers affecting recruitment, hiring, retention, or career development of staff will be identified and eliminated.

c.  **Institution Supplement Required.**   Implementation of this policy may require development of local Institution Supplements.

3.  **ACTION REQUIRED**

Each Chief Executive Officer (CEO) (Regional Director, Assistant Director, Warden, Regional Reentry Manager [RRM], Staff Training Center Director) will ensure compliance with this policy.

4.  **AGENCY ACA ACCREDITATION PROVISIONS (**see the Program Statement **Directives Management Manual,** Sections 2.5 and 10.3)

■  American Correctional Association 4th Edition Standards for Adult Correctional Institutions: 4-4053, 4-4054, and 4-4116.

## Section 16.  Reference Checking

This section establishes procedures to enable selecting officials to check the references of candidates in the best qualified and non-competitive group.

*References*
5 C.F.R. part 731
5 U.S.C. 1302, 3301

### 1.  STAFF AUTHORIZED TO PERFORM REFERENCE CHECKS

The selecting official or designee is authorized to conduct reference checking.

### 2.  REFERENCE CHECK CONTACTS

Three categories of references may be checked:

- Individuals in the ▓▓▓▓ current or past chain of command.
- For technical positions, individuals expected to have knowledge of the ▓▓▓▓ technical skills (i.e., institutional, regional, or Central Office counterparts).
- Personal and professional references provided by the applicant.

Multiple reference checks should be annotated on the same form.

### 3.  WHO MAY BE REFERENCE CHECKED

Candidates whose applications are forwarded to the selecting official (i.e., best qualified candidates and those in the non-competitive group) may be reference checked.

**For non-bargaining unit positions** (regardless of the bargaining unit status of the applicants), one has the option of conducting checks on all, some, or none of the candidates.

**For bargaining unit positions** (regardless of the bargaining unit status of the applicants), one has the option of conducting checks on all or none of the candidates.

In addition, in the case of **bargaining unit positions**, the decision to reference check candidates on one list (e.g., the best qualified list **or** non-competitive list) requires that all of the candidates on that list be checked. It does not, however, require that the candidates on the other list be checked as well, unless the selecting official so desires. For example, the decision to reference

## Section 17.  Schedule A Hiring

This section establishes procedures for the recruitment and hiring of persons with disabilities under the Schedule A Appointing authority.

*References*
5 C.F.R. 213.3102 (u), Appointment of Persons with Intellectual Disabilities, Severe Physical Disabilities, and Psychiatric Disabilities.
Department of Justice Schedule A Section, (u) Hiring Plan for Persons with Targeted Disabilities.
Americans With Disabilities Act.
Rehabilitation Act of 1973.

### 1.  **ELIGIBILITY**

Applicants with disabilities must:

⟮ⵌ⟯ Meet the required qualifications for the position, with or without reasonable accommodation.
⟮ⵌ⟯ Provide proof that he/she is an individual with permanent severe intellectual disability, physical disability, or psychiatric disability.

Proof of an ▓▓▓▓▓▓▓disability may be appropriate documentation (records, statements, or other appropriate information) issued from a licensed medical professional (e.g., a physician or other medical professional duly certified by a state, the District of Columbia, or U.S. territory to practice medicine); a licensed vocational rehabilitation specialist (state or private); or any Federal agency, state agency, or other agency of the District of Columbia or U.S. territory that issues or provide disability benefits.

### 2.  **METHOD OF FILLING VACANCIES**

Under the provisions of 5 CFR 213.3102(u), agencies may appoint, on a permanent, time-limited, or temporary basis, a person with intellectual disability, severe physical disability, or psychiatric disability.

a.  **Competitively**.  Prior to advertising the vacancy, a search will be conducted of the Office of Personnel Management (OPM) Shared List of People with Disabilities ▓▓▓▓▓▓▓▓▓▓▓▓▓ OPM has partnered with Bender Consulting Services to provide a list of candidates with disabilities who are eligible to be hired through the Schedule A hiring authority (213.3102 (u)).

This service is free to all Federal agencies. The OPM Shared List of People with Disabilities can be accessed by creating a MAX ID and password via www.MAX.gov.

check the  best qualified list requires that all of the best qualified candidates are checked, but the non-competitive applicants need not be checked unless the selecting official wishes to reference check that list, and vice versa. However, once the decision is made to reference check anyone on a list, **all candidates on that list** must be checked.

If the decision is made to reference check, the ▓▓▓▓ ▓▓▓▓ requirement applies to the first level of checks only.  Should the selecting official or other designees decide to do subsequent reference checks on any of the candidates, the subsequent reference checking need not be performed on all of the candidates.

Applicants will be notified as to whether reference checking was conducted for the vacancy after the selection is made.

## 4.  APPROPRIATE AREAS OF INQUIRY

The Confidential Reference Check form (BP-A1076) will be used for all reference checks.  The questions outlined on the form are required; follow-up questions for clarification purposes are permissible.

In addition, should the reference checker determine additional job-related questions are necessary, those questions are to be added to the BP-A1076 and asked of all applicants who are reference checked for that vacancy.

The reference checker is authorized to verify the information the applicant submitted.

The form will be used to record the results of the reference checking, ensuring that specific ratings are not directly linked to specific references.  Checks may be used to distinguish each reference received in the appropriate boxes.  Additional forms may be used if more than three references are contacted.

## 5.  INAPPROPRIATE AREAS OF INQUIRY

Inquiries are to be related to the ▓▓▓▓▓▓job performance and knowledge, skills, and abilities. Inquiries must not address any of the following topics:

▓ Age.
▓ Marital status.
▓ Dependents.
▓ Country of origin.
▓ Race.

Case 7:17-cv-01857-LSC   Document 94   Filed 09/13/19   Page 56 of 153

- Sex.
- Religious practices.
- Sexual orientation.
- Medical history.
- Prescription drug use.
- Disability or other physical condition.
- ▓▓▓▓▓▓▓▓▓▓▓claims.
- Authorized use of leave.
- Labor union participation.
- Parental status.
- Military service.
- Genetic information.
- Participation in EEO activity.
- Any investigation.

6. **MAINTENANCE**

For **non-bargaining unit staff**, the reference check form will be confidential and maintained in the Merit Promotion File in accordance with established procedures for file retention.

For **bargaining unit staff**, the ▓▓▓▓▓▓reference check form will be accessible to the applicant after a selection has been made or the Merit Promotion File is otherwise closed.  The reference check forms will be maintained in the Merit Promotion File in accordance with established procedures for file retention.

# EXHITBIT
# E

  **WXR BQ RECAP**

## Position: LT GS-9 (SDC)
## Announcement #: HRN-2015-0009

| NAME | DUTY STATION/ DATES | POSITION / GS | EXPERIENCE |
|------|---------------------|---------------|------------|
| Armstrong, Reshawn | ALV: 10/2012 – Present<br>ALV: 8/12-10/2012<br>TAL: 9/08 – 8/2012<br>COL: 1/08-9/2008 | SOS GS 8<br>SO GS 7<br>SO GS 7<br>SO GS 7 | BPT |
| Boston Sr, Eric | Selected MEN 5/2015 | | |
| Carey, Darrell | SET: 10/1998-Present | SOS, SO, CO, GS-6-8 | |
| Castillo Del Muro, Carlos | SDC: 4/2006 – Present | SOS GS 8 | DCT<br>Firearms Instructor<br>Language- Spanish |
| Chapman, Regina | Selected SHE 2/2015 | | |
| Coggins, Stephen | DUB: 1/2011-Present<br>LOX: 6/2009-1/2011 | SOS GS 8<br>SO CO | Bus Crew<br>BPT<br>IDC<br>Language- Sign Language |
| Confer, Timothy | VIX: 6/2005 – Present<br>SDC: 10/2003 – 6/2005 | SOS GS 8/ GS 7<br>GS 6 | |
| Macias, Adrian | LAT: 10/2014 – Present<br>HOU: 2/2000 – 1/2006 | SOS GS 8<br>SO | Language- Spanish |
| Ogle Jr., Richard | LEW:12/2014 – Present<br>VIX: 2005 – 12/2013 | SOS GS 8<br>SOS GS 8 | DCT Instructor<br>IDC<br>CIMS |
| Pavigianti, Brian | YAZ: 12/2013 – Present<br>ALM: 4/2010 – 12/2013 | SOS GS 8<br>SO | Language- Italian |
| Perez, Andre | SDC: 4/1995 – Present | SOS GS 8 | |

# EXHITBIT
# F

🖨 Print

| Effective Date | Form Number | Form Description | Type | NOA Code 1 | Side | Create Date |
|---|---|---|---|---|---|---|
| 09/04/2016 | TSP 1 | THRIFT SAVING PLAN ELECTION | BENEFITS | | Permanent | 09/25/2016 |
| 09/04/2016 | TSP 1 | THRIFT SAVING PLAN ELECTION | BENEFITS | | Permanent | 09/25/2016 |
| 03/31/2016 | BP A367.034 | EMPLOYEE PERFORMANCE APPRAISAL | PERFORMANCE APPRAISAL | | Performance | 04/27/2016 |
| 01/10/2016 | SF 50 | NOTIFICATION OF PERSONNEL ACTION | GEN ADJ | 894 | Permanent | 01/31/2016 |
| 12/27/2015 | TSP 1 | THRIFT SAVING PLAN ELECTION | BENEFITS | | Permanent | 01/16/2016 |
| 12/27/2015 | TSP 1 | THRIFT SAVING PLAN ELECTION | BENEFITS | | Permanent | 01/16/2016 |
| 12/27/2015 | TSP 1 | THRIFT SAVING PLAN ELECTION | BENEFITS | | Permanent | 01/16/2016 |
| 05/21/2015 | SF 50 | NOTIFICATION OF PERSONNEL ACTION | INDIVIDUAL TIME-OFF AWARD | 846 | Performance | 06/07/2015 |
| 03/31/2015 | BP A367.034 | EMPLOYEE PERFORMANCE APPRAISAL | PERFORMANCE APPRAISAL | | Performance | 04/01/2015 |
| 03/08/2015 | TSP 1 | THRIFT SAVING PLAN ELECTION | BENEFITS | | Permanent | 03/29/2015 |
| 03/08/2015 | TSP 1 | THRIFT SAVING PLAN ELECTION | BENEFITS | | Permanent | 03/29/2015 |
| 03/06/2015 | SF 50 | NOTIFICATION OF PERSONNEL ACTION | INDIVIDUAL CASH AWARD NRB | 849 | Performance | 03/15/2015 |
| 01/11/2015 | TSP 1 | THRIFT SAVING PLAN ELECTION | BENEFITS | | Permanent | 02/02/2015 |
| 01/11/2015 | SF 50 | NOTIFICATION OF PERSONNEL ACTION | GEN ADJ | 894 | Permanent | 02/01/2015 |
| 01/11/2015 | SF 2809 | HEALTH BENEFITS REGISTRATION | BENEFITS | | Permanent | 01/29/2015 |
| 01/10/2015 | SF 2809 | HEALTH BENEFITS REGISTRATION | BENEFITS | | Permanent | 12/06/2014 |
| 10/19/2014 | SF 50 | NOTIFICATION OF PERSONNEL ACTION | REG WRI | 893 | Permanent | 11/10/2014 |
| 03/31/2014 | BP A367 | EMPLOYEE PERFORMANCE APPRAISAL | PERFORMANCE | | Performance | 11/28/2016 |
| 01/12/2014 | SF 50 | NOTIFICATION OF PERSONNEL ACTION | GEN ADJ | 894 | Permanent | 02/04/2014 |
| 03/31/2013 | BP A367.034 | EMPLOYEE PERFORMANCE APPRAISAL | PERFORMANCE APPRAISAL | | Performance | 04/25/2013 |
| 10/31/2012 | DG 04 | CERTIFICATION OF INVESTIGATION NOTICE (POST ADJUDICATION) | INVESTIGATIONS/SECURITY CLEARANCE | | Permanent | 11/26/2012 |
| 10/21/2012 | SF 52 | | PROMOTION | 702 | Temporary | 11/13/2012 |

| Effective Date | Form Number | Form Description | Type | NOA Code 1 | Side | Create Date |
|---|---|---|---|---|---|---|
| | | REQUEST FOR PERSONNEL ACTION | | | | |
| 10/21/2012 | SF 50 | NOTIFICATION OF PERSONNEL ACTION | PROMOTION | 702 | Permanent | 11/12/2012 |
| 08/12/2012 | SF 50 | NOTIFICATION OF PERSONNEL ACTION | REASSIGNMENT | 721 | Permanent | 09/12/2012 |
| 08/12/2012 | SF 52 | REQUEST FOR PERSONNEL ACTION | REASSIGNMENT | 721 | Temporary | 08/30/2012 |
| 03/31/2012 | BP A367.034 | EMPLOYEE PERFORMANCE APPRAISAL | PERFORMANCE APPRAISAL | | Performance | 05/13/2012 |
| 01/15/2012 | SF 50 | NOTIFICATION OF PERSONNEL ACTION | REG WRI | 893 | Permanent | 02/06/2012 |
| 09/11/2011 | NOMINATION FOR INCENTIVE AWARD | AWARD NOMINATION | PERFORMANCE | | Performance | 06/07/2012 |
| 09/11/2011 | SF 50 | NOTIFICATION OF PERSONNEL ACTION | INDIVIDUAL CASH AWARD NRB | 849 | Performance | 10/03/2011 |
| 03/31/2011 | BP S367.034 | EMPLOYEE PERFORMANCE APPRAISAL | PERFORMANCE | | Performance | 09/21/2011 |
| 08/01/2010 | TSP 1 | THRIFT SAVING PLAN ELECTION | BENEFITS | | Permanent | 08/22/2010 |
| 03/31/2010 | BP A367.034 | EMPLOYEE PERFORMANCE APPRAISAL | PERFORMANCE | | Performance | 11/04/2010 |
| 01/21/2010 | SF 50 | NOTIFICATION OF PERSONNEL ACTION | CHG IN TENURE GROUP | 880 | Permanent | 02/13/2010 |
| 01/17/2010 | SF 50 | NOTIFICATION OF PERSONNEL ACTION | REG WRI | 893 | Permanent | 02/13/2010 |
| 01/03/2010 | SF 50 | NOTIFICATION OF PERSONNEL ACTION | GEN ADJ | 894 | Permanent | 01/26/2010 |
| 03/31/2009 | BP A367.034 | EMPLOYEE PERFORMANCE APPRAISAL | PERFORMANCE | | Performance | 05/29/2009 |
| 01/18/2009 | SF 50 | NOTIFICATION OF PERSONNEL ACTION | REG WRI | 893 | Permanent | 02/09/2009 |
| 01/04/2009 | SF 50 | NOTIFICATION OF PERSONNEL ACTION | GEN ADJ | 894 | Permanent | 02/04/2009 |
| 09/14/2008 | SF 52 | REQUEST FOR PERSONNEL ACTION | REASSIGNMENT | 721 | Temporary | 12/01/2008 |
| 09/14/2008 | SF 50 | NOTIFICATION OF PERSONNEL ACTION | REASSIGNMENT | 721 | Permanent | 10/06/2008 |
| 01/21/2008 | BP S367.034 | EMPLOYEE PERFORMANCE APPRAISAL | PERFORMANCE | | Performance | 12/01/2008 |
| 01/20/2008 | BP A367.034 | EMPLOYEE PERFORMANCE APPRAISAL | PERFORMANCE | | Performance | 12/01/2008 |
| 01/20/2008 | WORKSHEET | GRADE DETERMINATION WORKSHEETS; RECORD OF TIME WORKED; QUALIFICATION SHEET FOR BORDER PATROL AGENT; QUALIFICATION | EXCEPTION | | Temporary | 11/20/2008 |

Case 7:17-cv-01857-LSC  Document 94  Filed 09/13/19  Page 62 of 153

MyeOPF:::Print Results...For Best Results, Print in Landscape mode. Filed 09/25/18  Page 24 of 161 Page 3 of 4

| Effective Date | Form Number | Form Description | Type | NOA Code 1 | Side | Create Date |
|---|---|---|---|---|---|---|
| | | SHEET FOR CUSTOMS AND BORDER PROTECTION OFFICER | | | | |
| 01/20/2008 | SF 52 | REQUEST FOR PERSONNEL ACTION | PROMOTION | 702 | Temporary | 11/20/2008 |
| 01/20/2008 | SF 50 | NOTIFICATION OF PERSONNEL ACTION | PROMOTION | 702 | Permanent | 02/15/2008 |
| 01/20/2008 | SF 50 | NOTIFICATION OF PERSONNEL ACTION | REG WRI | 893 | Permanent | 02/15/2008 |
| 01/06/2008 | SF 50 | NOTIFICATION OF PERSONNEL ACTION | GEN ADJ | 894 | Permanent | 02/20/2008 |
| 08/02/2007 | DG 04 | CERTIFICATION OF INVESTIGATION NOTICE (POST ADJUDICATION) | INVESTIGATIONS/SECURITY CLEARANCE | | Permanent | 05/16/2008 |
| 06/01/2007 | OTHER | OTHER | BENEFITS | | Permanent | 05/16/2008 |
| 02/04/2007 | TSP 1 | THRIFT SAVING PLAN ELECTION | BENEFITS | | Permanent | 05/16/2008 |
| 02/04/2007 | SF 2809 | HEALTH BENEFITS REGISTRATION | BENEFITS | | Permanent | 05/16/2008 |
| 01/26/2007 | SF 2823 | DESIGNATION OF BENEFICIARY - FEGLI PROGRAM | BENEFITS | | Permanent | 05/16/2008 |
| 01/22/2007 | OTHER | OTHER | PAYROLL | | Payroll | 05/16/2008 |
| 01/22/2007 | SF 1199A | DIRECT DEPOSIT SIGN-UP FORM | PAYROLL | | Payroll | 05/16/2008 |
| 01/22/2007 | W 4 | EMPLOYEE'S WITHHOLDING ALLOWANCE CERTIFICATE | PAYROLL | | Payroll | 05/16/2008 |
| 01/22/2007 | OF 306 | DECLARATION FOR FEDERAL EMPLOYMENT | EMPLOYEE | | Permanent | 05/16/2008 |
| 01/22/2007 | SF 144 | STATEMENT OF PRIOR FEDERAL SERVICE | EMPLOYEE | | Permanent | 05/16/2008 |
| 01/22/2007 | ACKNOWLEDGEMENT DOCUMENT | ACKNOWLEDGEMENT DOCUMENTS | EMPLOYEE | | Temporary | 05/16/2008 |
| 01/22/2007 | ACKNOWLEDGEMENT DOCUMENT | ACKNOWLEDGEMENT DOCUMENTS | EMPLOYEE | | Temporary | 05/16/2008 |
| 01/21/2007 | SF 50-B | NOTIFICATION OF PERSONNEL ACTION (PIN-FEED) | CAREER-COND APPT | 101 | Permanent | 05/16/2008 |
| 01/21/2007 | SF 50-B | NOTIFICATION OF PERSONNEL ACTION (PIN-FEED) | CORRECTION | 002 | Permanent | 05/16/2008 |
| 01/21/2007 | SF 61 | APPOINTMENT AFFIDAVITS (OATH OF OFFICE) | EMPLOYEE | | Permanent | 05/16/2008 |
| 01/21/2007 | SF 52 | REQUEST FOR PERSONNEL ACTION | CAREER-COND APPT | 101 | Temporary | 05/16/2008 |
| 12/05/2006 | OF 612 | OPTIONAL APPLICATION FOR FEDERAL EMPLOYMENT OR RESUME | EMPLOYEE | | Permanent | 05/16/2008 |
| 12/05/2000 | DG 3B | SIGNED STATEMENT OF UNDERSTANDING WHEN | EMPLOYEE | | Permanent | 05/16/2008 |

| Effective Date | Form Number | Form Description | Type | NOA Code 1 | Side | Create Date |
|---|---|---|---|---|---|---|
| | | LEAVING COMP. SERVICE FOR EXCEPTED SERVICE | | | | |

# EXHITBIT
# G

C O N F I D E N T I A L
REFERENCE CHECK

Applicant: R. Armstrong _____ Vacancy Announcement: HR-N-2015-0009-HON

**Title/Location of Vacancy:  Lieutenant (GS-09) / FDC Honolulu**
As noted in the Human Resource Management Manual (CN), selecting officials, or their designee, may elect to check the references of Best Qualified or non-competitive applicants for a vacancy.  The questions outlined below are required when references are checked and follow-up questions for clarification purposes are permissible.  Additionally, should the reference-checker determine that additional job-related questions are necessary for a specific vacancy, those questions are to be added to this form and asked of all applicants who are referenced checked for that vacancy.  Care should be taken in framing questions so information being solicited would not indicate an applicant's race, color, sex, religion, national origin, age, disability or sexual preference.

