FILED
2020 Jul-22 AM 11:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| RESHAWN ARMSTRONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 7:17-cv-01857-LSC |
| ) | |
| WILLIAM P. BARR, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF OPINION AND ORDER

Before the Court is Defendant's Bill of Costs. (Doc. 109.) Plaintiff filed objections to some of the costs that Plaintiff requested (Doc. 112.) Plaintiff also filed a Motion to Stay Defendant's Bill of Cost/Tax Cost Pending Appeal (Doc. 111.) These matters are now ripe for review. For the reasons discussed below, the Court denies Plaintiff's motion to stay and orders an award of costs for Defendant's full requested amount.

**I.   BACKGROUND**

On November 3, 2017, Plaintiff brought this action against former United States Attorney General, Jeff Sessions, asserting sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et.*

*seq.*, as well as other federal-law claims and one state-law claim. (Doc. 1.) Plaintiff, a correctional officer at a federal corrections facility in Alabama, asserted that she had faced sex discrimination and retaliation based on her protected conduct. (*Id.*) Although she initially brought this action against former U.S. Attorney General Sessions, this Court later substituted current U.S. Attorney General William P. Barr ("Defendant") as the named defendant in this action. (Doc. 103 at 1 n.1.)

On August 30, 2019, Defendant filed a motion for summary judgment, seeking the dismissal of all claims. (Doc. 93.) On October 1, 2019, after the parties had already briefed Defendant's motion for summary judgment, Plaintiff filed a motion for sanctions against Defendant based on what she considered to be unethical and abusive litigation practices. (Doc. 96.) On March 3, 2020, this Court granted Defendant's motion for summary judgment, dismissing all federal claims with prejudice and dismissing Plaintiff's state-law claim without prejudice. (Doc. 104.) In the same Order, the Court denied Plaintiff's motion for sanctions. (*Id.*) Finally, the Court taxed costs against Plaintiff. (*Id.*)

On March 4, 2020, Plaintiff filed a notice of appeal to the Eleventh Circuit. (Doc. 105.) On March 10, 2020, Defendant filed his Bill of Costs. (Doc. 109.) On March 13, 2020, Plaintiff filed her motion to stay Defendant's Bill of Costs pending her appeal. (Doc. 111.) That same day, she also filed her objections to Defendant's

Bill of Costs. (Doc. 112.)

## II. STANDARD

Rule 54(e) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Congress has enacted 28 U.S.C. § 1920 ("§ 1920"), which defines the term "costs" in Rule 54(d). *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 565 (2012).

Section 1920 "now embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987). It states:

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Although the Court has discretion to determine the appropriate award of costs, it abuses that discretion if it awards costs in excess of the costs

allowed by § 1920. *Maris Distributing Co. v. Anheuser–Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002).

### III. DISCUSSION

Defendant's Bill of Costs requested $39.00 for printing, and $1,425.60 for a transcript of Plaintiff's deposition, for a total of $1464.60. (Doc. 109.) Plaintiff requested that the Defendant's Bill of Costs be denied in full (doc. 112), or stayed pending appeal (doc. 111). The Court will first examine the motion to stay, and then it will examine Plaintiff's objections if a stay is not warranted.

#### A. PLAINTIFF'S MOTION TO STAY

The Eleventh Circuit has adopted the following criteria in determining whether to grant a stay pending appeal: "(1) a likelihood that [the movant] will prevail on the merits of the appeal; (2) irreparable injury to the [movant] unless the stay is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest." *In re Grand Jury Proceedings*, 689 F.2d 1351, 1353 (11th Cir. 1982). The Eleventh Circuit has indicated that all four criteria must be satisfied before the Court should grant a requested stay. *See id.*

As an initial matter, Plaintiff's motion to stay makes no argument whatsoever as to the second, third, or fourth criteria that the Eleventh Circuit has adopted. For this reason alone, Plaintiff's motion to stay Defendant's Bill of Costs pending appeal

is due to be denied. *See id.*

Moreover, although Plaintiff argues that she is likely to prevail on the merits in her appeal of this Court's grant of summary judgment, such argument is without merit. For example, Plaintiff states generally that genuine disputes of material fact existed to preclude summary judgment and that the Court abused its discretion. (Doc. 111 at 2–3.) Plaintiff provides no clear examples from the record that demonstrate a genuine dispute of material fact, nor does she provide any authority, binding or otherwise, that is inconsistent with this Court's decision. In effect, Plaintiff argues that she is likely to succeed in her appeal based on the unsupported claim that this Court's conclusions were wrong. Although Plaintiff is entitled to disagree with the Court's conclusions, disagreement alone does not show a likelihood of success on the merits of appeal. Accordingly, Plaintiff has failed to carry her burden, and her motion to stay Defendant's Bill of Costs pending appeal (doc. 111) is due to be denied.[1]

---

[1] Plaintiff also cites to Federal Rule of Civil Procedure 62(e) in support of her motion to stay Defendant's Bill of Costs pending appeal. (Doc. 111 at 3.) However, Rule 62(e) declares only that "the court must not require a bond, obligation, or other security from the appellant when granting a stay on an appeal by the United States, its officers, or its agencies or on an appeal directed by a department of the federal government." FED. R. CIV. P. 62(e). Nothing in the language of Rule 62(e) expands the scope of circumstances under which a district court should grant a stay pending appeal.

B. **PLAINTIFF'S OBJECTIONS TO COSTS**

Plaintiff raises three objections to Defendant's Bill of Costs. (Doc. 112.) First, she objects that Defendant's counsel conducted Plaintiff's deposition in bad faith, with no interest in relevant facts. (*Id.* at ¶ 1.) Second, she argues that the deposition focused on an unrelated and expunged criminal charge and that it involved name-calling and intimidation by Defendant's counsel. (*Id.* at ¶ 2.) Finally, she objects that Defendant's motion for summary judgment contained false statements and appeared to have been altered. (*Id.* at ¶ 3.) Notably, none of Plaintiff's objections relate to the specific costs sought by Defendant or the supporting materials that Defendant has submitted in support of those costs.[2]

Plaintiff's objections do not warrant a denial of costs in this action. She has provided no authority to support the proposition that a prevailing party's questionable litigation tactics warrant the denial of costs under § 1920. Worse still, she has already made most of these allegations in her prior request for sanctions. (*See* doc. 96.) The Court denied Plaintiff's motion for sanctions when it granted summary judgment, finding that Defendant's pleadings were well-grounded in fact, legally tenable, and not submitted in bad faith or for an improper purpose. (Doc. 103 at 18-

---

[2] An examination of the costs sought by Defendant and the evidence submitted in support of such costs indicates that Defendant's Bill of Costs (doc. 109) is well-grounded on its face.

19; Doc. 104.) The only new allegation raised by Plaintiff in her objections is that Defendant's counsel sought irrelevant information and engaged in name-calling during Plaintiff's deposition. However, she cites no specific examples of this conduct, and the Court finds no sufficient support for this argument in the record. For the same reasons that the Court declined to grant sanctions for the allegations Plaintiff raised in her prior request, the Court now finds that Plaintiff's objections are without merit.

## IV.   CONCLUSION

Based on the foregoing, Plaintiff's Motion to Stay Defendant's Bill of Cost/Tax Cost Pending Appeal (doc. 111) is DENIED. Furthermore, the Court makes no reduction to the $1464.60 requested in Defendant's Bill of Costs. The Court ORDERS the award of costs in this amount.

**DONE** and **ORDERED** on July 22, 2020.

_____
L. Scott Coogler
United States District Judge

199455