**A summary of the reference-checking results for each applicant is to be recorded on this form and retained in the applicable promotion file.  Results are not to be directly linked to the reference contacted.**

| Current Skill/Ability Level | Not Observed | Below Average | Average | Above Average |
|---|---|---|---|---|
| Administrative Skills (e.g., establishes plans, develops systems and processes, prioritizes and organizes work) | | | | ✓ |
| Oral Communication Skills (e.g., fosters open communications, listens, delivers presentations, interpersonal skills, builds relationships, diplomacy) | | | | ✓ |
| Written Communication Skills | | | | ✓ |
| Technical Expertise | | | | ✓ |
| Responsiveness (e.g., commitment to quality, meets expectations and deadlines) | | | | ✓ |
| Analytical Ability (e.g., problem solving abilities, sound judgment, ability to analyze issues) | | | | ✓ |
| Additional Job Related Questions/comments | | | | |
| Additional Job Related Questions/comments | | | | |

Disciplinary Actions within last two years, if known:  open Case

Would you employ the individual in this position?  Yes

| Supervisory Positions Only: Leadership Skills (e.g., provides direction, fosters teamwork, motivates staff, values diversity, promotes agency mission, ability to train subordinates) | Not Observed | Below Average | Average | Above Average |
|---|---|---|---|---|
| | | | | ✓ |

| Supervisory Positions Only: Is applicant mobile? | Yes | No | Unknown |
|---|---|---|---|
| | Yes | | |

Reference:  (Name) A. Washington - Aoukc (Title) Warden - Alicaville  (Date) 3/30/15

(Name) _____  (Title) _____  (Date) _____

Form completed by:  (Name) R. Ormond  (Title) Warden - Hon  (Date) 3/30/15

Exhibit 6 Page 6




Attachment J-27

## CONFIDENTIAL
### REFERENCE CHECK

Applicant: **Rashawn Armstrong**

Vacancy Announcement: **HR-N-2015-0009-HON**

Title/Location of Vacancy: **Lieutenant GL-0007-09 FDC Honolulu**

As noted in the Human Resource Management Manual (CN ***), selecting officials, or their designee, may elect to check the references of Best Qualified or non-competitive applicants for a vacancy. The questions outlined below are required when references are checked and follow-up questions for clarification purposes are permissible

Additionally, should the reference-checker determine that additional job-related questions are necessary for a specific vacancy, those questions are to be added to this form and asked of all applicants who are referenced checked for that vacancy. Care should be taken in framing questions so information being solicited would not indicate an applicant's race, color, sex, religion, national origin, age, disability or sexual preference

A summary of the reference-checking results for each applicant is to be recorded on this form and retained in the applicable promotion file. Results are not to be directly linked to the reference contacted.

| Current Skill/Ability Level | Not Observed | Below Average | Average | Above Average |
|---|---|---|---|---|
| Administrative Skills (e.g., establishes plans, develops systems and processes, prioritizes and organizes work) | | | ✓ | |
| Oral Communication Skills (e.g., fosters open communications, listens, delivers presentations, interpersonal skills, builds relationships, diplomacy) | | | ✓ | |
| Written Communication Skills | | | ✓ | |
| Technical Expertise | | | ✓ | |
| Responsiveness (e.g., commitment to quality, meets expectations and deadlines) | | | ✓ | |
| Analytical Ability (e.g., problem solving abilities, sound judgment, ability to analyze issues) | | | ✓ | |
| Additional Job Related Questions/comments | | | | |
| Additional Job Related Questions/comments | | | | |

Disciplinary Actions within last two years, if known: **YES**

Would you employ the individual in this position?   **Yes**   No

| Supervisory Positions Only: Leadership Skills (e.g., provides direction, fosters teamwork, motivates staff, values diversity, promotes agency mission, ability to train subordinates) | Not Observed | Below Average | Average | Above Average |
|---|---|---|---|---|
| | | | ✓ | |

Supervisory Positions Only:   Is applicant mobile?   **Yes**   No   Unknown

References:   (Name) **SEKOU MA'AT**   (Title) **ASSOCIATE WARDEN**

Form completed by:   (Name) **David G. Bruce**   (Title) **Associate Warden**   (Date) **4-1-16**

Exhibit **16** Page **4**

## Applicant Notification

From: mpowell@bop.gov

To: ra1111@ymail.com

Date: Tuesday, June 9, 2015, 7:30 PM CDT


APPLICANT NOTIFICATION SA0004 FDC Honolulu
Supervisory Correctional Officer (Lieutenant (GL-09)), 0007-09 HR-N-2015-0009-Alderson, WV (FPC), Aliceville, AL (FCI), Ashland, KY (FCI), Atlanta, GA (USP), Bastrop, TX (FCI), Beckley, WV (FCI), Bennettsville, SC (FCI), Berlin, NH (FCI), Big Spring, TX (FCI), Brooklyn, NY (MDC), Bryan, TX (FPC), Carswell, TX (FMC), Chicago, IL (MCC), Cumberland, MD (FCI), Danbury, CT (FCI), Devens, MA (FMC), Dublin, CA (FCI), Duluth, MN (FPC), Edgefield, SC (FCI), El Reno, OK (FCI), Elkton, OH (FCI), Englewood, CO (FCI), Estill, SC (FCI), Fairton, NJ (FCI), Fort Dix, NJ (FCI), Fort Worth, TX (FCI), Gilmer, WV (FCI), Greenville, IL (FCI), Guaynabo, PR (MDC), Herlong CA (FCI), Honolulu, HI (FDC), Houston, TX (FDC), Jesup, GA (FCI), La Tuna, TX (FCI), Leavenworth, KS (USP), Lexington, KY (FMC), Loretto, PA (FCI), Los Angeles, CA (MDC), Manchester, KY (FCI), Marianna, FL (FCI), Marion, IL (USP), McDowell, WV (FCI), McKean, PA (FCI), Memphis, TN (FCI), Mendota, CA (FCI), Miami, FL (FCI), Miami, FL (FDC), Milan, MI (FCI), Montgomery, AL (FPC), Morgantown, WV (FCI), New York, NY (MCC), Oklahoma City, OK (FTC), Otisville, NY (FCI), Oxford, WI (FCI), Pekin, IL (FCI), Pensacola, FL (FPC), Philadelphia, PA (FDC), Phoenix, AZ (FCI), Ray Brook, NY (FCI), Rochester, MN (FMC), Safford, AZ (FCI), San Diego, CA (MCC), Sandstone, MN (FCI), Schuylkill, PA (FCI), Seagoville, TX (FCI), Seatac, WA (FDC), Sheridan, OR (FCI), Springfield, MO (MCFP), Talladega, AL (FCI), Tallahassee, FL (FCI), Terminal Island, CA (FCI), Texarkana, TX (FCI), Three Rivers, TX (FCI), Waseca, MN (FCI), Williamsburg, SC (FCI), Yankton, SD (FPC)

CANDIDATE(S) SELECTED: David Martinez, SOS, GL-8, FCI Fairton

_____
Name      Title/Grade      Location


__x____Reference checking was conducted.

_____Reference checking was not conducted.

_____Verification of reference checking is pending. Once it is verified, you will be notified if reference checking was conducted for you.


_x__You received consideration for selection as part of the "best qualified" group.

___You received consideration for selection as part of the "non-competitive" group.

To receive an e-mail notification and keep abreast of all status changes regarding your application, log in to your USAJOBS account, select "Edit Profile" and click next until you reach the Account Information screen. At the bottom of the screen, click the box by Notification Settings indicating you would like to receive an e-mail notification "When the status of an application I've submitted changes".

Thank you for your application!







P: 3093.65
12-19-2007
Attachment 3-27

CONFIDENTIAL
REFERENCE CHECK

Applicant:    Reshaye Armstrong

Vacancy Announcement:   MEN-2015-0030-0002-MP

Title/Location of Vacancy:   Correctional Officer (Correctional Counselor), GL-0007-09 FCI Mandota

As noted in the Human Resource Management Manual (CN ***), selecting officials, or their designee, may elect to check the references of Best Qualified or non-competitive applicants for a vacancy. The questions outlined below are required when references are checked and follow-up questions for clarification purposes are permissible. Additionally, should the reference-checker determine that additional job-related questions are necessary for a specific vacancy, those questions are to be added to this form and asked of all applicants who are reference checked for that vacancy. Care should be taken in framing questions so information being solicited would not indicate an applicant's race, color, sex, religion, national origin, age, disability or sexual preference.

**A summary of the reference-checking results for each applicant is to be recorded on this form and retained in the applicable promotion file. Results are not to be directly linked to the reference contacted.**

| Current Skill/Ability Level | Not Observed | Below Average | Average | Above Average |
|---|---|---|---|---|
| Administrative Skills (e.g., establishes plans, develops systems and processes, prioritizes and organizes work) | ✓ | | | |
| Oral Communication Skills (e.g., fosters open communications, listens, delivers presentations, interpersonal skills, builds relationships, diplomacy) | ✓ | | | |
| Written Communication Skills | ✓ | | ✓ | |
| Technical Expertise | ✓ | | ✓ | |
| Responsiveness (e.g., commitment to quality, meets expectations and deadlines) | ✓ | | ✓ | |
| Analytical Ability (e.g., problem solving abilities, sound judgment, ability to analyze issues) | ✓ | | ✓ | ✓ |
| Additional Job Related Questions/comments | | | | |
| Additional Job Related Questions/comments | | | | |

Disciplinary Actions within last two years, if known:   YES

Would you employ the individual in this position?   NO

| Supervisory Positions Only:   Leadership Skills (e.g., provides direction, fosters teamwork, motivates staff, values diversity, promotes agency mission, ability to train subordinates) | Not Observed | Below Average | Average | Above Average |
|---|---|---|---|---|
| | | | ✓ | |

Supervisory Positions Only: Is applicant mobile?   Yes  No  Unknown

References:    (Name)   SEKOU Mo'at        (Title)  A.W.(P)

(Name) _____    (Title) _____

(Name) _____    (Title) _____

Form completed by:   (Name)  ATëller /H        (Title)  A.W.(P)        (Date)  4-3-15

## C O N F I D E N T I A L
### REFERENCE CHECK

Applicant: <u>Reshawn Armstrong</u>

Vacancy Announcement: <u>HR-N-2015-0007-0044-EXC-LOM-SA0005</u>

Title/Location of Vacancy: <u>LIEUTENANT, GS-09/11 - FCC/USP LOMPOC</u>

As noted in the Human Resource Management Manual (CN ***), selecting officials, or their designee, may elect to check the references of Best Qualified or non-competitive applicants for a vacancy. The questions outlined below are required when references are checked and follow-up questions are for clarification purposes are permissible. Additionally, should the reference-checker determine that additional job-related questions are necessary for a specific vacancy, those questions are to be added to this form and asked of all applicants who are referenced checked for that vacancy. Care should be taken in framing questions so information being solicited would not indicate an applicant's race, color, sex, religion, national origin, age, disability or sexual preference.

A summary of the reference-checking results for each applicant is to be recorded on this form and retained in the applicable promotion file. Results are not to be directly linked to the reference contacted.

| Current Skill/Ability Level | Not Observed | Below Average | Average | Above Average |
|---|---|---|---|---|
| Administrative Skills (e.g., establishes plans, develops systems and processes, prioritizes and organizes work) | | | X | |
| Oral Communication Skills (e.g., fosters open communications, listens, delivers presentations, interpersonal skills, builds relationships, diplomacy) | | | X | |
| Written Communication Skills | | | X | |
| Technical Expertise | | | X | |
| Responsiveness (e.g., commitment to quality, meets expectations and deadlines) | | | X | |
| Analytical Ability (e.g., problem solving abilities, sound judgment, ability to analyze issues) | | | X | |
| Additional Job Related Questions/comments | | | | |
| Additional Job Related Questions/comments | | | | |

| | |
|---|---|
| Disciplinary Actions within last two years, if known: None | |
| Would you employ the individual in this position? Yes | |
| Supervisory Positions Only: is applicant mobile? Yes | |

| Supervisory Positions Only: Leadership Skills (e.g., provides direction, fosters teamwork, motivates staff, values diversity, promotes agency mission, ability to train subordinates) | Not Observed | Below Average | Average | Above Average |
|---|---|---|---|---|
| | | | (circled) | |

References: (Name) [(b)(7)(C),(b)(7)(F)]   (Title) [(b)(7)(C),(b)(7)(F)]

Form completed by: (Name) [(b)(7)(C),(b)(7)(F)]   (Title) [(b)(7)(C),(b)(7)(F)]   (Date) 4/23/15

Applicant ^_Notification^_

From: lduenas@bop.gov

To:    ra1111@ymail.com

Date: Thursday, July 9, 2015, 11:04 AM CDT


APPLICANT NOTIFICATION for SA0005 LOMPOC GS-09/11 LT

Supervisory Correctional Officer (Lieutenant (GS-09/11 - FCC/USP)), 0007-09 HR-N-2015-0007-Allenwood, PA (FCC), Atwater, CA (USP), Beaumont, TX (FCC), Big Sandy, KY (USP), Butner, NC (FCC), Canaan, PA (USP), Coleman, FL (FCC), Florence, CO (FCC), Forrest City, AR (FCC), Hazelton, WV (FCC), Lee, VA (USP), Lewisburg, PA (USP), Lompoc, CA (FCC), McCreary, KY (USP), Oakdale, LA (FCC), Petersburg, VA (FCC), Pollock, LA (FCC), Terre Haute, IN (FCC), Thomson, IL (AUSP), Tucson, AZ (FCC), Victorville, CA (FCC), Yazoo City, MS (FCC)

CANDIDATE(S) SELECTED:

JOSHUA ROBSION, SR OFFCR SPEC/GL-08, LOMPOC
Name          Title/Grade       Location


__XXX____Reference checking was conducted.

_____Reference checking was not conducted.

_____Verification of reference checking is pending.  Once it is verified, you will be notified if reference checking was conducted for you.


_XX__You received consideration for selection as part of the "best qualified" group.

___You received consideration for selection as part of the "non-competitive" group.

To receive an e-mail notification and keep abreast of all status changes regarding your application, log in to your USAJOBS account, select "Edit Profile" and click next until you reach the Account Information screen.  At the bottom of the screen, click the box by Notification Settings indicating you would like to receive an e-mail notification "When the status of an application I've submitted changes".

Thank you for your application!

Attachment J-27

CONFIDENTIAL
REFERENCE CHECK

Applicant: Reshawn Armstrong                    Vacancy Announcement:  Phx-2015-0049

Title/Location of Vacancy:  Unit Counselor / FCI Phoenix

As noted in the Human Resource Management Manual (CN ***), selecting officials, or their designee, may elect to check the references of Best
Qualified or non-competitive applicants for a vacancy.  The questions outlined below are required when references are checked and follow-up questions
for clarification purposes are permissible.

Additionally, should the reference-checker determine that additional job-related questions are necessary for a specific vacancy, those questions are to be
added to this form and asked of all applicants who are referenced checked for that vacancy.  Care should be taken in framing questions so information
being solicited would not indicate an applicant's race, color, sex, religion, national origin, age, disability or sexual preference.

A summary of the reference-checking-results for each applicant is to be recorded on this form and retained in the applicable promotion file.
Results are not to be directly linked to the reference contacted.

| Current Skill/Ability Level | Not Observed | Below Average | Average | Above Average |
|---|---|---|---|---|
| Administrative Skills (e.g., establishes plans, develops systems and processes, prioritizes and organizes work) | ✓ | | | |
| Oral Communication Skills (e.g., fosters open communications, listens, delivers presentations, interpersonal skills, builds relationships, diplomacy) | | | ✓ | |
| Written Communication Skills | ✓ | | | |
| Technical Expertise | | | ✓ | |
| Responsiveness (e.g., commitment to quality, meets expectations and deadlines) | ✓ | | | |
| Analytical Ability (e.g., problem solving abilities, sound judgment, ability to analyze issues) | | | ✓ | |
| Additional Job Related Questions/comments | | | | |
| Additional Job Related Questions/comments | | | | |

Disciplinary Actions within last two years, if known:  Yes

Would you employ the individual in this position?     Yes ● No

| Supervisory Positions Only:  Leadership Skills (e.g., provides direction, fosters teamwork, motivates staff, values diversity, promotes agency mission, ability to train subordinates) | Not Observed | Below Average | Average | Above Average |
|---|---|---|---|---|
| | | | | |

Supervisory Positions Only:  Is applicant mobile?     Yes     No     Unknown

References:              (Name) S. Ma'at              (Title) Associate Warden

Form completed by:      (Name) Michael Jenkins        (Title) Acting AW(P)          (Date) 07/30/15



(2)

Attachment 3-27

C O N F I D E N T I A L
REFERENCE CHECK

Applicant: _Armstrong, Reshawn (FCI Allceville)_  Vacancy Announcement: _BSG-2015-0040-0001-MP__

Title/Location of Vacancy: __Correctional Counselor / FCI Big Spring_____

As noted in the Human Resource Management Manual (CN ***), selecting officials, or their designee, may elect to check the references of Best Qualified or non-competitive applicants for a vacancy. The questions outlined below are required when references are checked and follow-up questions for clarification purposes are permissible.
Additionally, should the reference-checker determine that additional job-related questions are necessary for a specific vacancy, those questions are to be added to this form and asked of all applicants who are referenced checked for that vacancy. Care should be taken in framing questions so information being solicited would not indicate an applicant's race, color, sex, religion, national origin, age, disability or sexual preference.

A summary of the reference-checking results for each applicant is to be recorded on this form and retained in the applicable promotion file. Results are not to be directly linked to the reference contacted.

| | | | | |
|---|---|---|---|---|
| Administrative Skills (e g., establishes plans, develops systems and processes, prioritizes and organizes work) | ✓ | | | |
| Oral Communication Skills (e.g., fosters open communications, listens, delivers presentations, interpersonal skills, builds relationships, diplomacy) | | | ✓ | |
| Written Communication Skills | ✓ | | | |
| Technical Expertise | | | ✓ | |
| Responsiveness (e.g., commitment to quality, meets expectations and deadlines) | | | ✓ | |
| Iytical Ability (e.g., problem solving abilities, sound judgment, ability to alyze issues) | | | | |
| Additional Job Related Questions/comments | | | | |
| Additional Job Related Questions/comments | | | | |

Disciplinary Actions within last two years, if known:    YES

Would you employ the individual in this position? Yes/ No

| | | Yes | No | Unknown |
|---|---|---|---|---|
| Supervisory Positions Only: Is applicant mobile? | | | | |

References:  (Name) S. Ma'let    (Title) Ral(?)

(Name)_____    (Title)_____

Form Completed by:  (Name) M. underwood    (Title) ACW    (Date) 7/7/15

 

Attachment J-27

CONFIDENTIAL
REFERENCE CHECK

Applicant: **ARMSTRONG, Reshawn**                        Vacancy Announcement: **HR-N-2015-0007-0105-MP-VIM**

Title/Location of Vacancy: **Supervisory Corr. Officer, Lieutenant GS-09/11 VIX**

As noted in the Human Resource Management Manual (CN ***), selecting officials, or their designee, may elect to check the references of Best Qualified or non-competitive applicants for a vacancy. The questions outlined below are required when references are checked and follow-up questions for clarification purposes are permissible.

Additionally, should the reference-checker determine that additional job related questions are necessary for a specific vacancy, those questions are to be added to this form and asked of all applicants who are referenced checked for that vacancy. Care should be taken in framing questions so information being solicited would not indicate an applicant's race, color, sex, religion, national origin, age, disability or sexual preference.

A summary of the reference-checking results for each applicant is to be recorded on this form and retained in the applicable promotion file. Results are not to be directly linked to the reference contacted.

| Current Skill/Ability Level | Not Observed | Below Average | Average | Above Average |
|---|---|---|---|---|
| Administrative Skills (e.g., establishes plans, develops systems and processes, prioritizes and organizes work) | | | ✓ | |
| Oral Communication Skills (e.g., fosters open communications, listens, delivers presentations, interpersonal skills, builds relationships, diplomacy) | | | ✓ | |
| Written Communication Skills | | | ✓ | |
| Technical Expertise | | | | ✓ |
| Responsiveness (e.g., commitment to quality, meets expectations and deadlines) | | | | ✓ |
| Analytical Ability (e.g., problem solving abilities, sound judgment, ability to analyze issues) | | | ✓ | |
| Additional Job Related Questions/comments | | | | |
| Additional Job Related Questions/comments | | | | |

Disciplinary Actions within last two years, if known: **UNK**

Would you employ the individual in this position?     Yes ●   No

| Supervisory Positions Only:  Leadership Skills (e.g.. provides direction, fosters teamwork, motivates staff, values diversity, promotes agency mission, ability to train subordinates) | Not Observed | Below Average | Average | Above Average |
|---|---|---|---|---|
| | | | ✓ | |

Supervisory Positions Only:  Is applicant mobile?     Yes ●   No     Unknown

References:        (Name) Sekou Ma'at                          (Title) Associate Warden

Form completed by:   (Name) William W. Lothrop                 (Title) Associate Warden        (Date) 09/15/15

BOP_003059

**From:** <lduenas@bop.gov>
**To:** <r1armstrong@bop.gov>
**Date:** 12/15/2015 2:55 PM
**Subject:** Applicant Notification

APPLICANT NOTIFICATION SA0009 GS-09/11 Lieutenant FCC Lompoc

Supervisory Correctional Officer (Lieutenant (GS-09/11 - FCC/USP)), 0007-09 HR-N-2015-0007-
Allenwood, PA (FCC), Atwater, CA (USP), Beaumont, TX (FCC), Big Sandy, KY (USP), Butner, NC
(FCC), Canaan, PA (USP), Coleman, FL (FCC), Florence, CO (FCC), Forrest City, AR (FCC), Hazelton,
WV (FCC), Lee, VA (USP), Lewisburg, PA (USP), Lompoc, CA (FCC), McCreary, KY (USP), Oakdale, LA
(FCC), Petersburg, VA (FCC), Pollock, LA (FCC), Terre Haute, IN (FCC), Thomson, IL (AUSP), Tucson,
AZ (FCC), Victorville, CA (FCC), Yazoo City, MS (FCC)

CANDIDATE(S) SELECTED:

Christopher Fernandez, Sr. Officer Spec/GL-08, Lompoc
Name                    Title/Grade           Location


__XX____Reference checking was conducted.

_____Reference checking was not conducted.

_____Verification of reference checking is pending.  Once it is verified, you will be notified if reference
checking was conducted for you.


_XX__You received consideration for selection as part of the "best qualified" group.

___You received consideration for selection as part of the "non-competitive" group.

To receive an e-mail notification and keep abreast of all status changes regarding your application, log in
to your USAJOBS account, select "Edit Profile" and click next until you reach the Account Information
screen. At the bottom of the screen, click the box by Notification Settings indicating you would like to
receive an e-mail notification "When the status of an application I've submitted changes".

Thank you for your application!



Attachment 3-27

**CONFIDENTIAL**
**REFERENCE CHECK**

Applicant: **Reshawn Armstrong**                    Vacancy Announcement:   **Phx-2015-0049**

Title/Location of Vacancy:  **Unit Counselor / FCI Phoenix**

As noted in the Human Resource Management Manual (CN ***), selecting officials, or their designee, may elect to check the references of Best Qualified or non-competitive applicants for a vacancy. The questions outlined below are required when references are checked and follow-up questions for clarification purposes are permissible.

Additionally, should the reference-checker determine that additional job-related questions are necessary for a specific vacancy, those questions are to be added to this form and asked of all applicants who are referenced checked for that vacancy. Care should be taken in framing questions so information being solicited would not indicate an applicant's race, color, sex, religion, national origin, age, disability or sexual preference.

A summary of the reference-checking results for each applicant is to be recorded on this form and retained in the applicable promotion file. Results are not to be directly linked to the reference contacted.

| Current Skill/Ability Level | Not Observed | Below Average | Average | Above Average |
|---|---|---|---|---|
| Administrative Skills (e.g., establishes plans, develops systems and processes, prioritizes and organizes work) | ✓ | | | |
| Oral Communication Skills (e.g., fosters open communications, listens, delivers presentations, interpersonal skills, builds relationships, diplomacy) | | | ✓ | |
| Written Communication Skills | ✓ | | | |
| Technical Expertise | | | ✓ | |
| Responsiveness (e.g., commitment to quality, meets expectations and deadlines) | ✓ | | | |
| Analytical Ability (e.g., problem solving abilities, sound judgment, ability to analyze issues) | | | ✓ | |
| Additional Job Related Questions/comments | | | | |
| Additional Job Related Questions/comments | | | | |

Disciplinary Actions within last two years, if known: **Yes**

Would you employ the individual in this position?   Yes ● No

| Supervisory Positions Only: Leadership Skills (e.g., provides direction, fosters teamwork, motivates staff, values diversity, promotes agency mission, ability to train subordinates) | Not Observed | Below Average | Average | Above Average |
|---|---|---|---|---|
| | | | | |

Supervisory Positions Only:  Is applicant mobile?      Yes      No      Unknown

References:            (Name) **S. Ma'at**                    (Title) **Associate Warden**

Form completed by:      (Name) **Michael Jenkins**            (Title) **Acting AW(P)**            (Date) **07/30/15**

| From: | <aschindehette@bop.gov> |
|-------|-------------------------|
| To: | <r1armstrong@bop.gov> |
| Date: | 10/9/2015 12:02 PM |
| Subject: | Position Application - Applicant Notification |

APPLICANT NOTIFICATION
Correctional Officer (Correctional Counselor), 0007-09 PHX-2015-0049-Phoenix, AZ, US

CANDIDATE(S) SELECTED:
Steven Lauritsen, Case Manager, GS-11, FCI Herlong

__XXX_____Reference checking was conducted.

_____Reference checking was not conducted.

_____Verification of reference checking is pending.  Once it is verified, you will be notified if reference checking was conducted for you.

_XXX__You received consideration for selection as part of the "best qualified" group.

___You received consideration for selection as part of the "non-competitive" group.

___Management has decided not to fill this position at this time.

___This position has been filled in the following manner:_____

To receive an e-mail notification and keep abreast of all status changes regarding your application, log in to your USAJOBS account, select "Edit Profile" and click next until you reach the Account Information screen. At the bottom of the screen, click the box by Notification Settings indicating you would like to receive an e-mail notification "When the status of an application I've submitted changes".

Thank you for your application!



CONFIDENTIAL
REFERENCE CHECK

Applicant: ___Reshawn Armstrong___ Vacancy Announcement:

Title/Location of Vacancy: __Correctional Counselor / GL-0007-09__ As noted in the Human Resource Management Manual (CN ***), selecting officials, or their designee, may elect to check the references of Best Qualified or non-competitive applicants for a vacancy. The questions outlined below are required when references are checked and follow-up questions for clarification purposes are permissible. Additionally, should the reference-checker determine that additional job-related questions are necessary for a specific vacancy, those questions are to be added to this form and asked of all applicants who are referenced checked for that vacancy. Care should be taken in framing questions so information being solicited would not indicate an applicant's race, color, sex, religion, national origin, age, disability or sexual preference.

**A summary of the reference-checking results for each applicant is to be recorded on this form and retained in the applicable promotion file. Results are not to be directly linked to the reference contacted.**

| Current Skill/Ability Level | Not Observed | Below Average | Average | Above Average |
|---|---|---|---|---|
| Administrative Skills (e.g., establishes plans, develops systems and processes, prioritizes and organizes work) | | | XX | XX |
| Oral Communication Skills (e.g., fosters open communications, listens, delivers presentations, interpersonal skills, builds relationships, diplomacy) | | | XX | XX |
| Written Communication Skills | | | XX | XX |
| Technical Expertise | | | XX | XX |
| Responsiveness (e.g., commitment to quality, meets expectations and deadlines) | | | XX | XX |
| Analytical Ability (e.g., problem solving abilities, sound judgment, ability to analyze issues) | | | XX | XX |
| Additional Job Related Questions/comments | | | | |
| Additional Job Related Questions/comments | | | | |

Disciplinary Actions within last two years, if known: None

Would you employ the individual in this position? (Yes) / No

| Supervisory Positions Only: Leadership Skills (e.g., provides direction, fosters teamwork, motivates staff, values diversity, promotes agency mission, ability to train subordinates) | Not Observed | Below Average | Average | Above Average |
|---|---|---|---|---|
| Supervisory Positions Only: Is applicant mobile? | Yes | No | Unknown | |

References: (Name)__Margaret Reherman, FCI Aliceville _____   (Title)_Associate Warden__205-373-5013_____

(Name)_____   (Title)_____

(Name)_____   (Title)_____

Form completed by: (Name)____M. E. Mickelburg _____(Title)___Associate Warden_____

(Date)____June 9, 2015_____.

(18)

PS 3000.02
CN-29 10/28/98
Attachment 3-27

**C O N F I D E N T I A L**
Reference Check

| Applicant: Armstrong, Reshawn (FCI Aliceville) | Vacancy Announcement: WR-N-2015 C005-058-MP-SCC |
|---|---|
| Title/Location of Vacancy: Supervisory Correctional Officer (LT) (MCC San Diego) | |

As noted in the Human Resource Management Manual (CN 29), selecting officials, or their designee, may elect to check the references of Best Qualified or non-competitive applicants for a vacancy. The questions outlined below are required when references are checked and follow-up questions for clarification purposes are permissible. Additionally, should the reference-checker determine that additional job related questions are necessary for a specific vacancy, those questions are to be added to this form and asked of all applicants who are referenced checked for that vacancy. Care should be taken in framing questions so information being solicited would not indicate an applicant's race, color, sex, religion, national origin, age, disability or sexual preference.

A summary of the reference-checking results for each applicant is to be recorded on this form and retained in the applicable promotion file. Results are not to be directly linked to the reference contacted.

| Current Skill/Ability Level: | Not Observed | Below Average | Average | Above Average |
|---|---|---|---|---|
| Administrative Skills (e.g., establishes plans, develops systems and processes, prioritizes and organizes work) | | | | X |
| Oral Communication Skills (e.g., fosters open communications, listens, delivers presentations, interpersonal skills, builds relationships, diplomacy) | | | | X |
| Written Communication Skills | | | | X |
| Technical Expertise | | | | X |
| Responsiveness (e.g., commitment to quality, meets expectations and deadlines, | | | | X |
| Analytical Ability (e.g., problem solving abilities, sound judgement, ability to analyze issues) | | | | X |
| Additional Job Related Questions/comments | | | | |
| Additional Job Related Questions/comments | | | | |
| Disciplinary Actions within last two years, if known: | NO | | | |
| Would you employ the individual in this position? | yes | No | | |

| Supervisory Positions Only:  Leadership Skills (e.g., provides direction, fosters teamwork, motivates staff, values diversity, promotes agency mission, ability to train subordinates, | Not Observed | Below Average | Average | Above Average |
|---|---|---|---|---|
| | | | | X |

| Supervisory Positions Only:  if | Yes X (b)(7)(C),(b)(7)(F) | No (b)(7)(C),(b)(7)(F) | Unknown |
|---|---|---|---|
| References:   Name: | | Title: | |
| Name: | | Title: | |
| Name: | | Title: | |

| Form Completed By:  (b)(7)(C),(b)(7)(F) | Title: (b)(7)(C),(b)(7)(F) | Date: 05/08/2015 |
|---|---|---|

# ARMSTRONG, RESHAWN

Q  ▼

| Date | Staging Area | Grade | Comments | Entered By |
|------|-------------|-------|----------|-----------|
| 8/7/2015 3:37:58 PM | SA-BOP-0002 | 08 PREV | Correspondence NEXT | BACK TO APPLICANTS Alice Schindehette |

**Tracking Code:** EMAIL

**Public Status:**

**Additional Information:** APPLICANT NOTIFICATION Correctional Officer (Correctional Counselor), 0007-09 BSG-2015-0040-Big Spring, TX, US CANDIDATE(S) SELECTED: Randolph King, Correctional Sys Officer, GL-08, FCI Aliceville __XX_____Reference checking was conducted. _____Reference checking was not conducted. _____Verification of reference checking is pending. Once it is verified, you will be notified if reference checking was conducted for you. _XX__You received consideration for selection as part of the "best qualified" group. ___You received consideration for selection as part of the "non-competitive" group. ___Management has decided not to fill this position at this time. ___This position has been filled in the following manner:_____ To receive an e-mail notification and keep abreast of all status changes regarding your application, log in to your USAJOBS account, select "Edit Profile" and click next until you reach the Account Information screen. At the bottom of the screen, click the box by Notification Settings indicating you would like to receive an e-mail notification "When the status of an application I've submitted changes". Thank you for your application!

**Public Status Comment:**

**USAJOBS Status:**

# EXHITBIT
# H

# United States District Court
## for the
## Northern District of Alabama
## Western Division

<table>
<tr>
<td>

**Reshawn Armstrong,**
***Plaintiff*** (Pro Se)

v.

**William Pelham Barr; U.S. Attorney General; Head of Department of Justice Federal Bureau of Prisons,**
 ***Defendant***

</td>
<td>

**Case No. 7:17-cv-01857-LSC**

</td>
</tr>
</table>

## Affidavit of Plaintiff Reshawn Armstrong

I am the Plaintiff (Pro Se) in civil action 7:17-cv-01857-LSC and currently resides in Tuscaloosa County, Alabama. I have personally knowledge of facts concerning this case. I am of sound mind and under penalty of perjury hereby state the following:

1. FCI Aliceville is a female institution.

2. I transferred to FCI Aliceville in 2012.

3. From 2012 until mid 2013 I served on FCI Aliceville Disturbance Control Team (DCT).

4. From mid 2013 until December of 2015 I was certified as Basic Prisoner Transport (BPT) escort officer.

5. My evaluations from 2012 through 2016 were rated as excellent/outstanding with an overall rating of excellent.

6. I received two incentive awards in 2015 (March 6, 2015 and May 21, 2015).

7. Also I was trained in Central Inmate Monitoring (CIMS), National Crime Information Center and National Law Enforcement Telecommunications (NCIC/NLETS), Inmate Discipline Certification (IDC), Case Management Certification,

8. Due to PREA (Prison Rape Elimination Act), male staffs working at a female prison are not allowed to pat search and/or to have any physical contact with female inmates except during emergency situations.

9. In 2014 through 2015 FCI Aliceville Management were sending two male officers out on scheduled routine medical trips without female staff.

10. FCI Aliceville was in need of more female staffs due to FCI Aliceville being a female institution.

11. FCI Aliceville was especially in need of more BPT female staffs.

12. In 2016 Human Resource Department had to close for two days in order to conduct a mass hiring for FCI Aliceville.

13. In 2015 I applied for job announcements HR-N-2015-0009-HON. MEN-2015-0030-0002, BSG-2015-0040-0001. PHX-2015-0049. HR-N-2015-0007-LOM and was qualified.

14. The above mentioned job announcements reference checks stated "open case" and "yes" to question "Disciplinary Action within the last two years, if known". Also skills and ability level ratings contradicts my performance evaluations and incentive awards received in 2015.

15. There were also two other reference checks dated May 8, 2015 and June 9, 2015 for two additional job announcements I qualified for written in a confusing manner.

16. I never had any disciplinary action taken against me from 2007 through 2016.

17. I have never been suspended since my employment with the Department of Justice Federal Bureau of Prisons.

18. On August 21, 2015 I contacted the Agency EEO Office to start EEO process.

19. In September of 2015 I did not received my lieu of holiday entitlement.

20. On September 11, 2015 I filed an informal EEO compliant for sex discrimination (disparate treatment).

21. On September 18, 2015 my daily assignments for September 8th 2015 was changed to reflect inaccurate post assignment for that day (September 8, 2015).

22. On October 8, 2015 Demetrius Heatrice became verbally aggressive with me at the rear gate for following post procedures. He then blocked the office doorway when I tried to leave.

23. I reported incident to Management which no one in Management came to speak with me concerning incidents, nor was there a threat assessment conducted.

24. I never felt comfortable around Demetrius Heatrice after that incident. He continued to do things to give me a hard time at my post. I was always nervous whenever he came to the rear gate not knowing if he would again become verbally aggressive or worse.

25. Also on October 14, 2015 I was harassed at the rear gate by Jason Hudson who demanded to come through the rear gate area to bypass main entrance to go to his office, I told him he had to use the main entrance in which he stood outside for over 15 minute screaming and banging on the gate to let him in.

26. I reported both incidents of hostile work environment and was not contacted concerning investigation and/or a threat assessment.

27. On September 11, 2015 I amended my complaint to include retaliation.

28. On October 30 2015 Ten (10) hours of annual leave was used for that day which should not have been taken because I was at work on October 30, 2015 for training.

29. I was not paid for my attendance at mediation-ADR (Alternate Dispute Resolution) on November 23, 2015 which was scheduled on my day off.

30. On December 1, 2015 I filed my formal EEO compliant which included 10 hours of annual leave was taken and not being paid for ADR.

31. In January of 2016 when I returned from vacation I was confronted by Lt. Branch concerning a 2013 incident.

32. I told Lt. Branch I did not feel comfortable speaking with him without a rep and that I'm willing to speak with him with a representative present.

33. During this conversation Lt. Branch gave me a email that was sent to him by OIA.

34. A second affidavit /investigation was never conducted concerning discreditable misconduct.

"I declare under oath and penalty of perjury under the laws of the United States that the foregoing is true and correct"

Signature: _Alee_

Print Name: _Reshawn Amst_

Date Signed: _09-12-2019_

My Commission Expires 8/20/2023

# EXHITBIT
# I

# FCI, Aliceville
## ALICEVILLE, ALABAMA
### Armstrong  - Daily Assignments

| Date | Quarterly Roster | Assignment | Shift |
|------|-----------------|------------|-------|
| 10/18/2013 | FCI ALICEVILLE 3 | Hospital 2 | CT 00:00-01:00 |
| 10/18/2013 | FCI ALICEVILLE 3 | Mobile 1 | E/W 6 |
| 10/17/2013 | FCI ALICEVILLE 3 | Escort 1a | 19:45-00:00 |
| 10/17/2013 | FCI ALICEVILLE 3 | Mobile 1 | 16:00-19:45 |
| 10/16/2013 | FCI ALICEVILLE 3 | FIRE ARMS | |
| 10/15/2013 | FCI ALICEVILLE 3 | Day Off | |
| 10/14/2013 | FCI ALICEVILLE 3 | Day Off | |
| 10/13/2013 | FCI ALICEVILLE 3 | Mobile 1 | E/W 6 |
| 10/13/2013 | FCI ALICEVILLE 3 | Hosp #2 | OT 00:00-04:30 |
| 10/12/2013 | FCI ALICEVILLE 3 | Mobile 1 | 16:00-23:30 |
| 10/12/2013 | FCI ALICEVILLE 3 | Rendon #2 | 23:30-00:00 |
| 10/11/2013 | FCI ALICEVILLE 3 | Mobile 1 | E/W 6 |
| 10/10/2013 | FCI ALICEVILLE 3 | Mobile 1 | E/W 6 |
| 10/9/2013 | FCI ALICEVILLE 3 | FIRE ARMS | |
| 10/8/2013 | FCI ALICEVILLE 3 | Day Off | |
| 10/7/2013 | FCI ALICEVILLE 3 | Day Off | |
| 10/6/2013 | FCI ALICEVILLE 3 | Hospital #1 | E/W 6 |
| 10/5/2013 | FCI ALICEVILLE 3 | Hosp #1 | E/W 6 |
| 10/4/2013 | FCI ALICEVILLE 3 | HOSP #2 | E/W 6 |
| 10/3/2013 | FCI ALICEVILLE 3 | Mobile 1 | E/W 6 |
| 10/2/2013 | FCI ALICEVILLE 3 | Mobile 1 | E/W 6 |
| 10/1/2013 | FCI ALICEVILLE 3 | Day Off | |
| 9/30/2013 | FCI ALICEVILLE 3 | Day Off | |
| 9/29/2013 | FCI ALICEVILLE 3 | Mobile 1 | E/W 6 |
| 9/28/2013 | FCI ALICEVILLE 3 | Mobile 1 | E/W 6 |
| 9/27/2013 | FCI ALICEVILLE 3 | Mobile 1 | E/W 6 |
| 9/26/2013 | FCI ALICEVILLE 3 | Mobile 1 | E/W 6 |
| 9/25/2013 | FCI ALICEVILLE 3 | Mobile 1 | E/W 6 |
| 9/24/2013 | FCI ALICEVILLE 3 | Day Off | |
| 9/23/2013 | FCI ALICEVILLE 3 | Day Off | |
| 9/22/2013 | FCI ALICEVILLE 3 | Mobile 1 | E/W 6 |
| 9/21/2013 | FCI ALICEVILLE 3 | Mobile 1 | E/W 6 |
| 9/20/2013 | FCI ALICEVILLE 3 | Mobile 1 | E/W 6 |
| 9/19/2013 | FCI ALICEVILLE 3 | Hospital 1 | E/W 6 |
| 9/18/2013 | FCI ALICEVILLE 3 | HOSPITAL #2 | E/W 6 |
| 9/17/2013 | FCI ALICEVILLE 3 | Day Off | |
| 9/16/2013 | FCI ALICEVILLE 3 | Day Off | |
| 9/15/2013 | FCI ALICEVILLE 3 | Annual Leave | |
| 9/14/2013 | FCI ACTIVATION 2 | Day Off | |
| 9/13/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 9/12/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 9/11/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 9/10/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 9/9/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 9/8/2013 | FCI ACTIVATION 2 | Day Off | |
| 9/7/2013 | FCI ACTIVATION 2 | Day Off | |
| 9/6/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 9/5/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 9/4/2013 | FCI ACTIVATION 2 | Hospital #2 | M/W 1 |
| 9/3/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 9/2/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 9/1/2013 | FCI ACTIVATION 2 | Day Off | |
| 8/31/2013 | FCI ACTIVATION 2 | Day Off | |

## FCI, Aliceville
## ALICEVILLE, ALABAMA
### Armstrong  - Daily Assignments

Page 23

| Date | Quarterly Roster | Assignment | Shift |
|------|-----------------|-----------|-------|
| 8/30/2013 | FCI ACTIVATION 2 | HOSPITAL #2 | M/W 1 |
| 8/29/2013 | FCI ACTIVATION 2 | Control 1 | M/W 1 |
| 8/28/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 8/27/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 8/26/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 8/25/2013 | FCI ACTIVATION 2 | Day Off | |
| 8/24/2013 | FCI ACTIVATION 2 | Day Off | |
| 8/23/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 8/22/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 8/21/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 8/20/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 8/19/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 8/18/2013 | FCI ACTIVATION 2 | Day Off | |
| 8/17/2013 | FCI ACTIVATION 2 | Day Off | |
| 8/16/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 8/15/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 8/14/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 8/13/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 8/12/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 8/11/2013 | FCI ACTIVATION 2 | Day Off | |
| 8/10/2013 | FCI ACTIVATION 2 | Day Off | |
| 8/9/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 8/8/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 8/7/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 8/6/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 8/5/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 8/4/2013 | FCI ACTIVATION 2 | Day Off | |
| 8/3/2013 | FCI ACTIVATION 2 | Day Off | |
| 8/2/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 8/1/2013 | FCI ACTIVATION 2 | Sick Leave | |
| 7/31/2013 | FCI ACTIVATION 2 | Sick Leave | |
| 7/30/2013 | FCI ACTIVATION 2 | Sick Leave | |
| 7/29/2013 | FCI ACTIVATION 2 | Sick Leave | |
| 7/28/2013 | FCI ACTIVATION 2 | Day Off | |
| 7/27/2013 | FCI ACTIVATION 2 | Day Off | |
| 7/26/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 7/25/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 7/24/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 7/23/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 7/22/2013 | FCI ACTIVATION 2 | Sick Leave | |
| 7/21/2013 | FCI ACTIVATION 2 | Day Off | |
| 7/20/2013 | FCI ACTIVATION 2 | Day Off | |
| 7/19/2013 | FCI ACTIVATION 2 | Sick Leave | |
| 7/18/2013 | FCI ACTIVATION 2 | Sick Leave | |
| 7/17/2013 | FCI ACTIVATION 2 | Control 1 | M/W 1 |
| 7/16/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 7/15/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 7/14/2013 | FCI ACTIVATION 2 | Day Off | |
| 7/13/2013 | FCI ACTIVATION 2 | Day Off | |
| 7/12/2013 | FCI ACTIVATION 2 | Sick Leave | |
| 7/11/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 7/10/2013 | FCI ACTIVATION 2 | Sick Leave | |
| 7/9/2013 | FCI ACTIVATION 2 | Sick Leave | |

## FCI, Aliceville
## ALICEVILLE, ALABAMA
## Armstrong - Daily Assignments

| Date | Quarterly Roster | Assignment | Shift |
|------|------------------|------------|-------|
| 7/8/2013 | FCI ACTIVATION 2 | Sick Leave | |
| 7/7/2013 | FCI ACTIVATION 2 | Day Off | |
| 7/6/2013 | FCI ACTIVATION 2 | Day Off | |
| 7/5/2013 | FCI ACTIVATION 2 | Annual Leave | |
| 7/4/2013 | FCI ACTIVATION 2 | HOLIDAY OFF | |
| 7/3/2013 | FCI ACTIVATION 2 | Annual Leave | |
| 7/2/2013 | FCI ACTIVATION 2 | Annual Leave | |
| 7/1/2013 | FCI ACTIVATION 2 | Annual Leave | |
| 6/30/2013 | FCI ACTIVATION 2 | Day Off | |
| 6/29/2013 | FCI ACTIVATION 2 | Day Off | |
| 6/28/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 6/27/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 6/26/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 6/25/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 6/24/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 6/23/2013 | FCI ACTIVATION 2 | Day Off | |
| 6/22/2013 | FCI ACTIVATION 2 | Day Off | |
| 6/21/2013 | FCI ACTIVATION 2 | Sick Leave | |
| 6/20/2013 | FCI ACTIVATION 2 | Sick Leave | |
| 6/19/2013 | FCI ACTIVATION 2 | Sick Leave | |
| 6/18/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 6/17/2013 | FCI ACTIVATION 2 | Camp 1 | M/W 1 |
| 6/16/2013 | FCI ACTIVATION 2 | Day Off | |
| 6/15/2013 | FCI ACTIVATION | Day Off | |
| 6/14/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 6/13/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 6/12/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 6/11/2013 | FCI ACTIVATION | Annual Leave | |
| 6/10/2013 | FCI ACTIVATION | Annual Leave | |
| 6/9/2013 | FCI ACTIVATION | Day Off | |
| 6/8/2013 | FCI ACTIVATION | Day Off | |
| 6/7/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 6/6/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 6/5/2013 | FCI ACTIVATION | Annual Leave | |
| 6/4/2013 | FCI ACTIVATION | DCT 6-2 | |
| 6/3/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 6/2/2013 | FCI ACTIVATION | Day Off | |
| 6/1/2013 | FCI ACTIVATION | Day Off | |
| 5/31/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 5/30/2013 | FCI ACTIVATION | Annual Leave | 02:00-08:00 |
| 5/30/2013 | FCI ACTIVATION | Camp 1 | 00:00-02:00 |
| 5/29/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 5/28/2013 | FCI ACTIVATION | SPEC AS DW 6-2 | |
| 5/27/2013 | FCI ACTIVATION | HOLIDAY OFF | |
| 5/26/2013 | FCI ACTIVATION | Day Off | |
| 5/25/2013 | FCI ACTIVATION | Day Off | |
| 5/24/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 5/23/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 5/22/2013 | FCI ACTIVATION | Annual Leave | 06:30-08:00 |
| 5/22/2013 | FCI ACTIVATION | Camp 1 | 00:00-06:30 |
| 5/21/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 5/20/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 5/19/2013 | FCI ACTIVATION | Day Off | |

## FCI, Aliceville
## ALICEVILLE, ALABAMA
### Armstrong  - Daily Assignments

| Date | Quarterly Roster | Assignment | Shift |
|------|------------------|------------|-------|
| 5/18/2013 | FCI ACTIVATION | Day Off | |
| 5/17/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 5/16/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 5/15/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 5/14/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 5/13/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 5/12/2013 | FCI ACTIVATION | Day Off | |
| 5/11/2013 | FCI ACTIVATION | Day Off | |
| 5/10/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 5/9/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 5/8/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 5/7/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 5/6/2013 | FCI ACTIVATION | Sick Leave | |
| 5/5/2013 | FCI ACTIVATION | Day Off | |
| 5/4/2013 | FCI ACTIVATION | Day Off | |
| 5/3/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 5/2/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 5/1/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 4/30/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 4/29/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 4/28/2013 | FCI ACTIVATION | Day Off | |
| 4/27/2013 | FCI ACTIVATION | Day Off | |
| 4/26/2013 | FCI ACTIVATION | Sick Leave | |
| 4/25/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 4/24/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 4/23/2013 | FCI ACTIVATION | DCT SHFT 4 | |
| 4/22/2013 | FCI ACTIVATION | Sick Leave | |
| 4/21/2013 | FCI ACTIVATION | Day Off | |
| 4/20/2013 | FCI ACTIVATION | Day Off | |
| 4/19/2013 | FCI ACTIVATION | Sick Leave | |
| 4/18/2013 | FCI ACTIVATION | Camp 1 | 00:00-02:30 |
| 4/18/2013 | FCI ACTIVATION | Sick Leave | 02:30-08:00 |
| 4/17/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 4/16/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 4/15/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 4/14/2013 | FCI ACTIVATION | Day Off | |
| 4/13/2013 | FCI ACTIVATION | Day Off | |
| 4/12/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 4/11/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 4/10/2013 | FCI ACTIVATION | BPT | |
| 4/9/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 4/8/2013 | FCI ACTIVATION | Camp 1 | M/W 1 |
| 4/7/2013 | FCI ACTIVATION | Day Off | |
| 4/6/2013 | Camp Activation 4 | Day Off | |
| 4/5/2013 | Camp Activation 4 | Day Off | |
| 4/4/2013 | Camp Activation 4 | Annual Leave | |
| 4/3/2013 | Camp Activation 4 | Annual Leave | |
| 4/2/2013 | Camp Activation 4 | Annual Leave | |
| 4/1/2013 | Camp Activation 4 | Annual Leave | |
| 3/31/2013 | Camp Activation 4 | Annual Leave | |
| 3/30/2013 | Camp Activation 4 | Day Off | |
| 3/29/2013 | Camp Activation 4 | Day Off | |
| 3/28/2013 | Camp Activation 4 | DCT SHIFT 4 | |

## FCI, Aliceville
## ALICEVILLE, ALABAMA
### Armstrong - Daily Assignments

| Date | Quarterly Roster | Assignment | Shift |
|------|------------------|------------|-------|
| 3/27/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 3/26/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 3/25/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 3/24/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 3/23/2013 | Camp Activation 4 | Day Off | |
| 3/22/2013 | Camp Activation 4 | BPT | |
| 3/21/2013 | Camp Activation 4 | BPT | |
| 3/20/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 3/19/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 3/18/2013 | Camp Activation 4 | Sick Leave | |
| 3/17/2013 | Camp Activation 4 | Day Off | |
| 3/16/2013 | Camp Activation 4 | Day Off | |
| 3/15/2013 | Camp Activation 4 | Day Off | |
| 3/14/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 3/13/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 3/12/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 3/11/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 3/10/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 3/9/2013 | Camp Activation 4 | Day Off | |
| 3/8/2013 | Camp Activation 4 | Day Off | |
| 3/7/2013 | Camp Activation 4 | Annual Leave | |
| 3/6/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 3/5/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 3/4/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 3/3/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 3/2/2013 | Camp Activation 4 | Day Off | |
| 3/1/2013 | Camp Activation 4 | Annual Leave | |
| 2/28/2013 | Camp Activation 4 | Annual Leave | |
| 2/27/2013 | Camp Activation 4 | Annual Leave | |
| 2/26/2013 | Camp Activation 4 | Annual Leave | |
| 2/25/2013 | Camp Activation 4 | Annual Leave | |
| 2/24/2013 | Camp Activation 4 | Day Off | |
| 2/23/2013 | Camp Activation 4 | Day Off | |
| 2/22/2013 | Camp Activation 4 | Annual Leave | |
| 2/21/2013 | Camp Activation 4 | Annual Leave | |
| 2/20/2013 | Camp Activation 4 | Annual Leave | |
| 2/19/2013 | Camp Activation 4 | Annual Leave | |
| 2/18/2013 | Camp Activation 4 | Annual Leave | |
| 2/17/2013 | Camp Activation 4 | Day Off | |
| 2/16/2013 | Camp Activation 4 | Day Off | |
| 2/15/2013 | Camp Activation 4 | Day Off | |
| 2/14/2013 | Camp Activation 4 | Annual Leave | |
| 2/13/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 2/12/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 2/11/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 2/10/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 2/9/2013 | Camp Activation 4 | Day Off | |
| 2/8/2013 | Camp Activation 4 | Annual Leave | 15:00-16:00 |
| 2/8/2013 | Camp Activation 4 | ART | 08:00-15:00 |
| 2/7/2013 | Camp Activation 4 | ART | |
| 2/6/2013 | Camp Activation 4 | ART | |
| 2/5/2013 | Camp Activation 4 | ART | |
| 2/4/2013 | Camp Activation 4 | ART | |

## FCI, Aliceville
## ALICEVILLE, ALABAMA
### Armstrong  - Daily Assignments

| Date | Quarterly Roster | Assignment | Shift |
|------|------------------|------------|-------|
| 2/3/2013 | Camp Activation 4 | Day Off | |
| 2/2/2013 | Camp Activation 4 | Day Off | |
| 2/1/2013 | Camp Activation 4 | Day Off | |
| 1/31/2013 | Camp Activation 4 | Annual Leave | |
| 1/30/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 1/29/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 1/28/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 1/27/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 1/26/2013 | Camp Activation 4 | Day Off | |
| 1/25/2013 | Camp Activation 4 | Day Off | |
| 1/24/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 1/23/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 1/22/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 1/21/2013 | Camp Activation 4 | Sick Leave | |
| 1/20/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 1/19/2013 | Camp Activation 4 | Day Off | |
| 1/18/2013 | Camp Activation 4 | Day Off | |
| 1/17/2013 | Camp Activation 4 | CONTROL 1 | 16:00-22:30 |
| 1/17/2013 | Camp Activation 4 | Comptime Used | 22:30-00:00 |
| 1/16/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 1/15/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 1/14/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 1/13/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 1/12/2013 | Camp Activation 4 | Day Off | |
| 1/11/2013 | Camp Activation 4 | Day Off | |
| 1/10/2013 | Camp Activation 4 | CONTROL 1 | 1400-22:00 |
| 1/9/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 1/8/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 1/7/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 1/6/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 1/5/2013 | Camp Activation 4 | Day Off | |
| 1/4/2013 | Camp Activation 4 | Day Off | |
| 1/3/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 1/2/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 1/1/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 12/31/2012 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 12/30/2012 | Camp Activation 4 | CONTROL 2 | 14:00-22:00 |
| 12/29/2012 | Camp Activation 4 | Day Off | |
| 12/28/2012 | Camp Activation 4 | Day Off | |
| 12/27/2012 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 12/26/2012 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 12/25/2012 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 12/24/2012 | Camp Activation 4 | CONTROL 2 | - |
| 12/23/2012 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 12/22/2012 | Camp Activation 4 | Day Off | |
| 12/21/2012 | Camp Activation 4 | Day Off | |
| 12/20/2012 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 12/19/2012 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 12/18/2012 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 12/17/2012 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 12/16/2012 | Camp Activation 4 | MOBILE 2 | E/W 6 |
| 12/15/2012 | Sanitation | Day Off | |
| 12/14/2012 | Sanitation | Annual Leave | |

# EXHITBIT
# J



**U.S. Department of Justice**

Federal Bureau of Prisons

*Washington, DC 20534*

August 19, 2016

Reshawn Armstrong
1130 University Boulevard, #B9-620
Tuscaloosa, Alabama    35401

    **Re: Armstrong v. United States Department of Justice
      EEO Complaint No. BOP-2015-02217**

Dear Ms. Armstrong:

  Enclosed is a **revised** electronic copy of the Complaint File,
including the Report of Investigation, for the above mentioned
Complainant for your Equal Employment Opportunity Commission
administrative hearing at the Birmingham District Office.

  If you have any questions, please contact this office at (202)
514-6165.

          Sincerely,

          D. Martin Hill
          Supervisory Attorney

Enclosure

cc: Teresa Lavatai
  3139 Arbor Lane
  Tuscaloosa, Alabama    35405

  Robert Abraham, Supervisory Attorney
  CAO

U.S. DEPART OF JUSTICE
BUREAU OF PRISONS

REPORT OF INVESTIGATION
(CASE NO. BOP-2015-02217)

Discrimination Complaint
of
Reshawn Armstrong

I.    The Complaint

A.    Complainant's Position:

Senior Officer Specialist, GS-007-08

B.    Location Involved:

United Stated Department of Justice
Federal Bureau of Prisons (BOP)
Federal Correctional Institution (FCI)
11070 Highway 14
Aliceville, Alabama 35442

C.    Nature of Action giving rise to complaint:

Reference checks; Timekeeping; Official Time

D.    Date(s) of Alleged Discrimination:

August 21, 2015 – November 23, 2015

E.    Kind of Discrimination Alleged:

Sex (female) and Reprisal (EEO activity)

F.    Date of Formal Complaint:

1.  December 1, 2015
2.  December 12, 2015 (Amendment)

G.    Responsible Management Officials (RMOs):

1.  Arcola Washington-Adduci, Warden
2.  Sekou Ma'at, Associate Warden (AW)
3.  Donald Zielenski, AW

000002

4. William Johnson, Captain (CPT)
5. Demetrius Rosado, Administrative Lieutenant (LT)

II.    The Investigation:

A.    Investigator Assigned:

Dennis Kurzydlo, Contract Investigator
JDG Associates, Inc.
27 Scenic Loop Road
Boerne, Texas 78006

B.    Date Case Received for Investigation:

January 25, 2016

C.    Dates of Investigation:

March 22, 2016 – July 15, 2016

D.    Date Report of Investigation Submitted:

July 20, 2016

E.    Place of Investigation:

Telephone and Interrogatories

III.   Issues in Complaint

A.   Specific Allegations:

In a letter dated January 6, 2016, from Mina Raskin, EEO Officer, the following issues were accepted for investigation:

Specifically, you claim the Bureau unlawfully discriminated against you on the bases of your sex (female) and reprisal (EEO activity) when:

1. On August 21, 2015, you became aware that you were subjected to false and derogatory reference checks that interfered with your application for employment within the Agency.

2. From October 2015 to November 12, 2015, you have experienced problems with your post assignments, and had 10 hours of annual leave removed from your account. (Amendment)

In a letter dated February 11, 2016 from Mina Raskin, EEO Officer, the complaint was amended to include the following issue:

3. You allege that you were discriminated against on the basis of sex (female) when you were denied overtime pay for the date of November 23, 2015, (the date mediation was held on your day off) and your request for official time to work on your EEO Complaint was ignored.

B. Management's Response:

1. Management denies discriminating against the Complainant in any manner. Management explains the ratings on the vouchers and identifies approved raters. An administrative error may have been made regarding Complainant's disciplinary action. Management advises the vouchers were not completed based on Complainant's gender or EEO activity.

2. Management denies discriminating against the Complainant in any manner. Management advises action was taken to address problems Complainant was having on her post. Time and Attendance records were provided by Management to show the outcome of her complaints. Management states the problems on her post and the time and attendance issues were not because of Complainant's gender or EEO activity.

3. Management denies discriminating against the Complainant in any manner. Management advises no request for overtime submitted by Complainant was found and they were not aware of a request. Management doesn't recall her request for official time and states approval would be made by her supervisor who has retired and is not available for comment. Management states Complainant not receiving overtime pay or not receiving official time was not because of her gender or EEO activity.

IV.  Remedies Sought by the Complainant

1. Correct all vouchers.
2. Promotion to Correctional Counselor with back pay.
3. Monetary compensation for emotional distress.
4. Punitive damages.
5. Letter of apology from the Warden.

V.  Informal Adjustment/ Resolution of Complaint

An unsuccessful attempt was made through EEO Counseling and Alternative Dispute Resolution (ADR) to informally resolve this complaint.

000004

VI.   Other Information Related to the Complaint

None, other than identified herein.

## Affidavits and Statements

**Reshawn Armstrong** (the "Complainant") (female, no prior EEO activity) is employed as a Senior Officer Specialist (SOS), GS-8, at FCI Aliceville. She states she has been with the BOP for over nine years, starting as a Correctional Officer (CO) at the Federal Correctional Complex (FCC), Coleman, Florida. She states she was there for almost two years and then transferred to FCI Tallahassee, Florida as a Senior Officer (SO). She continues that she stayed there a little over three years and then transferred to FCI Aliceville during August 2012. She notes she arrived at FCI Aliceville as a GS-7 and was promoted to GS-8. Complainant states as a SOS, she works for various LTs and that during the period of August – November, 2015, she worked under CPT William Johnson. She states Sekou Ma'at was the AW and that he left in September 2015 and AW Margaret Reherman filled in until a new AW was named. Complainant states Warden Arcola Washington-Adduci is presently the Warden and that she was the Warden during the period of August – November 2015. (Exhibit 7)

Complainant identifies that she is a female. She states this is the first time she has filed an EEO complaint and because she filed an EEO complaint standing up for her rights, she is now having problems. She states she made management aware of her problems and they are just ignoring it. (Exhibit 7)

**Arcola Washington-Adduci** (female) is the Warden GS-15, at FCI Aliceville. She states she has been in this position since February 2012. She notes she hired Complainant as a CO at FCI Aliceville. (Exhibit 8)

Warden Adduci states she is aware Complainant is a female. She states she learned of Complainant's EEO activity when notified by the EEO Counselor. She states she has not treated Complainant differently because of her gender or EEO activity and notes she has very little contact with Complainant. (Exhibit 8)

**Sekou Ma'at** (male) is the AW, GS-14, at FCC, Butner, North Carolina. He states he has been with the BOP since 2000 and in his current position since August 2015. He states he was at FCI Aliceville from May 2012 to August 2015. He states during that time, he was over the Custody Department and Complainant was a CO. He states he was in Complainant's chain of command and that he knows Complainant.   AW Ma'at states Warden Washington-Adduci was his immediate supervisor (Exhibit 9)

AW Ma'at states he learned of this EEO complaint when interviewed by the EEO Counselor. He states he did not treat Complainant any differently because of her gender or her EEO activity. (Exhibit 9)

**Donald Zielenski** (male) is the AW, GS-14, at FCI Aliceville. He states he has been in this position since November 30, 2015. He states he met Complainant one time. (Exhibit 10)

**000005**

AW Zielenski states he is aware that Complainant is a female CO. He states he learned of Complainant's EEO activity during the week of July 15, 2016. He states he did not treat Complainant differently because of her gender or EEO activity. (Exhibit 10)

**Demetrius Rosado** (male) is a LT, GS-11, at FCI Aliceville. He states he has been with the BOP since October 1996, a LT since January 2007 and at FCI Aliceville since November 2012. LT Rosado states he is the Administrative LT and explains he sets the schedules for the COs to include annual leave if requested through the annual leave procedure. LT Rosado explains requests for leave once the schedule is released are made by the shift supervisor. LT Rosado states he was the Administrative LT during the period of August to November 2015 and that his immediate supervisor was CPT Johnson. He states he was a LT over Complainant, but not her immediate supervisor. He states he knows Complainant. (Exhibit 11)

LT Rosado states he is aware Complainant is a female and that he learned of her EEO activity recently when scheduled for an interview. He states he did not treat Complainant differently because of her gender or EEO activity. (Exhibit 11)

**Kylie Tisdale** (female) is the Human Resource Manager (HRM), GS-12, at FCI Aliceville. She states she has been in this position for just over two years. She states she knows Complainant and that her relationship to Complainant is that she is the HRM. (Exhibit 28)

## Issue 1: On August 21, 2015, you became aware that you were subjected to false and derogatory reference checks that interfered with your application for employment within the Agency.

**Complainant** states she waited three years before applying for positions as she believes once you get a positon, you stay in that for a while. Complainant states she has been applying for positions as LTs, Counselor and Case Manager outside of FCI Aliceville. She states when she started applying for positions she did not understand why she was not getting selected. She states before she started looking for her vouchers, she went to AW Ma'at and to Warden Adduci and spoke to them about not getting selected. She states when she spoke with AW Ma'at, she asked him what she could do to make herself better so she could get selected. She continues that AW Ma'at told her she was an excellent worker and that she will make a great counselor and LT. She states he noted that with FCI Aliceville being a female institution and with the PREA law coming in effect, they really needed females there. She states he asked if she thought of putting in for LT there at FCI Aliceville and that when she replied she was not interested in that, he looked like he was offended by what she said. (Exhibit 7)

Complainant states she continued to apply for other jobs and still was not being selected so she went to speak with Warden Adduci and asked her what she could to improve herself. She states Warden Adduci replied that she had only two calls about Complainant, but she could not remember the institutions or what she said. Complainant states Warden Adduci told her it just was not her time. She continues that she did not know why Warden Adduci said that and she decided it was time to look at her vouchers for the selection process. (Exhibit 7)

000006

Complainant states when she received the vouchers she noticed remarks such as "not observed" or "average" and that some reference checks checked more than one category. She states there is also a question on the reference check about disciplinary action within the last two years and that "yes" was put down. Complainant maintains she never had any disciplinary action and that her evaluations have always been "Excellent" and "Outstanding." She concluded she was not selected as they were relying on her vouchers. Complainant reports she found a voucher where they contacted a friend of hers for a reference and that the friend called her and told her that as well. Complainant maintains vouchering is to be done by the Warden, AW or CPT. She states she was upset when she reviewed the vouchers because none of that was true. She states based on what AW Ma'at told her, she felt they were trying to keep as many females there as they could. She states they went to the extreme to lie on her voucher about her having disciplinary action and that they had not observed her. She repeats that she was there since 2012. She notes she had an open investigation during 2013, but that as far as she knows, that was closed. Complainant states there were five vouchers that say "yes" to her having disciplinary action and one that said she had an "open case" on it. Complainant states they also gave her lower ratings when they reported her as "average" and she has "Excellent" and "Outstanding" evaluations. (Exhibit 7)

Complainant states she had the union check with management regarding the reference checks and that management agreed they made a mistake and that it was done in error. She provided documents showing this conversation. Complainant maintains this was done deliberately as there could not be that many mistakes. Complainant states the reference check is conducted over the telephone and usually the AW gives the information and someone on the other phone writes down the report. She claims management has said that maybe the person on the phone heard wrong. She maintains they still represent the Agency and comments that not all these people can hear something that was never said. She states her name has been slandered. (Exhibit 7)

Complainant states the fact that reference checks were made indicates she was rated in the "Best Qualified" group for selection. She states the selections were made and the mistakes cannot be corrected. She states no offer was made to correct the mistake. Complainant states she does not believe it was a mistake, but believes she was discriminated against because the institution is having a hard time getting females. She notes under PREA, a male CO is not allowed to pat search a female inmate unless it is an emergency. She states many staff left after the activation of the institution, but she did not and was there for three years before applying for positions. She states she should not be blamed for not wanting to apply for positions at FCI Aliceville. (Exhibit 7)

Complainant states she did see some positive reference checks from a couple of LTs who were acting CPT. She states the ratings were all "Above Average." (Exhibit 7)

**Warden Washington-Adduci** states she has no knowledge of the alleged false and derogatory reference checks. She states she has never given a false or derogatory reference check to anyone regarding Complainant or any staff. Warden Adduci states she did not have any discussion with AW Ma'at about reference checks he may have done regarding Complainant. She advises she has no concerns about LTs doing reference checks as they are the COs' supervisors. She states

000007

Complainant did not speak to her about the reference checks. Warden Adduci states there are one hundred and seventeen female staff at FCI Aliceville. (Exhibit 8)

**AW Ma'at** reviewed reference checks he completed in June and July of 2015. He states in regard to the section on disciplinary action, his understanding from Warden Adduci during meetings was that Complainant had been involved in a domestic violence dispute and was incarcerated. He states typically when that happens, the Warden will send that information in for investigation and he was not sure if Complainant received disciplinary action. He states he completed the reference checks based on the information he had at that time. AW Ma'at states that a person can still be promoted with disciplinary action as the same disciplinary policy applies at all institutions. He states it does not preclude her from selection as she made the Best Qualified list, but that would be determined by the Selecting Official. (Exhibit 9)

AW Ma'at states he recalls Complainant came to him and asked what does she need to do to get promoted and that he told her part of career promotion is being in different positions where people are able to see her skill level. He states on many of the questions he answered either "not observed" or "average" because Complainant was working the Rear Gate. He states when you work the Rear Gate, typically you do not see that person all that much. He states it is not highly visible like the Front Lobby, the Control Center, the Special Housing Unit (SHU) or the Compound Officer. He states most of the Executive Staff do not go to the Rear Gate unless it is on a routine walk-through or tour. He states he told her if she was interested in moving up and going different places, she probably wanted to be in some more high visibility positions. AW Ma'at states he doesn't recall discussing positions at FCI Aliceville or being offended when Complainant "declined" to apply for positions at FCI Aliceville. He states he doesn't recall discussing being at a female institution and the need for females to stay there. (Exhibits 9, 29)

AW Ma'at states Complainant was working the Rear Gate and that is important to the safety and security of the institution, but she was not speaking or communicating with inmates, dealing with disturbances or dealing with anxious inmates and things of that nature. He states as far as "Communication," Complainant spoke well and as far as "Technical Expertise," Complainant knew how to work the Rear Gate. He states he never saw her write or see her administrative skills, so he did not know those. As far as "Responsiveness," he states Complainant was not responsive to him in terms of deadlines and expectations. (Exhibit 9)

AW Ma'at states he does not recall that Complainant spoke to him about the reference checks after she received them. (Exhibit 9)

AW Ma'at states typically it is the CPT or LT that provides the first-line supervisor reference, then the AW and then the Warden. AW Ma'at states that if the Captain is not available for a reference check, it is acceptable for LTs to complete the reference check as they are the first line supervisor. (Exhibit 9)

**LT Rosado** states if calls for reference checks are forwarded to LTs, they conduct reference checks. He states he does not do reference checks and never has done any for Complainant. LT Rosado states acting LTs should not do reference checks as they would not be authorized to take that call. (Exhibit 11)

000008

## Issue 2: From October 2015 to November 12, 2015, you have experienced problems with your post assignments, and had 10 hours of annual leave removed from your account.

**Complainant** states that there was a holiday on September 8, 2015, and she was working the Rear Gate post. She states she should have been off because the Rear Gate is closed on holidays, but she was scheduled to work. She states she wanted the day off. Complainant states because she works a compressed schedule and based on the Master Agreement people who have the holiday off get a day off in lieu of the holiday. She states she had to work and she received holiday pay for working. She states she did not want to work and wanted her day off. (Exhibit 7)

Complainant states this is a grievance she filed because ever since she filed her EEO complaint, she has been having problems. She continues that when management found that she was going to file a grievance, they went back into the roster program and changed it and then lied to the union and told them Complainant was paid overtime, when she was not. Complainant states CPT Johnson came to her and asked how they could settle the grievance, but that it was not resolved. Complainant states they were retaliating against her and giving her a hard time. (Exhibit 7)

Complainant states she does not know who made the changes to her schedule and that it was the CPT or the LTs who were able to go in and make changes. She states the Administrative LT should be making the changes, but Operations and Activities LTs also make changes. She states she complained to the Administrative LT who advised he didn't know who made the changes and he just left the schedule as it was. (Exhibit 7)

Complainant states during October 2015, she was scheduled for firearms training but was not feeling well so she did not go to work. She states she believes this was Wednesday of the last week in October. She states she spoke with CPT Johnson when she came back to work and advised him she needed to be re-scheduled for firearms training because she missed that day. She advises he told her it was the last week of firearms training and she would have to come in on Friday, a day she was scheduled off from work on leave. She states she believes this was October 30, 2015. She states she sent Administrative LT Rosado an e-mail advising him she would be coming in for training on that Friday and not taking annual leave. She continues that she went to firearms training and LT Rosado was in the same class as her, so he knew she was at work. She states they took annual leave and when she told them about it, they did not even try to give her back her annual leave. She states she still has not gotten back the annual leave. (Exhibit 7)

Complainant states that she found out there was firearms training the following week and she could have gone then. She states she did not want to give up her scheduled annual leave but did so based on what CPT Johnson told her. Complainant states this is harassment where management does not care and is doing things and not trying to correct things. She states they are supposed to have open communication but that when she sends e-mail, the majority of time

they do not open the e-mail. She states when she tries to call them, they do not answer the phone. (Exhibit 7)

Complainant talked about problems she experienced while working her post at the Rear Gate. She states some staff wanted to use the Rear Gate as a main entrance. She states she told staff they were supposed to go through the Front Lobby because they have chits they turn over if they are in or out of the institution. She states this is for use if something happens like a riot as it allows the Control Center to know who is inside the institution. She continues that some staff would come back there and harass her because she would not let them come through and she would have to get permission from her supervisor. She states she would call her supervisor and tell them what was going on, but they would not do anything. Complainant states she had one staff member who basically went and got a BOP vehicle just to come into the institution. She describes he was saying he was coming in to pick up the trash compactor, but once he came through the rear gate, he got out of the vehicle and gave the key to another staff member and then walked to his office. She concludes he basically just used a vehicle to get inside the institution. (Exhibit 7)

Complainant reports another incident on or about October 8, 2015, in which a staff member nearly blocked her from leaving the Rear Gate office because he was upset she would not let him come out with a vehicle because he did not have an escort to clear him. She states when she told him she had to call a LT, he became verbally aggressive saying how they all wear blues there and that it did not make sense. She states his escort came, she cleared the vehicle and she then went to her office to call the Control Center to tell them to open the gate so the vehicle could come in. She states she saw the staff member coming back to her office so she approached the door and he blocked her from exiting the office, asking why she was not talking. Complainant states she told him several times to move out of her way and he did not until the escort told him to get back to the truck so they could leave. Complainant states she reported the incident to CPT Johnson and thought something would be done immediately, but nothing was done. She states she then decided to write a memorandum and still nothing was done. She states she reported this to CPT Johnson, her AW and Warden Adduci, and nothing was done. She believes this was retaliation for filing her EEO complaint. She reports she was assigned to the Rear Gate during mid-2014 and problems didn't start until after she filed her EEO complaint. (Exhibit 7)

**Warden Washington-Adduci** states an e-mail was copied to her in reference to Complainant working the holiday schedule. She states the issue was given to the AW and CPT for follow-up and according to the CPT, the issue was resolved. (Exhibit 8)

Warden Adduci states she does not recall any specific issues, but recalls Complainant was having arguments with numerous staff. She states the CPT and the AW were directed to the Rear Gate on numerous occasions to resolve issues between Complainant and other staff. She states the supervisor is notified of any incidents. (Exhibit 8)

**AW Ma'at** states he was not aware of any problems Complainant was having at the Rear Gate. (Exhibit 9)

**LT Rosado** states he does not know about problems with Complainant's schedule for the holiday on September 8, 2015. He reports the Rear Gate is closed on holidays and when this happens, staff can have the day off, but at the discretion of the CPT. He states he does not know why Complainant did not have the day off. (Exhibit 11)

LT Rosado states he has no knowledge of the incidents with staff reported by Complainant. (Exhibit 11)

LT Rosado states the arrangement for Complainant to go to the range and not take annual leave was between her and the CPT. He states he recalls Complainant was at training because he was also there. (Exhibit 11)

## Issue 3: You allege that you were discriminated against on the basis of sex (female) when you were denied overtime pay for the date of November 23, 2015, (the date mediation was held on your day off) and your request for official time to work on your EEO Complaint was ignored.

**Complainant** states she received notice from her attorney about a week before that they had ADR for her informal EEO complaint on November 23, 2015, which was a Monday. She recalls thinking that that was the day she was going out of town. She explains that was her regular day off and also was the week she was supposed to have her vacation. She states she was actually going to leave the Friday before when she got off work, so it shortened her vacation two days. Complainant states management waited until it went past ninety days and she felt like they waited for that particular week because they knew she was on vacation. She speculates maybe they did not want her to be there, even though she put on the form that she wanted to be present. She continues the mediation lasted two hours and she submitted a request for two hours of overtime, not counting the driving time or anything else. She states she sent the request to the CPT, HRM Tisdale, the AW, and Warden Adduci and that they opened it, but ignored it. She states she believes HRM Tisdale sent the request to LT Rosado telling him Complainant was entitled to two hours, but reports she never got paid. She states she later found out from the EEO Counsellor that if they schedule the mediation on your day off, you are supposed to get paid the whole day. She states she never got paid for that day and still has not. She states this is retaliation for filing an EEO complaint. (Exhibit 7)

Complainant states that a couple of days after she received a letter dated January 6, 2016, from the EEO Office that her case was going to be assigned to an Investigator, she wanted time to work on her case and get everything together. She states she sent an e-mail, a memo and even the form requesting official time and they opened the e-mail and ignored her request. She states this was sent to the Warden, the AW, the CPT and HRM Tisdale. She states nothing was retuned as denied or anything. She acknowledges that when HRM Tisdale returned from vacation, she asked Complainant if she got a response and Complainant advised she had not, but nothing further was received. (Exhibit 7)

Complainant states she is not sure who approves requests for Official Time so she sent it to everyone and did not hear anything. She states the only official time she received was for the interview with the Investigator. Complainant states this is retaliation for filing an EEO

000011

complaint. She states nobody said anything to her about filing an EEO complaint and possible retaliation for that. (Exhibit 7)

**Warden Washington-Adduci** states she has no knowledge of Complainant's request for overtime pay as this would be handled with the Captain and AW. She states the same is true of Complainant's request for official time. She notes the supervisor can approve requests for official time. (Exhibit 8)

**AW Zielenski** states he does not recall any request from Complainant for official time and that this is granted by the CPT. (Exhibit 10)

**LT Rosado** states he was not aware Complainant attended ADR on November 23, 2015 and that no request for overtime came to him. (Exhibit 11)

LT Rosado states he has no knowledge of Complainant's request for official time and that official time requests go to the CPT. (Exhibit 11)

**HRM Tisdale** states she provided notice on December 4, 2015, via e-mail to CPT Johnson, LT Rosado, AW Reherman, Warden Washington-Adduci and Complainant stating, "Please note that the employee is entitled to two hours of overtime. Purpose: Mediation Meeting." (Exhibit 28)

HRM Tisdale states she received e-mail from Complainant requesting ten hours of Official Time to work on an EEO complaint that had been sent to CPT Johnson, Warden Adduci and AW Zielenski. She states she forwarded the e-mail to CPT Johnson to ensure awareness. HRM Tisdale continues she was absent from the office and upon her return on January 11, 2016, due to additional e-mail from Complainant, she followed up to see if a response was provided. She states Complainant told she had not received a response so she sent another e-mail to CPT Johnson, LT Rosado and a copy to AW Zielenski stating, "Good Morning. Please review the employee's request below. Once a decision has been made, please advise HR." She adds an employee's supervisor is responsible for reviewing requests for official time and approving or denying the request. (Exhibit 28)

**Other evidence:**

The Agency provided an Organizational Chart of Correctional Services at FCI Aliceville, which is at Exhibit 12.

The Agency provided information about Complainant's position as noted by a Notification of Personnel Action dated October 2, 2012 and a Position Description for Correctional Officer (Senior Officer Specialist), which are at Exhibits 13 and 14.

Exhibits 15, 15a, 15b and 15c have documents submitted by Complainant in support of her claim which include Reference Checks, correspondence, memoranda regarding incidents and harassment and minutes from a Labor Management Relations meeting.

Exhibit 16 has Reference Checks provided by the Agency.

The Agency provided Time and Attendance Records for Pay Period 18 (September 6 – 19, 2015), Pay Period 21 (October 18 – 31, 2015) and Pay Period 23 (November 15 – 28, 2015), which can be found at Exhibit 17.

Exhibit 18 has a formal grievance filed by Complainant and received on September 18, 2015, regarding Holiday Pay.

Exhibit 19 has a report of Complainant's prior EEO activity.

Exhibits 20, 21 and 22 has BOP Program Statements regarding Discrimination and Retaliation Complaints Processing, Anti-Discrimination and Anti-Harassment.

Exhibit 23 has BOP policy regarding Standards of Employee Conduct.

Exhibit 24 has Article 19 of the Master Agreement addressing Annual Leave.

Exhibit 25 has the request for Agency documents and Agency response.

Exhibit 26 has an Investigator Memo for the file regarding witnesses who were not interviewed.

## TABLE OF CONTENTS

Exhibit 1: Formal Complaint of Discrimination, dated December 1, 2015, and electronic request for amendment, dated January 14, 2016.

Exhibit 2: EEO Counselor's Report, dated December 1, 2015.

Exhibit 3: Letter Acknowledging Receipt of Complaint, dated December 23, 2015.

Exhibit 4: Revised Letter of Acceptance of Issue, dated March 2, 2016.

    a. Letter of Acceptance of Issue, dated January 6, 2016.
    b. Correspondence from Mina Raskin, EEO Officer, to Complainant, dated February 11, 2016, regarding dissatisfaction with Letter of Acceptance.
    c. Letter of acknowledgment and acceptance of request of amendment from Mina Raskin, EEO Officer, to Complainant, dated February 11, 2016.

Exhibit 5: Memorandum for Warden Arcola Washington-Adduci, FCI Aliceville, dated January 6, 2016.

Exhibit 6: Letter of Assignment to JDG Associates, Inc., Authority to Investigate, dated January 6, 2016.

    a. Letter of Authorization to EEO Investigator, dated January 25, 2016.

Exhibit 7: Sworn Statement of Complainant Reshawn Armstrong, dated March 22, 2016.

    a. Complainant's documentation regarding her request for official time.
    b. Complainant's documentation regarding her request for overtime.

Exhibit 8: Affidavit by Interrogatory of Warden Arcola Washington-Adduci, Responding Management Official, dated July 17, 2016.

Exhibit 9: Sworn Statement of AW Sekou Ma'at, Responding Management Official, dated May 10, 2016.

Exhibit 10: Affidavit by Interrogatory of AW Donald Zielenski, Responding Management Official, dated July 18, 2016.

Exhibit 11: Sworn Statement of LT Demetrius Rosado, Responding Management Official, dated May 24, 2016.

Exhibit 12: Organizational Chart, Correctional Services, FCI Aliceville, AL, not dated.[1]

Exhibit 13: Notification of Personnel Action, Reshawn Armstrong, dated October 2, 2012.

---

[1] Source: Human Resources Office, FCI Aliceville, AL otherwise noted.

Exhibit 14: Position Description, Correctional Officer (Senior Officer Specialist), GS-0007-08.

Exhibit 15: Documents submitted by Complainant in support of her Claim-Reference Checks

- a. Correspondence dated October 5, 2015, to Ray Coleman, Union President, from Warden A. Washington-Adduci.
- b. Memoranda regarding incidents and harassment.
- c. Labor Management Relations Monthly Meeting Minutes - October 2015.

Exhibit 16: Reference Checks regarding Vacancies HR-N-2015-0009 (Lieutenant); MEN-2015-0030-0002-MP (Correctional Counselor); BSG-2015-0040-0001-MP (Correctional Counselor). (Source: Consolidated Staffing Unit (CSU), Grand Prairie, TX)

Exhibit 17: Time and Attendance Records – Pay Period 18 (September 6 – 19, 2015).

- a. Time and Attendance Records – Pay Period 21 (October 18 – 31, 2015).
- b. Time and Attendance Records – Pay Period 23 (November 15 – 28, 2015).

Exhibit 18: Formal Grievance Filed by Complainant regarding Holiday Pay, received September 18, 2015

Exhibit 19: Prior EEO Activity Information of Complainant. (Source: BOP EEO Office)

Exhibit 20: Program Statement OGC/DCE, P3713.24, "Discrimination and Retaliation Complaints Processing," updated June 16, 2014. (Source: BOP)

Exhibit 21: P3713.25, BOP Anti-Discrimination Policy, dated June 16, 2014. (Source: BOP)

Exhibit 22: P3713.26, BOP Anti-Harassment Policy, dated June 16, 2014. (Source: BOP)

Exhibit 23: P3420.11, Standards of Employee Conduct, dated 12/6/2013 (Source: BOP)

Exhibit 24: Master Agreement, Article 19, Annual Leave, July 21, 2014 – July 20, 2017. (Source: BOP)

Exhibit 25: Investigator Request for Agency Documents and Agency response.

Exhibit 26: Copy of Investigative Plan.

Exhibit 27: Investigator Memo for the File regarding Witnesses Not Interviewed.

Exhibit 28: Affidavit by Interrogatory of Human Resource Manager Kylie Tisdale, Witness, dated July 25, 2016.

Exhibit 29: Supplemental Affidavit by Interrogatory of AW Sekou Ma'at, dated July 25, 2016.

000015

Affidavit by Interrogatory
of
Kylie Tisdale, Human Resource Manager
Federal Correctional Institution (FCI)
U.S. Department of Justice
Federal Bureau of Prisons
Aliceville, AL 35442

My name is Dennis Kurzydlo, EEO Investigator for JDG Associates, Inc. conducting the investigation into complaint number BOP-2015-02217, filed by Senior Officer Specialist Reshawn Armstrong. The accepted issues concerning the above referenced complaint are as stated:

Specifically, you claim the Bureau unlawfully discriminated against you on the bases of your sex (Female) and reprisal (EEO activity) when:

- On August 21, 2015, you became aware that you were subjected to false and derogatory reference checks that interfered with your application for employment within the Agency.

- From October 2015 to November 12, 2015, you have experienced problems with your post assignments, and had 10 hours of annual leave removed from your account. (Amendment)

The case was amended on 2/11/16 to accept the following issue:

- You allege that you were discriminated against on the basis of sex (female) when you were denied overtime pay for the date of November 23, 2015, (the date mediation was held on your day off) and your request for official time to work on your EEO Complaint was ignored.

(Note: If you do not have any knowledge or are not aware of the specific issue, please state so and continue to the next issue. Also, when answering questions, please provide as much detail as possible. Thank you.)

**1.   Please state your name, job title, grade and place of assignment.**

A.  Kylie Tisdale, Human Resource Manager, GS-12, FCI Aliceville.

Exhibit 23 Page 1

Page 1 of 5

Initials

000494

BOP-2015-02217

2.      **How long have you been in this position?**

A.      2 Years and 25 Days, as of July 25, 2016.

3.      **Was this your position during the period of August 21, 2015 – January 6, 2016? If not, what was your position during this time? How long were you in that position?**

A.      Yes.

4.      **What was your professional relationship to Ms. Armstrong during that time?**

A.      I am the Human Resource Manager at FCI Aliceville.

5.      **Do you know Ms. Armstrong? If so, when and how did you first meet or become aware of her?**

A. Yes. I cannot recall a specific date when I first met or became aware of Ms. Armstrong.

6.      **Ms. Armstrong is alleging discrimination because of her gender? As a comparison, what is your gender?**

A.      I am a female.

Exhibit 28 Page 2

Initials

Page 2 of 5

**Issue: You allege that you were discriminated against on the basis of sex(female) when you were denied overtime pay for the date of November 23, 2015, (the date mediation was held on your day off) and your request for official time to work on your EEO Complaint was ignored. (Amendment)**

7.      **What do you know of Ms. Armstrong's request for overtime pay to attend mediation on or about 11/23/15? She provided e-mail from you inquiring if that was her day off. Did you take any action? Please explain.**

A      Yes, I provided notice on December 4, 2015 (via email) , to the employee's supervisor, William Johnson, Captain, Administrative Lieutenant, Demetrius Rosado, LMR Chairperson/Associate Warden, Margaret Reherman, Warden, Arcola Washington-Adduci and Correctional Officer, Reshawn Armstrong, in which stated, "Please note that the employee is entitled to 2 hours of overtime. Purpose: Mediation Meeting."

8.      **Do you know anything of Ms. Armstrong requesting official time on or about January 6, 2016 to work on her EEO complaint? I believe this was by e-mail. She provided e-mail from you inquiring if she received a response. Did you take any action? Please explain.**

A.      Yes, On January 8, 2016, Ms. Armstrong sent an email requesting 10 hours of Official to work on an EEO compliant to William Johnson, Kylie Tisdale, Washington Adduci and Donald Zielenski. Yes, I took action. On January 7, 2016, at 12:59 p.m., I forwarded the email to Ms. Armstrong's supervisor, William Johnson, Captain, whom was included in the original email (dated January 7. 2016, 12:49 PM) to ensure

Page 3 of 5

Initials K

Exhibit 28 Page 3

awareness. I then became absence from the office. Upon my return, due to additional emails from Ms. Armstrong, I followed up with her on January 11, 2016, to see if a response was provided regarding her request. Ms. Armstrong replied, "No, I received no response from Management other than you asking if there was a response provided which there hasn't been thus far." I then sent an email to William Johnson, Captain, Demetrius Rosado, Administrative Lieutenant and Cc, Donald Zielenski, Associate Warden. The email stated, "Good Morning, Please review the employees request below. Once a decision has been made, please advise HR."

**9.** **Is there anything else, relevant to this claim, that you would like to add?**

A. Yes, an employee supervisor is responsible for reviewing such request for approval or denial (i.e., official time).

## WITNESS STATEMENT CERTIFICATE

I, _____Kylie Tisdale_____, declare under penalty of perjury that the preceding statement consisting of __5__ pages is true and complete to the best of my knowledge and recollection. I understand that the information I have given is not to be considered confidential and that it may be shown to the interested parties. I have initialed each page and signed the statement below.

Signature

7/25/16

Date Executed

Investigator Signature

Page 4 of 5

Initials

Exhibit 28 Page 4

000497

PRIVACY ACT NOTICE TO COMPLAINANT INTERVIEW WITNESSES
(OTHER THAN COMPLAINANT)
FOR EMPLOYMENT DISCRIMINATION COMPLAINT INVESTIGATIONS

GENERAL '
This information is provided pursuant to Public Law 93-579 (Privacy Act of 1974).

December 31, 1974, for individuals supplying information for inclusion in a system of records.

AUTHORITY

The authority to collect the information requested by this interview is derived from one or more of the
following: '

Title 5, Code of Federal Regulations, Section 5.2 and 5.3; Title 29, Code of Federal Regulations,
Section 1614; Title 5, United States Code, Sections 1303 and 1304; Title 42, United States Code,
Section 2000e-16; and Executive Order 11478, as amended.

PURPOSES AND USES

The information you supply will be used along with data developed to resolve or otherwise determine
the merits of the complaint of discrimination in the delivery of federally assisted or federally
conducted programs or services. This information may be furnished to designated officers and
employees of agencies and departments of the Federal Government in order to resolve or otherwise
determine the merits of the complaint of discrimination. The information may also be disclosed to any
agency of the Federal Government having a working relationship with regard to BOP activities, to the
intelligence agencies of the Federal Government, or to others for uses as published in the Federal
Register.

EFFECTS OF NONDISCLOSURE

Disclosure of the information sought is voluntary; however, failure on the part of BOP employees to
furnish the information will result in a direction by the head of the agency, or his/her designated
representative, to produce or provide such information as is available. Failure to provide the
information at that time may result in the initiation of disciplinary proceedings against you, up to and
including termination. Applicants in such cases may be refused employment.

Disclosure of information by present or prospective Government contractors is also voluntary,
although failure to furnish the above requested information where the contract so provides may result
in administrative sanctions, including disqualification to enter into a contract or termination of an
existing contract.

Signature of Witness (person providing statement)

Date: 7/25/16

Place: FCI AM

Initials _____

                                                              Exhibit 28 Page 5

000498

Affidavit by Interrogatory
of
Sekou Ma'at, Associate Warden
Federal Correctional Complex (FCC)
U.S. Department of Justice
Federal Bureau of Prisons
Butner, North Carolina

My name is Dennis Kurzydlo, EEO Investigator for JDG Associates, Inc. conducting the investigation into complaint number BOP-2015-02217, filed by Senior Officer Specialist Reshawn Armstrong. The accepted issues concerning the above referenced complaint are as stated:

Specifically, you claim the Bureau unlawfully discriminated against you on the bases of your sex (Female) and reprisal (EEO activity) when:

- On August 21, 2015, you became aware that you were subjected to false and derogatory reference checks that interfered with your application for employment within the Agency.

- From October 2015 to November 12, 2015, you have experienced problems with your post assignments, and had 10 hours of annual leave removed from your account. (Amendment)

The case was amended on 2/11/16 to accept the following issue:

- You allege that you were discriminated against on the basis of sex (female) when you were denied overtime pay for the date of November 23, 2015, (the date mediation was held on your day off) and your request for official time to work on your EEO Complaint was ignored.

(Note: If you do not have any knowledge or are not aware of the specific issue, please state so and continue to the next issue. Also, when answering questions, please provide as much detail as possible. Thank you.)

Initials

Exhibit $\frac{\mathcal{N}}{2}$ Page 1

**000499**

1.    Please state your name, job title, grade and place of assignment.

A.    Sekou Ma'at, Associate Warden, GS-14, FCC Butner.

Issue: On August 21, 2015, you became aware that you were subjected to false and derogatory reference checks that interfered with your application for employment within the Agency.

2.    Ms. Armstrong mentioned that she spoke to you about her career and that you encouraged her to apply for positions at FCI Aliceville. She states you seemed offended when she declined to apply for positions at FCI Aliceville. Were you offended? Please comment on this.

A.    Ms. Armstrong is making an inaccurate statement. I don't recall discussing positons at FCI Aliceville or being offended when she "declined" to apply for position at FCI Aliceville.

3.    Ms. Armstrong continues that you spoke of PREA and with FCI Aliceville being a female institution, the need for females to stay there. She alleges you wanted females to stay there and this impacted your vouchering. Is this accurate, please discuss.

A.    Ms. Armstrong is making an inaccurate statement. I don't recall discussing being at a female institution, the need for females to stay there.

4.    Is there anything else, relevant to this claim, that you would like to add?

A.    Not at this time.

## WITNESS STATEMENT CERTIFICATE

I, _____Sekou Ma'at_____, declare under penalty of perjury that the preceding statement consisting of __4__ pages is true and complete to the best of my knowledge and

Page 2 of 4                                                          Initials _____

Exhibit 21 Page 2

recollection. I understand that the information I have given is not to be considered confidential and that it may be shown to the interested parties. I have initialed each page and signed the statement below.

_____     072516
Signature                            Date Executed

_____
Investigator Signature

Page 3 of 4

Initials

000501

Exhibit 7 Page 3

PRIVACY ACT NOTICE TO COMPLAINANT INTERVIEW WITNESSES
(OTHER THAN COMPLAINANT)
FOR EMPLOYMENT DISCRIMINATION COMPLAINT INVESTIGATIONS

GENERAL '

This information is provided pursuant to Public Law 93-579 (Privacy Act of 1974),

December 31, 1974, for individuals supplying information for inclusion in a system of records.

AUTHORITY

The authority to collect the information requested by this interview is derived from one or more of the following:

Title 5, Code of Federal Regulations, Section 5.2 and 5.3; Title 29, Code of Federal Regulations, Section 1614; Title 5, United States Code, Sections 1303 and 1304; Title 42, United States Code, Section 2000e-16; and Executive Order 11478, as amended.

PURPOSES AND USES

The information you supply will be used along with data developed to resolve or otherwise determine the merits of the complaint of discrimination in the delivery of federally assisted or federally conducted programs or services. This information may be furnished to designated officers and employees of agencies and departments of the Federal Government in order to resolve or otherwise determine the merits of the complaint of discrimination. The information may also be disclosed to any agency of the Federal Government having a working relationship with regard to BOP activities, to the intelligence agencies of the Federal Government, or to others for uses as published in the Federal Register.

EFFECTS OF NONDISCLOSURE

Disclosure of the information sought is voluntary; however, failure on the part of BOP employees to furnish the information will result in a direction by the head of the agency, or his/her designated representative, to produce or provide such information as is available. Failure to provide the information at that time may result in the initiation of disciplinary proceedings against you, up to and including termination. Applicants in such cases may be refused employment.

Disclosure of information by present or prospective Government contractors is also voluntary, although failure to furnish the above requested information where the contract so provides may result in administrative sanctions, including disqualification to enter into a contract or termination of an existing contract.

Signature of Witness (person providing statement)

Date: _07251 6_

Place: _____

Initials

000502

Exhibit 7 Page 4

# EXHITBIT
# k

**From:**     ALI/Corr Svcs
**To:**        ALI/STAFF
**Date:**     12/7/2015 3:50 PM
**Subject:**   Rear Gate Procedures

**With the issuance of this email, the Rear Gate will not be utilized as a general entrance or exit for staff.**

**Employees may pass through the Rear Gate only during the performance of duties which require the use of Rear Gate. General entrance or exit to the FCI will occur at the FCI Front Lobby. The Rear Gate Officer will control traffic in and out of the institution, including commercial trucks and institution vehicles. Visitor and inmate traffic through the Rear Gate will be authorized by the Captain.**

# EXHITBIT
# L

| From: | Jerry Cramer |
| To: | Branch, Lonnie R. |
| Date: | 12/9/2015 8:55 AM |
| Subject: | Re: cases |

Lonnie,

This was sent to you from Agent James. See below concerning this case.

Hello Mr. Branch,

I was going through some of your cases and noticed that I sent Michael McCullough some instructions back in January 2015, regarding how to complete this case. Basically, please interview Armstrong and Belton and have them clarify in their affidavits specifically what transpired between the two of them on the date of their arrest for Domestic Violence. According to their initial affidavits, they both stated that they were arrested for "having conflicting stories and scratches." Review the police report and have Armstrong and Belton specifically described what they did to each other (as they described to the police officer in the police report).

Also, in the last paragraph of the "Factual Information" section of the report, please document the following information that was provided by the Employment Law and Ethics Branch (ELE), based on their review.

"According to ELE, Armstrong and Belton were not convicted of the offense which they were charged with, and accordingly, neither falls under the 18 U.S.C. 922(g)(9)."

Please submit Armstrong and Belton's additional affidavits and the revised report to the OIA for review.

Thank you,
Jeff

>>> Lonnie R. Branch 12/8/2015 10:53 AM >>>
I am going down the line on open cases here. A question I had was on case OIA-2013-05724 in the Event it states that Local Investigative Packet Deficient. Anyway to find out what was the issue so I can get this one closed out? Thanks.

# EXHITBIT
# M

## Mobile Log Book 1 and 2

From:  Long, Don (USAALN) (Don.Long2@usdoj.gov)

To:    ra1111@ymail.com

Cc:    Sarah.Blutter@usdoj.gov

Date:  Tuesday, May 14, 2019, 4:03 PM CDT

Ms. Armstrong,

Attached are copies of the Mobile Log Book 1 and 2 pages that we photocopied together.  They are Bates stamped BOP_003376-79.

Regarding any Mobile Log Book entries between June 16, 2016 and September 27, 2016, BOP has searched in the facility for the log book containing entries for those dates, and has not been able to locate a log book containing entries for those dates.

Regards,

Don B. Long

Assistant United States Attorney

Northern District of Alabama

1801 Fourth Avenue North

Birmingham, AL 35203

(205) 244-2106 (phone)

(205) 244-2171 (fax)

Don.long2@usdoj.gov

 5.14.2019 Mobile Log Book Pages Copied Together.pdf
2.3MB

# EXHITBIT
# N



**U.S. Department of Justice**
**Federal Bureau of Prisons**
**Federal Correctional Institution**
**P.O. Box 445**
**Aliceville, Alabama 35442**

February 3, 2017


Reshawn Armstrong
Senior Officer Specialist
Federal Correctional Institution
Aliceville, AL 35442

Dear Ms. Armstrong:

On December 14, 2016, you were issued a notice that proposed you
be suspended for a period of three (3) calendar days for
Discreditable Behavior.  In making my decision, I have given
full consideration to the proposal, your written response dated
January 12, 2017, and to the evidence contained in the
disciplinary action file, which has been made available to you.
You did not provide an oral response for consideration.

In your written response, you admit that you were involved in an
"incident" with Ms. Malinda Belton.  You further admit that you
and Ms. Belton were arrested by police following the incident.
It is imperative that, as a law enforcement officer, you act in a
manner which creates and maintains respect for the Bureau of
Prisons, Department of Justice, and the U.S. Government both on
and off duty.  Your discreditable behavior reflects negatively on
you and the Agency as a whole and could compromise the public's
confidence and trust in the Agency.

After careful consideration, I find the charge fully supported by
the evidence in the disciplinary action file.  In determining the
appropriate penalty, I considered, among other factors, that your
performance is at an acceptable level, and you have no prior
discipline. Therefore, it is my decision that a Letter of
Reprimand is warranted, in the efficiency of the service, and
will have the desired corrective effect.  A copy of the Letter of
Reprimand is attached to this letter.

You have the right to appeal this decision under either of the
following procedures:

- a grievance under the grievance procedure contained in the Master Agreement (negotiated grievance procedure); or

- a formal complaint under the Department of Justice Equal Employment Opportunity Commission complaint procedures (EEO).

If you appeal this decision, you must elect to do so under only one (1) procedure.  You are considered to have made an election when you timely file, in writing, a grievance under the negotiated grievance procedure or a formal complaint with EEO. Please ensure you elect under which procedure you wish to proceed because, if you file under more than one procedure, the procedure under which you timely file first shall be considered to be your elected procedure.

If you elect to file a grievance under the negotiated grievance procedure, you must file, in writing, no later than forty (40) calendar days from the date you receive this letter.  You should file under Article 31 of the Master Agreement.  A grievance form may be obtained from any union steward.

You may file an EEO complaint only if you believe this decision is based on discrimination because of race, sex, color, religion, age, physical or mental disability, national origin, parental status, genetic information, gender identity, retaliation, or sexual orientation.  If you elect to file a formal complaint of discrimination, you must contact an EEO counselor within forty-five (45) calendar days of your receipt of this letter.  If after counseling you wish to file a formal complaint, the complaint must be mailed no later than fifteen (15) calendar days after your receipt of the EEO counselor's Notice of Final Interview.  The address to which a formal complaint should be sent is: EEO Officer, 320 First Street, N.W., Washington, D.C. 20534.  A formal complaint form may be obtained from an EEO counselor.  The EEO Counselor for FCI Aliceville is Zelford Thomas at (404) 635-5627 or ZThomas@bop.gov.

Should you have any questions or need assistance in this matter, contact Kylie Tisdale, Human Resource Manager, extension 5180.

Sincerely,

Patricia V. Bradley
Warden

I have received the original and one copy of this letter.

Signature _____          Date 01-08-17

# EXHITBIT
# O

BP-A1076
MAR 16
U.S. DEPARTMENT OF JUSTICE

**C O N F I D E N T I A L**
**REFERENCE CHECK**

FEDERAL BUREAU OF PRISONS

Applicant: _____ Vacancy Announcement: _____

Title/Location of Vacancy: _____

As noted in the Human Resource Management Manual (CN ***), selecting officials, or their designee, may elect to check the references of Best Qualified or non-competitive applicants for a vacancy. The questions outlined below are required when references are checked and follow-up questions for clarification purposes are permissible. Additionally, should the reference-checker determine that additional job-related questions are necessary for a specific vacancy, those questions are to be added to this form and asked of all applicants who are referenced checked for that vacancy. Care should be taken in framing questions so information being solicited would not indicate an applicant's race, color, sex, religion, national origin, age, disability, sexual preference, genetic information, or participation in EEO activity.

**A summary of the reference-checking results for each applicant is to be recorded on this form and retained in the applicable promotion file. Results are not to be directly linked to the reference contacted.**

| Current Skill/Ability Level | Not Observed | Below Average | Average | Above Average |
|---|---|---|---|---|
| Administrative Skills (e.g., establishes plans, develops systems and processes, prioritizes and organizes work) | ☐ | ☐ | ☐ | ☐ |
| Oral Communications Skills (e.g., fosters open communications, listens, delivers presentations, interpersonal skills, builds relationships, diplomacy) | ☐ | ☐ | ☐ | ☐ |
| Written Communications Skills | ☐ | ☐ | ☐ | ☐ |
| Technical Expertise | ☐ | ☐ | ☐ | ☐ |
| Responsiveness (e.g., commitment to quality, meets expectations and deadlines) | ☐ | ☐ | ☐ | ☐ |
| Analytical Ability (e.g., problem solving abilities, sound judgment, ability to analyze issues) | ☐ | ☐ | ☐ | ☐ |
| Additional Job Related Questions/comments | ☐ | ☐ | ☐ | ☐ |
| Additional Job Related Questions/comments | ☐ | ☐ | ☐ | ☐ |
| Disciplinary Actions within last two years, if known: | | | | |
| Would you employ the individual in this position? Yes/No | | | | |

| Supervisory Positions Only: Leadership Skills (e.g., provides direction, fosters teamwork, motivates staff, values diversity, promotes agency mission, ability to train subordinates) | Not Observed | Below Average | Average | Above Average |
|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ |

| Supervisory Positions Only: Is applicable mobile? | Yes | No | Unknown | |
|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ |

References:  (Name) _____    (Title) _____

(Name) _____    (Title) _____

(Name) _____    (Title) _____

Form completed by: (Name) _____    (Title): _____    (Date): _____

Prescribed by P3300

# EXHITBIT
# P

### ·FCI, Aliceville
### ALICEVILLE, ALABAMA
### Armstrong BPT - Daily Assignments

Page 22

| Date | Quarterly Roster | Assignment | Shift |
|------|-----------------|------------|-------|
| 3/29/2013 | Camp Activation 4 | Day Off | |
| 3/28/2013 | Camp Activation 4 | DCT SHIFT 4 | |
| 3/27/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 3/26/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 3/25/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 3/24/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 3/23/2013 | Camp Activation 4 | Day Off | |
| 3/22/2013 | Camp Activation 4 | BPT | |
| 3/21/2013 | Camp Activation 4 | BPT | |
| 3/20/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 3/19/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 3/18/2013 | Camp Activation 4 | Sick Leave | |
| 3/17/2013 | Camp Activation 4 | Day Off | |
| 3/16/2013 | Camp Activation 4 | Day Off | |
| 3/15/2013 | Camp Activation 4 | Day Off | |
| 3/14/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 3/13/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 3/12/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 3/11/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 3/10/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 3/9/2013 | Camp Activation 4 | Day Off | |
| 3/8/2013 | Camp Activation 4 | Day Off | |
| 3/7/2013 | Camp Activation 4 | Annual Leave | |
| 3/6/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 3/5/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 3/4/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 3/3/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 3/2/2013 | Camp Activation 4 | Day Off | |
| 3/1/2013 | Camp Activation 4 | Annual Leave | |
| 2/28/2013 | Camp Activation 4 | Annual Leave | |
| 2/27/2013 | Camp Activation 4 | Annual Leave | |
| 2/26/2013 | Camp Activation 4 | Annual Leave | |
| 2/25/2013 | Camp Activation 4 | Annual Leave | |
| 2/24/2013 | Camp Activation 4 | Day Off | |
| 2/23/2013 | Camp Activation 4 | Day Off | |
| 2/22/2013 | Camp Activation 4 | Annual Leave | |
| 2/21/2013 | Camp Activation 4 | Annual Leave | |
| 2/20/2013 | Camp Activation 4 | Annual Leave | |
| 2/19/2013 | Camp Activation 4 | Annual Leave | |
| 2/18/2013 | Camp Activation 4 | Annual Leave | |
| 2/17/2013 | Camp Activation 4 | Day Off | |
| 2/16/2013 | Camp Activation 4 | Day Off | |
| 2/15/2013 | Camp Activation 4 | Day Off | |
| 2/14/2013 | Camp Activation 4 | Annual Leave | |
| 2/13/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 2/12/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 2/11/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 2/10/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 2/9/2013 | Camp Activation 4 | Day Off | |
| 2/8/2013 | Camp Activation 4 | Annual Leave | 15:00-16:00 |
| 2/8/2013 | Camp Activation 4 | ART | 08:00-15:00 |
| 2/7/2013 | Camp Activation 4 | ART | |
| 2/6/2013 | Camp Activation 4 | ART | |

**FCI, Aliceville**
**ALICEVILLE, ALABAMA**
**Armstrong BPT - Daily Assignments**                    **Page 23**

| Date | Quarterly Roster | Assignment | Shift |
|------|------------------|------------|-------|
| 2/5/2013 | Camp Activation 4 | ART | |
| 2/4/2013 | Camp Activation 4 | ART | |
| 2/3/2013 | Camp Activation 4 | Day Off | |
| 2/2/2013 | Camp Activation 4 | Day Off | |
| 2/1/2013 | Camp Activation 4 | Day Off | |
| 1/31/2013 | Camp Activation 4 | Annual Leave | |
| 1/30/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 1/29/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 1/28/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 1/27/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 1/26/2013 | Camp Activation 4 | Day Off | |
| 1/25/2013 | Camp Activation 4 | Day Off | |
| 1/24/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 1/23/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 1/22/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 1/21/2013 | Camp Activation 4 | Sick Leave | |
| 1/20/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 1/19/2013 | Camp Activation 4 | Day Off | |
| 1/18/2013 | Camp Activation 4 | Day Off | |
| 1/17/2013 | Camp Activation 4 | Comptime Used | 22:30-00:00 |
| 1/17/2013 | Camp Activation 4 | CONTROL 1 | 16:00-22:30 |
| 1/16/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 1/15/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 1/14/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 1/13/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 1/12/2013 | Camp Activation 4 | Day Off | |
| 1/11/2013 | Camp Activation 4 | Day Off | |
| 1/10/2013 | Camp Activation 4 | CONTROL 1 | 1400-22:00 |
| 1/9/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 1/8/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 1/7/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 1/6/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 1/5/2013 | Camp Activation 4 | Day Off | |
| 1/4/2013 | Camp Activation 4 | Day Off | |
| 1/3/2013 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 1/2/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 1/1/2013 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 12/31/2012 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 12/30/2012 | Camp Activation 4 | CONTROL 2 | 14:00-22:00 |
| 12/29/2012 | Camp Activation 4 | Day Off | |
| 12/28/2012 | Camp Activation 4 | Day Off | |
| 12/27/2012 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 12/26/2012 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 12/25/2012 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 12/24/2012 | Camp Activation 4 | CONTROL 2 | - |
| 12/23/2012 | Camp Activation 4 | CONTROL 2 | P/M 5 |
| 12/22/2012 | Camp Activation 4 | Day Off | |
| 12/21/2012 | Camp Activation 4 | Day Off | |
| 12/20/2012 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 12/19/2012 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 12/18/2012 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 12/17/2012 | Camp Activation 4 | CONTROL 1 | E/W 6 |
| 12/16/2012 | Camp Activation 4 | MOBILE 2 | E/W 6 |

2/23/2016 2:21:32 PM

**FCI, Aliceville**
**ALICEVILLE, ALABAMA**
**Armstrong BPT - Daily Assignments**

Page 24

| Date | Quarterly Roster | Assignment | Shift |
|------|------------------|------------|-------|
| 12/15/2012 | Sanitation | Day Off | |
| 12/14/2012 | Sanitation | Annual Leave | |
| 12/13/2012 | Sanitation | Annual Leave | |
| 12/12/2012 | Sanitation | Annual Leave | |
| 12/11/2012 | Sanitation | Annual Leave | |
| 12/10/2012 | Sanitation | Annual Leave | |
| 12/9/2012 | Sanitation | Day Off | |
| 12/8/2012 | Sanitation | Day Off | |
| 12/7/2012 | Sanitation | Day Off | |
| 12/6/2012 | Sanitation | E/W 3 | E/W 4 |
| 12/5/2012 | Sanitation | E/W 3 | E/W 4 |
| 12/4/2012 | Sanitation | E/W 3 | E/W 4 |
| 12/3/2012 | Sanitation | E/W 3 | E/W 4 |
| 12/2/2012 | Sanitation | E/W 3 | E/W 4 |
| 12/1/2012 | Sanitation | Day Off | |
| 11/30/2012 | Sanitation | Day Off | |
| 11/29/2012 | Sanitation | E/W 3 | E/W 4 |
| 11/28/2012 | Sanitation | E/W 3 | E/W 4 |
| 11/27/2012 | Sanitation | E/W 3 | E/W 4 |
| 11/26/2012 | Sanitation | E/W 3 | E/W 4 |
| 11/25/2012 | Sanitation | E/W 3 | E/W 4 |
| 11/24/2012 | Sanitation | Day Off | |
| 11/23/2012 | Sanitation | Day Off | |
| 11/22/2012 | Sanitation | E/W 3 | E/W 4 |
| 11/21/2012 | Sanitation | E/W 3 | E/W 4 |
| 11/20/2012 | Sanitation | E/W 3 | E/W 4 |
| 11/19/2012 | Sanitation | E/W 3 | E/W 4 |
| 11/18/2012 | Sanitation | E/W 3 | E/W 4 |
| 11/17/2012 | Sanitation | Day Off | |
| 11/16/2012 | Sanitation | Day Off | |
| 11/15/2012 | Sanitation | E/W 3 | E/W 4 |
| 11/14/2012 | Sanitation | E/W 3 | E/W 4 |
| 11/13/2012 | Sanitation | E/W 3 | E/W 4 |
| 11/12/2012 | Sanitation | E/W 3 | E/W 4 |
| 11/11/2012 | Sanitation | E/W 3 | E/W 4 |
| 11/10/2012 | Sanitation | Day Off | |
| 11/9/2012 | Sanitation | Day Off | |
| 11/8/2012 | Sanitation | E/W 3 | E/W 4 |
| 11/7/2012 | Sanitation | E/W 3 | E/W 4 |
| 11/6/2012 | Sanitation | E/W 3 | E/W 4 |
| 11/5/2012 | Sanitation | E/W 3 | E/W 4 |
| 11/4/2012 | Sanitation | E/W 3 | E/W 4 |
| 11/3/2012 | Sanitation | Day Off | |
| 11/2/2012 | Sanitation | Day Off | |
| 11/1/2012 | Sanitation | E/W 3 | E/W 4 |
| 10/31/2012 | Sanitation | E/W 2 | E/W 4 |
| 10/30/2012 | Sanitation | E/W 3 | E/W 4 |
| 10/29/2012 | Sanitation | E/W 3 | E/W 4 |
| 10/28/2012 | Sanitation | E/W 3 | E/W 4 |
| 10/27/2012 | Sanitation | Day Off | |
| 10/26/2012 | Sanitation | Day Off | |
| 10/25/2012 | Sanitation | E/W 3 | E/W 4 |
| 10/24/2012 | Sanitation | E/W 3 | E/W 4 |

**FCI, Aliceville**
**ALICEVILLE, ALABAMA**
**Armstrong BPT - Daily Assignments**

Page 25

| Date | Quarterly Roster | Assignment | Shift |
|------|------------------|------------|-------|
| 10/23/2012 | Sanitation | E/W 3 | E/W 4 |
| 10/22/2012 | Sanitation | E/W 3 | E/W 4 |
| 10/21/2012 | Sanitation | E/W 3 | E/W 4 |
| 10/20/2012 | Sanitation | E/W 1 | E/W 4 |
| 10/19/2012 | Sanitation | E/W 1 | E/W 4 |
| 10/18/2012 | Sanitation | Day Off | |
| 10/17/2012 | Sanitation | Day Off | |
| 10/16/2012 | Sanitation | E/W 2 | E/W 4 |
| 10/15/2012 | Sanitation | Training | |
| 10/14/2012 | Sanitation | E/W 2 | E/W 4 |
| 10/13/2012 | Sanitation | Annual Leave | |
| 10/12/2012 | Sanitation | Annual Leave | |
| 10/11/2012 | Sanitation | Day Off | |
| 10/10/2012 | Sanitation | Day Off | |
| 10/9/2012 | Sanitation | Annual Leave | |
| 10/8/2012 | Sanitation | HOLIDAY OFF | |
| 10/7/2012 | Sanitation | Annual Leave | |
| 10/6/2012 | Sanitation | E/W 3 | E/W 4 |
| 10/5/2012 | Sanitation | E/W 3 | E/W 4 |
| 10/4/2012 | Sanitation | Day Off | |
| 10/3/2012 | Sanitation | Day Off | |
| 10/2/2012 | Sanitation | E/W 3 | E/W 4 |
| 10/1/2012 | Sanitation | E/W 3 | E/W 4 |
| 9/30/2012 | Sanitation | E/W 3 | E/W 4 |
| 9/29/2012 | Sanitation | E/W 3 | E/W 4 |
| 9/28/2012 | Sanitation | E/W 3 | E/W 4 |
| 9/27/2012 | Sanitation | Day Off | |
| 9/26/2012 | Sanitation | Day Off | |
| 9/25/2012 | Sanitation | E/W 3 | E/W 4 |
| 9/24/2012 | Sanitation | E/W 3 | E/W 4 |
| 9/23/2012 | Sanitation | E/W 3 | E/W 4 |
| 9/22/2012 | Sanitation | E/W 3 | E/W 4 |
| 9/21/2012 | Sanitation | E/W 3 | E/W 4 |
| 9/20/2012 | Sanitation | Day Off | |
| 9/19/2012 | Sanitation | Day Off | |
| 9/18/2012 | Sanitation | E/W 3 | E/W 4 |
| 9/17/2012 | Sanitation | E/W 3 | E/W 4 |
| 9/16/2012 | Sanitation | E/W 3 | E/W 4 |
| 9/15/2012 | Sanitation | E/W 3 | E/W 4 |
| 9/14/2012 | Sanitation | E/W 3 | E/W 4 |
| 9/13/2012 | Sanitation | Day Off | |
| 9/12/2012 | Sanitation | Day Off | |
| 9/11/2012 | Sanitation | E/W 3 | E/W 4 |
| 9/10/2012 | Sanitation | E/W 3 | E/W 4 |
| 9/9/2012 | Sanitation | E/W 3 | E/W 4 |

# Exhibit Q

STERLING L. DERAMUS

ATTORNEY AT LAW
2229 1ST AVENUE NORTH
BIRMINGHAM, ALABAMA 35203
WWW.DERAMUSLAW.COM

OFFICE PHONE
(205) 504-0189
EMAIL
sderamus@deramuslaw.com

FAX NUMBER
(205) 449-7392

SEPTEMBER 11, 2015

### *VIA ELECTRONIC MAIL: zthomas@bop.gov*

September 11, 2015

Mr. Thomas Zelford
EEO Counselor
U.S. Department of Justice
Bureau of Prisons
FCI Aliceville
11070 Hwy 14
Aliceville, Alabama 35442

RE:    *Armstrong, Reshawn v. Lynch, Loretta, Attorney General, Dep't of Justice –*
       Informal Complaint ico Ms. Reshawn Armstrong

Dear Mr. Zelford:

Pursuant to 29 C.F.R. § 1614, et seq., 1 writing on behalf of my client and the Department of the Justice, Bureau of Prison's (Agency) dedicated employee, Ms. Reshawn Armstrong, Senior Officer Specialist, GL-8, the Complainant in the above-referenced pending EEO complaint, to timely file Ms. Armstrong's amended informal EEO complaint (initial complaint filed with EEO office via email by Complainant on August 21, 2015). Please be advised that I will be representing Ms. Armstrong in this matter; please find attached a Power of Attorney authorizing me to act on her behalf. Please send all future correspondence to me at the above address (or email address) with a copy to Ms. Armstrong.

The Complaint for which Ms. Armstrong seeks resolution is as follows:

Since on or about April 3, 2015 and continuing to August, 2015, the Agency has engaged in an ongoing pattern and practice of hostile work environment and disparate treatment discrimination against the Complainant on the basis of her sex (female), in violation of her rights under Title VII of the Civil Rights Act of 1964, 42 USC 2000e, et seq., and 29 CFR 1614, et seq. Specific examples of the alleged ongoing harassment and discrimination, include, but are not limited to, the following:

1. On or about April 3, 2015, the Agency, by and through its Alleged Discriminating Official/Responsible Management Officials (ADO/RMO) Mr.

Sekou Ma'at (Male), Associate Warden, FCI Aliceville, gave Complainant a derogatory and false evaluation of Complainant in order to interfere with her applications for employment with the Agency at other facilities. Complainant discovered that ADO/RMO Mr. Ma'at made these derogatory and false allegations on or after August 21, 2015, and thus this complaint is still timely.

2. On or about July 7, 2015, the Agency, by and through its ADO/RMO Mr. Ma'at, gave Complainant a second derogatory and false evaluation of Complainant in order to interfere with her applications for employment with the Agency at other facilities. Complainant discovered that ADO/RMO Mr. Ma'at made these derogatory and false allegations on or after August 21, 2015, and thus this complaint is still timely.

3. From on or about February, 2015 and continuing to August, 2015, the Agency, by and through its ADO/RMO Mr. Ma'at, gave Complainant further derogatory and false evaluations of Complainant in order to interfere with her applications for employment as a Correctional Counselor, GL-9, with the Agency at other facilities. Complainant discovered that ADO/RMO Mr. Ma'at made these derogatory and false allegations on or after August 21, 2015, and thus this complaint is still timely.

4. From on or about February 1, 2015 and continuing to August, 2015 the Agency has failed to select Complainant for the following positions due to the improper evaluations given by ADO/RMO Ma'at (discovered by Complainant on August 21, 2015):
    a. BSG-2015-0040 (GL-9 Correctional Counselor)
    b. MEN-2015-0030 (GL-9 Correctional Counselor)
    c. PHX-2015-0049 (GL-9 Correctional Counselor)
    d. TDG-2015-0024 (GL-9 Correctional Counselor)
    e. MNA-2015-0024 (GL-9 Correctional Counselor)
    f. ATL-2015-0039 (GL-9 Correctional Counselor)
    g. EST-2015-0022 (GL-9 Correctional Counselor)
    h. HR-N-2015-0007 (GS-9/11 Lieutenant Position) at the following locations:
        1. FCC Coleman, FL
        2. FCC Lompoc, CA
        3. FCC Victorville, CA
        4. FCC Pollock, LA
    i. HR-N-2015-0009 (GL-9 Lieutenant Position) at the following locations:
        1. FCI Dublin, CA
        2. MCC San Diego, CA
        3. FPC Pensacola, FL
        4. FCI Talladega, AL

Mr. Thomas Zelford
September 11, 2015
Page 3

      j.  ARO-2015-0172 (GS- 9/11 Lieutenant Position)

In resolution of the aforementioned complaint, Complainant demands the Agency provide the Complainant with the following equitable and monetary relief:

1. Cease the ongoing harassment and discrimination of Complainant;

2. Provide Complainant with one of the positions listed above, with applicable back pay, interest, benefits, and a clean record.

3. Pay the Complainant an amount of liquidated damages in an amount not to exceed $300,000;

4. Reimburse the Complainant for her full Attorney fees; and

5. Provide the Complainant with any other relief to which she is entitled.

Please process this complaint through your Alternative Dispute Resolution/Mediation program.

If you have any questions regarding this matter, please do not hesitate to contact me. Your prompt attention to this matter is appreciated.

Sincerely,

Sterling L. DeRamus

cc: Reshawn Armstrong

## STERLING L. DeRAMUS

ATTORNEY AT LAW
2229 1ST AVE NORTH
BIRMINGHAM, ALABAMA 35203
WWW.DERAMUSLAW.COM

OFFICE PHONE
(205) 504-0189
EMAIL
sderamus@deramuslaw.com

FAX NUMBER
(205) 449-7392

SEPTEMBER 10, 2015

### POWER OF ATTORNEY

I,

**Ms. Reshawn Armstrong**

**1400 Village Square Blvd**

**Tallahassee, Florida 32312**

———————————

**Phone: (850) 207-0279**

hereby designate Sterling L. DeRamus, Attorney at Law to serve as my attorney in all matters relating to and/or arising out of my employment by the federal government of the United States of America. I authorize all branches, agencies, appointees, officials, and employees of the federal government of the United States of America, as well as of the governments of any State, County, or Municipality in the United States, to fully communicate with and release to my herein designated attorney any and all information related to me and my employment by the federal government as deemed necessary, as a waiver of my rights under the Privacy Act, 5 U.S.C. §552a. This Power of Attorney will remain in effect until withdrawn by me and/or my designated attorneys.

Date: 09/11/15

Signature

# Notice of Rights and Responsibilities

You have the right to be informed of the time frames in the EEO complaint process. This form will provide you with the Rights and Responsibilities in relation to the EEO process. The EEO Counselor will explain each of these rights and, where noted, provide additional information in written form.

You must initial each section of this form on the line to the left. This is your acknowledgment that you have been informed of these rights. If, after having these rights explained to you, you wish to proceed with the Counseling stage of the EEO process, you must sign and date the bottom of this form.

You have the right to anonymity during the counseling stage. You should be aware that the EEO Counselor will not share your name, but that in some circumstances the specific facts might reveal your identity.

_____ I want to remain anonymous during counseling. If however, I report activities that are considered a serious and imminent threat to life, or may result in bodily harm, or are in violation of the law, the counselor may be under obligation to report such activities.

_X_ I do NOT want to remain anonymous during counseling.

The EEO Counselor is not your representative. The EEO Counselor must act as a neutral and cannot act as an advocate for either you or the agency. You have a right to representation throughout the complaint process.

_____ I choose not to have a representative at this time, I understand I may choose one later.
_X_ I have a Representative

Name of Representative:  Sterling L. DeRamus

Phone Number:  ( 205 ) 504 - 0189

Is your representative an attorney?  yes

You have the right to choose between the Alternative Dispute Resolution (ADR) process or EEO Counseling. You must make this election within five days of receiving this notice. Your decision to choose ADR or Counseling is final. The counselor will provide you with information about the ADR process. Your signature on the information sheet indicates your election.

There are responsibilities in relation to time limits both for you and the agency. You have been provided a copy of the Notice of EEO Time Lines. Your initials indicate your receipt of this information.

You have the right to an immediate final decision after an investigation by the agency in accordance with § 1614.108(f).

 You have the duty to mitigate damages such as interim earnings or amounts that you could earn with reasonable diligence generally must be deducted from an award of back pay.

 You have the duty to keep the agency and EEOC informed of your current mailing address and to serve copies of appeal papers on the agency.

 Only those claims raised at the counseling stage or claims that are like or related to those that were raised may be the subject of a formal complaint. You may amend a complaint after it has been filed.

 If you are bringing this complaint as a class agent, you have been provided a copy of the Notice of Rights and Responsibilities in a class action. If you are not bringing this complaint as a class agent, please write N/A in the line at left.

 Rejection of an agency's offer of resolution made pursuant to § 1614.109(c) may result in the limitation of the agency's payment of attorneys' fees or costs.

 The agency is required to consolidate two or more complaints filed by the same complainant after appropriate notice to the complainant. § 1614.606. When a complaint has been consolidated with one or more earlier complaints, the agency shall complete its investigation within the earlier of 180 days after the filing of the last complaint or 360 days of the filing of the first complaint. However, you may request a hearing before an EEOC Administrative Judge at any time after 180 days of the filing of the first complaint.

 If you are employed in a federal agency subject to the provisions of § 7121(d); and you are covered by a collective bargaining agreement you must choose EITHER to have your allegations of discrimination addressed in the negotiated grievance procedure with a caution that the opportunity to raise allegations of discrimination will be lost if not raised in the grievance process; OR, to have your allegations of discrimination addressed under the EEO process. If you are covered by the collective bargaining agreement, you have been provided a copy of the Negotiated Grievance Procedures Notice. Your initials acknowledge this receipt. If you are not covered by the collective bargaining agreement, please write N/A on the initial line.

 A mixed case is one which alleges discrimination in connection with a claim which is also appealable to the MSPB. If you have standing to file an appeal to the MSPB and the allegations which form the basis of the discrimination complaint can be appealed to the MSPB, you must choose the forum in which you wish to proceed. If your complaint qualifies as a mixed complaint, you have received a copy of the Notice of Mixed Complaint. Your initials acknowledge this receipt. If your complaint is not a mixed case complaint, please write N/A in the initial line.

 If your complaint is of age discrimination, you may choose to file a formal EEO Complaint OR you may bypass the administrative complaint process and file a civil action directly in an appropriate U.S. District Court after first giving the EEOC not less than thirty (30) days notice of intent to file such action. Such notice must be filed within 180 days after the date of the alleged discrimination. If you have an age-based claim, you have been given an Age Discrimination in Employment Act Notice. Your initials acknowledge this receipt. If you do not have an age-based claim, simply write N/A on the initial line.

*04* If your complaint is of wage-based sex discrimination, you may file a civil action in federal district court within two years, or three years if the violation is willful, of the date of the alleged violation, regardless of whether she or he has pursued an administrative action against the agency. Filing of an EEO complaint alleging a violation of the EPA does not tone the time for filing a civil action. If you have a wage-based sex discrimination claim, you have been provided an Equal Pay Act Notice. Your initials acknowledge this receipt. If you do not have a wage-based sex discrimination claim, please write N/A in the initial line.

I explained the above rights to the complainant on this day.

_____   Date
EEO Counselor

**I understand the above listed rights as they have been explained by the EEO Counselor. After careful review of my options:**

I choose to proceed with EEO Counseling
_____Complainant      Date

_____ EEO Counselor    Date

I choose to elect ADR

_____Complainant      Date    *09-11-15*

_____EEO Counselor     Date

I choose to pursue my complaint through MSPB, the Negotiated Grievance Procedure, or another forum

_____ Complainant      Date



**U.S. Department of Justice**
**Federal Bureau of Prisons**
**EEO Program**

## NOTICE OF POSSIBLE APPLICABILITY OF 5 U.S.C. ' 7121(d) TO ALLEDGED

### DISCRIMINATORY ACTION (29 C.F.R. Part 1614)

You have made allegations which may be covered by the Negotiated Grievance Procedure.

When a person is employed by an agency subject to 5 U.S.C. ' 7121(d) and is covered by a collective bargaining agreement that permits claims of discrimination to be raised in a negotiated grievance procedure, a person wishing to file a complaint or a grievance on a claim of alleged employment discrimination must elect to raise the claim under either Part 1614 or the negotiated grievance procedure, but not both.

An election to proceed under this part is indicated only by the filing of a written complaint; use of the pre-complaint process as described in ~ 1614.105 does not constitute an election for purposes of this section. An aggrieved employee who files a complaint under this part may not thereafter file a grievance on the same claim. An election to proceed under a negotiated grievance procedure is indicated by the filing of a timely written grievance.

An aggrieved employee who files a grievance with an agency whose negotiated agreement permits the acceptance of grievances which allege discrimination may not thereafter file a complaint on the same claim under Part 1614 are regardless of whether the agency has informed the individual of the need to elect or of whether the grievance has raised an issue of discrimination. Any such complaint filed after a grievance has been filed on the same claim shall be dismissed without prejudice to the complainant's right to proceed through the

negotiated grievance procedure, including the right to appeal to the Commission from a final decision as provided in subpart D of Part 1614. The notice of final action dismissing such a complaint shall advise the complainant of the obligation to raise discrimination in the grievance process and of the right to appeal the final grievance decision to the Commission.

When a person is not covered by a collective bargaining agreement that permits claims of discrimination to be raised in a negotiated grievance procedure, claims of discrimination shall be processed as complaints under this Part 1614.

Accordingly, you are alleging discrimination on the grounds of race, color, religion, sex, national origin, age, disability, and/or reprisal, and if you wish to pursue the claim, you must make an election to pursue it either as a complaint with the agency under 29 C.F.R. Part 1614, or in the negotiated grievance procedure, if you are covered by the collective bargaining agreement. However, you may not pursue your claim in both forums.

An election is made by filing a grievance in writing (whether or not the grievance has raised a claim of discrimination), or, by filing a written formal EEO complaint with your agency under Part 1614. Use of the pre-complaint process (counseling) under ' 1614.105 does not constitute an election.

If you have further questions concerning the possible applicability of 5 U.S.C. ' 7121(d) to you, you should immediately contact a representative of the employee organization which has a negotiated agreement with your agency or ask the EEO Counselor for further information and assistance.

**I have received a copy of this notice.**

Date:___ $09-11-15$

*(Aggrieved Person Signature)*

Date: 09-11-15

(Aggrieved Person's Representative Signature)

Date: _____

(EEO Counselor Signature)

# Notice of EEO Time Lines

## Counseling/ADR:

The aggrieved person must contact an EEO counselor within 45 calendar days after:
- the alleged discriminatory action.
- the effective date of an alleged discriminatory personnel action.
- becoming aware of the alleged discriminatory practice.

The aggrieved person must be given a Notice of Right to File a Formal Complaint no later than:

- 30 calendar days after the first contact with the counselor. The period may be extended if the aggrieved person and the agency agrees to an extension of no more than an additional 60 calendar days.

- 90 calendar days after the first contact with the counselor if the aggrieved person agrees to use the agency's alternate dispute resolution procedures.

## Formal Complaint:

The aggrieved person may file a formal complaint:

- At any time after the 30th calendar day when the aggrieved person and the agency agree to an extension and resolution efforts continue.

- Within 15 calendar days after receiving a Notice of Right to File a Formal Complaint.

## Dismissal of Issues:

If the agency dismisses a formal complaint, the complainant may file an appeal to the EEOC, Office of Federal Operations (OFO), within 30 calendar days.  If OFO determines that:

- Dismissal was not proper, OFO will order the agency to accept the complaint.

- Dismissal of the complaint was proper, the complainant may file a civil action in U.S. District Court within 90 calendar days after receiving the OFO decision.

If an OFO decision is not issued within 180 calendar days after the appeal was filed, the complainant may file a civil action in U.S. District Court.

## Investigation of Complaints:

If the agency accepts the formal complaint, the agency must complete the investigation and furnish a copy of the investigative file to the complainant within 180 calendar days after the formal complaint is filed.  The complainant may agree in writing to an extension of not more than 90 calendar days.

The complainant, after receiving the investigative file, has 30 calendar days to request a:

- Hearing before an EEOC administrative judge, or

- Final agency decision without a hearing.

## Decisions:

A hearing, if requested, must be held and the administrative judge's findings and conclusions must be sent to the agency and the complainant within 180 calendar days.

The agency must issue a final decision within 60 calendar days of the end of the 30 calendar day period in which the complainant can request a hearing or an immediate final agency decision and the agency does not receive a request for either a hearing or an immediate final agency decision.

## Appeals:

An appeal may be filed with OFO within 30 calendar days of the final agency decision.

- A request for reconsideration of the OFO decision may be filed within 30 calendar days. It must be filed with EEOC, Office of Federal Operations OFO.

- A civil action in U.S. District Court may be filed:

  - After 180 calendar days of filing the formal complaint if a final agency decision has not been issued.

  - Within 90 calendar days of receiving the agency decision if the agency decision is not appealed to EEOC, OFO.

  - After 180 calendar days of filing an appeal with OFO if no decision is issued.

  - Within 90 calendar days after receiving the OFO decision.

## I RECEIVED A COPY OF THIS NOTICE.

_____   Date: __09 - 11 - 15__
*(Aggrieved Person)*

_____   Date: __09 - 11 / 5__
*(Aggrieved Person's Representative)*

_____   Date: _____
*(EEO Counselor)*

# Exhibit R

# STERLING L. DERAMUS

ATTORNEY AT LAW
2229 1ˢᵀ AVENUE NORTH
BIRMINGHAM, ALABAMA 35203
WWW.DERAMUSLAW.COM

OFFICE PHONE
(205) 504-0189
EMAIL
sderamus@deramuslaw.com

FAX NUMBER
(205) 449-7392

OCTOBER 29, 2015

## *VIA ELECTRONIC MAIL: zthomas@bop.gov*

October 29, 2015

Mr. Thomas Zelford
EEO Counselor
U.S. Department of Justice
Bureau of Prisons
FCI Aliceville
11070 Hwy 14
Aliceville, Alabama 35442

RE:     *Armstrong, Reshawn v. Lynch, Loretta, Attorney General, Dep't of Justice* –
Amended Informal Complaint ico Ms. Reshawn Armstrong

Dear Mr. Zelford:

Pursuant to 29 C.F.R. § 1614, et seq., I writing on behalf of my client and the Department of the Justice, Bureau of Prison's (Agency) dedicated employee, Ms. Reshawn Armstrong, Senior Officer Specialist, GL-8, the Complainant in the above-referenced pending EEO complaint, to timely file this second amendment to Ms. Armstrong's previously filed informal EEO complaint. Complainant initiated the EEO process on August 21, 2015, and amended her initial complaint on September, 11, 2015. The purpose of this amendment is to add as a basis retaliation and new examples of such retaliation that have occurred within the past 45 days. The new examples are in bold.

The Complaint for which Ms. Armstrong seeks resolution is as follows:

Since on or about April 3, 2015 and continuing to August, 2015, the Agency has engaged in an ongoing pattern and practice of hostile work environment and disparate treatment discrimination against the Complainant on the basis of her sex (female), **and retaliation for having engaged in prior protected activity (filing of instant complaint in August, 2015)** in violation of her rights under Title VII of the Civil Rights Act of 1964, 42 USC 2000e, et seq., and 29 CFR 1614, et seq. Specific examples of the alleged ongoing harassment and discrimination, include, but are not limited to, the following:

1. On or about April 3, 2015, the Agency, by and through its Alleged Discriminating Official/Responsible Management Officials (ADO/RMO) Mr.

Sekou Ma'at (Male), Associate Warden, FCI Aliceville, gave Complainant a derogatory and false evaluation of Complainant in order to interfere with her applications for employment with the Agency at other facilities. Complainant discovered that ADO/RMO Ms. Ma'at made these derogatory and false allegations on or after August 21, 2015, and thus this complaint is still timely.

2. On or about July 7, 2015, the Agency, by and through its ADO/RMO Mr. Ma'at, gave Complainant a second derogatory and false evaluation of Complainant in order to interfere with her applications for employment with the Agency at other facilities. Complainant discovered that ADO/RMO Mr. Ma'at made these derogatory and false allegations on or after August 21, 2015, and thus this complaint is still timely.

3. From on or about February, 2015 and continuing to August, 2015, the Agency, by and through its ADO/RMO Mr. Ma'at, gave Complainant further derogatory and false evaluations of Complainant in order to interfere with her applications for employment as a Correctional Counselor, GL-9, with the Agency at other facilities. Complainant discovered that ADO/RMO Mr. Ma'at made these derogatory and false allegations on or after August 21, 2015, and thus this complaint is still timely.

4. From on or about February 1, 2015 and continuing to August, 2015 the Agency has failed to select Complainant for the following positions due to the improper evaluations given by ADO/RMO Ma'at (discovered by Complainant on August 21, 2015):
   a. BSG-2015-0040 (GL-9 Correctional Counselor)
   b. MEN-2015-0030 (GL-9 Correctional Counselor)
   c. PHX-2015-0049 (GL-9 Correctional Counselor)
   d. TDG-2015-0024 (GL-9 Correctional Counselor)
   e. MNA-2015-0024 (GL-9 Correctional Counselor)
   f. ATL-2015-0039 (GL-9 Correctional Counselor)
   g. EST-2015-0022 (GL-9 Correctional Counselor)
   h. HR-N-2015-0007 (GS-9/11 Lieutenant Position) at the following locations:
      1. FCC Coleman, FL
      2. FCC Lompoc, CA
      3. FCC Victorville, CA
      4. FCC Pollock, LA
   i. HR-N-2015-0009 (GL-9 Lieutenant Position) at the following locations:
      1. FCI Dublin, CA
      2. MCC San Diego, CA
      3. FPC Pensacola, FL
      4. FCI Talladega, AL

Mr. Thomas Zelford
October 29, 2015
Page 3

        5.  FDC Honolulu, HI

    j.   ARO-2015-0172 (GS- 9/11 Lieutenant Position)

5. **On or about October 2, 2015, the Agency, by and through, ADO/RMO Kylie Tisdale, Human Resources Manager, FCI Aliceville, sent Complainant an email indicating that she considered her previous formal grievance concerning a pay dispute was resolved even though Complainant had not agreed to any resolution of said grievance.**

6. **On or about October 8, 2015 and continuing on or about October 16, 2015, the Agency, by and through several managers, encouraged other employees of FCI Aliceville to harass Complainant while she was working an assigned post by berating her to break certain rules, and using intemperate language and behavior designed to intimidate and to create a hostile work environment.**

In resolution of the aforementioned complaint, Complainant demands the Agency provide the Complainant with the following equitable and monetary relief:

1. Cease the ongoing harassment and discrimination of Complainant;

2. Provide Complainant with one of the positions listed above, with applicable back pay, interest, benefits, and a clean record.

3. Pay the Complainant an amount of liquidated damages in an amount not to exceed $300,000;

4. Reimburse the Complainant for her full Attorney fees; and

5. Provide the Complainant with any other relief to which she is entitled.

Please process this complaint through your Alternative Dispute Resolution/Mediation program.

If you have any questions regarding this matter, please do not hesitate to contact me. Your prompt attention to this matter is appreciated.

Sincerely,

Sterling L. DeRamus

cc: Reshawn Armstrong

## CERTIFICATE OF SERVICE

This is to certify that on the **13**[th] day of **September** 2019, I served **Plaintiff's Evidentiary**

**Material** by placing a copy in the United States Postal Service First Class Mail-Certified

upon the Defendant Attorney whose names and address as listed below:

**Sarah C. Blutter**
**Don Long**
**Assistant U.S. Attorney**
**U.S. Attorney's Office for the**
**Northern District of Alabama**
**1801 Fourth Avenue North**
**Birmingham, Alabama 35203**

Reshawn Armstrong (Pro Se)

1130 University Blvd B9-620
Tuscaloosa, Alabama 35401
(205) 861-5979
rallll@ymail.com